UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and, ) | |
| SHIRLEY H. BROWN, h/w, ) | C. A.  04-617 SLR |
|         Plaintiffs, ) | |
| v. ) | |
| ) | JURY DEMANDED |
| INTERBAY FUNDING, LLC, and ) | |
| LEGRECA & QUINN REAL ESTATE ) | |
| SERVICES INC., ) | |
| ) | |
|         Defendants. ) | |

**DEFENDANT LEGRECA & QUINN REAL ESTATE
SERVICES, INC.'S MOTION TO AMEND THE DEADLINE FOR DISCOVERY**

NOW COMES, Defendant Legreca & Quinn Real Estate Services, Inc. (hereinafter "Legreca & Quinn") moves this Honorable Court to grant an extension of the time in which discovery may be made.  In support of its motion, the Moving Defendant avers the following:

1. On or about February 25, 2005, Plaintiffs served Responses to Co-Defendant's Request for Production of Documents by hand on Defendant Legreca & Quinn's counsel.

2. On February 28, 2005, one week prior to the end of the discovery period, Plaintiffs served additional responses to Co-Defendant's Request for Production of Documents by hand on Defendant Legreca & Quinn's counsel.

3. On February 28, 2005, Defendant Legreca & Quinn's counsel spoke in person with Plaintiff Robert Brown and scheduled a meeting for 2:00 p.m. on March 3, 2005, in which to discuss the documents Plaintiffs produced.

4. On March 1, 2005, while reviewing Plaintiffs' Answers to Interrogatories and Responses to Request for Production of Documents, it became apparent for the first time that Plaintiffs' purchase of the property which is the subject of this litigation was possibly connected to

Plaintiffs' purchase of adjoining property. It also became apparent that previously produced documents were missing pages and that there were documents which were not self-explanatory and required further discovery.

5. On March 2, 2005, counsel for Defendant Legreca & Quinn filed a Notice of Deposition and called Plaintiff Robert Brown to personally inform him that she intended to take his deposition at the scheduled March 3, 2005, meeting. Mr. Brown informed counsel that he had no objection to being deposed if he would be permitted to contemporaneously tape record the session.

6. On March 3, 2005, at 1:20 p.m., Mr. Brown appeared in the office of counsel for Defendant Legreca & Quinn to serve a Motion to Compel and informed counsel that he could not attend the deposition because he had to go to his doctor.

7. On March 3, 2005, counsel for Defendant Legreca & Quinn filed a Notice of Oral Deposition of Plaintiff Robert Brown for March 7, 2005, and mailed a hard copy of the Notice to Plaintiff Robert Brown.

8. The Court-ordered deadline for discovery is currently set at March 7, 2005. At this time, it is unknown whether Plaintiff Robert Brown will appear for his deposition as scheduled.

9. Prior to being served with Plaintiffs' responses to discovery, counsel for Legreca & Quinn did not believe there was a need to take the Plaintiffs' deposition. As stated above, review of Plaintiffs' discovery answers and responses revealed previously unknown information and documents.

10. Defendant Legreca & Quinn will be unduly prejudiced in the preparation of its defense if it is unable to proceed with discovery by deposing Plaintiffs regarding how the information and documents produced by Plaintiffs relate to the allegations in Plaintiffs' Complaint.

11. Plaintiffs will not be prejudiced by having the discovery deadline extended. In fact,

Plaintiffs currently have a Motion to Compel pending before this Honorable Court.

WHEREFORE, the Defendant Legreca & Quinn respectfully requests that this Honorable Court grant its motion to extend the period in which discovery may be made.

RESPECTFULLY SUBMITTED,

REGER & RIZZO, LLP


  /s/ Carol J. Antoff, Esquire
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant
Legreca & Quinn

Dated:   March 4, 2005