UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **ROBERT E. BROWN and,** )<br>**SHIRLEY H. BROWN, h/w,** )<br>　　　　**Plaintiffs,** )<br>　v. )<br>　)<br>**INTERBAY FUNDING, LLC, and** )<br>**LEGRECA & QUINN REAL ESTATE** )<br>**SERVICES INC.,** )<br>　)<br>　　　　**Defendants.** ) | C. A.  04-617 SLR<br><br>JURY DEMANDED |

### DEFENDANT LEGRECA & QUINN REAL ESTATE SERVICES, INC. ANSWERS TO PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES

Defendant Legreca & Quinn Real Estate Services, Inc. (hereinafter "Legreca & Quinn") objects to each and every question presented by Plaintiffs both individually and as a whole in that these questions are procedurally defective and are presented solely as a means to harass the Defendant, reiterate Plaintiffs' allegations and improperly argue Plaintiffs' case.

Without waiving these objections, Defendant Legreca & Quinn sets forth its answers to each specific interrogatory as follows:

1. Interbay submitted a "Letter of Engagement" to procure an independent appraisal to be performed by Legreca & Quinn Real Estate Services on 2617 - 2619 - 2625 Market Street?

　　**ANSWER:** **Objection to the extent this interrogatory is not addressed to the proper party.  Legreca & Quinn cannot respond regarding Co-Defendant's actions and/or intentions.  Without waiving this objection, the letter of engagement is part of the record.  The document speaks for itself.**

2. Interbay compelled Legreca & Quinn to adhere to the complete compliance of the client (Interbay) according to the Letter of Engagement.

> **ANSWER: Objection to the extent this interrogatory is not addressed to the proper party. Legreca & Quinn cannot respond regarding Co-Defendant's actions and/or intentions. In addition, this interrogatory is vague as to the meaning of the terms "compelled" and "compliance" and seeks legal advice by phrasing the interrogatory in these terms and, therefore, is beyond the scope of the discovery rules.**

3. Interbay compelled Legreca & Quinn to adhere to the Letter of Engagement to insure payment for services rendered.

> **ANSWER: Objection to the extent this interrogatory is not addressed to the proper party. Legreca & Quinn cannot respond regarding Co-Defendant's actions and/or intentions. In addition, this interrogatory is vague as to the meaning of the terms "compelled" and "adhere" and seeks legal advice by phrasing the interrogatory in these terms and, therefore, is beyond the scope of the discovery rules.**

4. Interbay was aware of the rules and regulations of HUD, FHA and ECOA as it relates to discriminatory lending practices and appraisals.

> **ANSWER: Objection to the extent this interrogatory is not addressed to the proper party. Legreca & Quinn cannot respond regarding Co-Defendant's actions and/or intentions.**

5. Interbay Letter of Engagement influenced Legreca & Quinn's methods of valuation requirements of HUD, FHA and ECOA as it relates to discriminatory lending practices.

**ANSWER:** **Objection to the extent that this interrogatory seeks legal advice and/or a legal opinion, presumes facts which Plaintiffs have the burden to prove, is vague to the point of being incomprehensible, and is not reasonably calculated to lead to the discovery of admissible evidence.**

6. Interbay, Legreca & Quinn are knowledgeable of the rules and regulations of FIRREA and USPAP as it relates out side influence and departure from appraisals standards.

**ANSWER:** **Objection to the extent this interrogatory is not addressed to the proper party. Legreca & Quinn cannot respond regarding Co-Defendant's actions and/or intentions. To the extent that this interrogatory is addressed to Defendant Legreca & Quinn, this interrogatory is vague to the point of being incomprehensible as written.**

7. The dictates of the Letter of Engagement presented by Interbay Funding to Legreca & Quinn violates the code of Regulations of FIRREA and USPAP witch(sic) requires adherence to regulations by participating members of the aforementioned Organizations.

**ANSWER:** **Objection. This interrogatory presumes facts which Plaintiffs have the burden to prove and seeks a legal opinion and is beyond the scope of discovery rules.**

8. It was Interbay's letter engaging the services of Legreca & Quinn that influenced the

bias of the appraisal which caused the violation of HUD, FHA and ECOA in the processing of the loan application.

> ANSWER: **Objection. This interrogatory presumes facts which are the Plaintiffs' burden to prove, is merely a restatement of Plaintiffs' arguments, seeks a legal opinion, and is beyond the scope of the discovery rules.**

9. The lots known as 2617 and 2619 Market Street had separate tax parcel numbers, municipal services, public utilities, were zoned commercial and measuring 5,090 square feet.

> ANSWER: **Objection to the extent that the information requested is within the knowledge of the Plaintiffs and contained within documents which have already been produced to Plaintiffs. Without waiving these objections, the property which is the subject of this litigation consists of a two story former semi-detached dwelling converted into a beauty salon with a gross building area of 1,875 plus or minus square feet located within a total land area of 6,970 plus or minus square feet situated in three separate tax parcels and zoned C-1 by the City of Wilmington.**

10. According to the letter of engagement from Interbay, it would be permissible to deviate from the regulations of FIRREA and USPAP if the lots were designated utilities instead of parcels or lots.

> ANSWER: **Objection. To the extent that this interrogatory seeks legal advice and/or a legal opinion, it is beyond the scope of discovery rules. Additionally, the document speaks for itself.**

11.  According to the letter of engagement it is suggested the Cost Approach does not have to be used to valuate the lots if they were designated utilities and not parcels or lots.

**ANSWER:** **Objection. To the extent that this interrogatory seeks legal advice and/or a legal opinion, it is beyond the scope of discovery rules. Additionally, the document speaks for itself.**

12.  It was Interbay's influence, through its Letter of Engagement to Legreca & Quinn, that suggested the properties known as 2617 and 2619 Market Street be designated utilities.

**ANSWER:** **Objection. To the extent that this interrogatory seeks legal advice and/or a legal opinion, it is beyond the scope of discovery rules. Additionally, the document speaks for itself.**

13.  This designating 2617 and 2619 Market Street as utilities was suggested by Interbays letter engaging the services of Legreca & Quinn so that they could avoid applying the Cost Approach of Valuating the two parcels zoned commercial measuring 5,090 square feet.

**ANSWER:** **Objection. To the extent that this interrogatory seeks legal advice and/or a legal opinion, it is beyond the scope of discovery rules. Additionally, the document speaks for itself.**

14.  The parcels of properties know as 2617 and 2619 Market Street were not given a market value.

**ANSWER:** **Objection to the extent that the Appraisal underlying this litigation, which is part of the record, speaks for itself. Without waiving this objection, the parcels of property designated as 2617 Market Street and**

2619 Market Street are part of the subject property which was appraised.

15. A cost approach was not used to valuate 2617 and 2619 Market Street and no dollar value is given for the two lots/parcels 2617 - 2619 Market Street and no dollar value is given for the lots/parcels designated as utilities in the Appraisal Report.

**ANSWER:** **Objection to the extent that the Appraisal underlying this litigation, which is part of the record, speaks for itself. Without waiving this objection, the parcels of property designated as 2617 Market Street and 2619 Market Street are part of the subject property which was appraised.**

16. None of the three methods of valuation set by the Standards of FIRREA and USPAP which are the Cost Approach, Income Approach, and Comparable Approach were used to valuate 2617 and 2619 Market Street.

**ANSWER:** **Objection to the extent that the Appraisal underlying this litigation, which is part of the record, speaks for itself. Without waiving this objection, the parcels of property designated as 2617 Market Street and 2619 Market Street are part of the subject property which was appraised.**

17. The properties known as 2617 and 2619 Market Street were not given a dollar market value in the appraisal prepared by Legreca & Quinn for Interbay in the processing of the Robert and Shirley Brown loan application.

**ANSWER:** **Objection to the extent that the Appraisal underlying this litigation, which is part of the record, speaks for itself. Without waiving this objection, the parcels of property designated as 2617 Market Street and 2619 Market Street are part of the subject property which was appraised.**

REGER & RIZZO, LLP
As to Objections

_____
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant Legreca & Quinn

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **ROBERT E. BROWN and,** ) | |
| **SHIRLEY H. BROWN, h/w,** ) | C. A.  04-617 SLR |
| Plaintiffs, ) | |
| v. ) | |
| ) | **JURY DEMANDED** |
| **INTERBAY FUNDING, LLC, and** ) | |
| **LEGRECA & QUINN REAL ESTATE** ) | |
| **SERVICES INC.,** ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this____ day of February 2005 that two true and correct copies of the Defendant Legreca & Quinn Real Estate Services, Inc. Answers to Plaintiffs Interrogatories have been served via first class mail, postage prepaid, upon the following:

Robert E. Brown and
Shirley H. Brown
1024 Walnut Street
Wilmington, DE 19801

Sandra L. Brickel, Esquire
David M. Souders, Esquire
Weiner Brodsky Sidman Kidder, P.C.
1300 19th Street, N.W. 5th Floor
Washington, DC 20036

David L. Finger, Esquire
One Commerce Center
1201 Orange Street
Suite 725
Wilmington, DE 19801-1155

REGER & RIZZO, LLP

_____
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant Legreca & Quinn