IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT DELAWARE

| | |
|---|---|
| ROBERT E. BROWN, and <br> SHIRLEY H. BROWN, <br><br> Plaintiffs, <br><br> v. <br> INTERBAY FUNDING, LLC, and <br> LEGRECA & QUINN REAL ESTATE <br> SERVICES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 04-6 17 SLR <br> ) <br> ) <br> ) <br> ) <br> ) |

## ADDENDUM

### PLAINTIFFS ADDENDUM TO REQUEST FOR PRODUCTION OF DOCUMENTS BY INTERBAY FUNDING, LLC

Comes now, Robert E. and Shirley H. Brown, this 7th day of March 2005 and submits the follow addendum of a document, to the first and second set of documents that had been inadvertently left out of the previous sets of documents submitted that had been requested by Interbay Funding LLC.

Robert E. Brown, Pro Se.

Shirley H. Brown, h/w
1024 Walnut Street
Wilmington, DE. 19801
(302) 652-9959

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Creditor: Dollar Mortgage Corporation
7578 El Cajon Boulevard
La Mesa, California 91941-4846

BROWN, SHIRLEY
TBD
WILMINGTON, DE 19802

Date: 10/22/03

Loan Number: 10-2090-03

Check Box if applicable

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | ☐ Total Sale Price The total cost of your purchase on credit including your down-payment of |
|---|---|---|---|---|
| 8.745 | 220,409.80 | 120,395.00 | 340,804.80 | |

☐ REQUIRED DEPOSIT: The annual percentage rate does not take into account your required deposit.

PAYMENTS: Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 360 | 946.68 | 11/22/03 |

☐ DEMAND FEATURE: this obligation has a demand feature.

☒ Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier..



Creditor: Dollar Mortgage Corporation
7578 El Cajon Boulevard
La Mesa, California 91941-4846

Date: 10/22/03

Re: BROWN, SHIRLEY
TBD, WILMINGTON, DE 19802

Loan Number: 10-2090-03

Check Box if applicable

☒ **GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES**

Listed below is the Good Faith Estimate of Settlement Charges made pursuant to the requirements of the Real Estate Settlement Procedures Act (RESPA). These figures are only estimates and the actual charges due at settlement may be different. This is not a commitment to make a loan.

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---:|
| Amount given to you directly | 117,195.00 |
| TITLE INS FEE paid to | 200.00 |
| STATE TAX/STAMPS paid to | 2250.00 |
| RECORDING FEE paid to | 250.00 |
| APPRAISAL FEE paid to | 275.00 |
| SURVEY paid to | 225.00 |

Please be advised that in addition to the $ 5590.00 in fees paid by borrower to broker, lender will remit approximately $1275 - $3825 to broker at the closing of your loan for services rendered in connection with your loan.

| | | |
|---|---:|---:|
| LOAN AMOUNT | $ | 127,500.00 |
| Prepaid Finance Charge | $ | 7,105.00 |
| AMOUNT FINANCED | $ | 120,395.00 |
| Loan Proceeds to: | $ | 117,195.00 |

| | |
|---|---:|
| LOAN ORIGINATION FEE paid to DOLLAR | 695.00 |
| BROKER FEE paid to | 5590.00 |
| ATTORNEY FEE paid to | 495.00 |
| CREDIT REPORT paid to | 50.00 |
| DESK REVIEW paid to DOLLAR MORTGAGE | 75.00 |
| DOC PREP FEE paid to | 200.00 |

☒ All disclosures are estimates

This form does not cover all items you will be required to pay in cash at settlement, for example, deposits in escrow for real estate taxes and insurance may be different. You may wish to inquire as to the amounts of such other items. You may be required to pay other additional amounts at settlement.

The undersigned acknowledge receiving and reading a completed copy of this disclosure.

Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure.

Borrower BROWN, SHIRLEY          Date          Borrower BROWN, ROBERT          Date

Borrower          Date          Borrower          Date

Borrower          Date          Borrower          Date

**DOLLAR MORTGAGE CORPORATION**

### Disclosure Statement

NOTICE TO MORTGAGE LOAN APPLICANTS: THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED. FEDERAL LAW GIVES YOU CERTAIN RIGHTS. READ THIS STATEMENT AND SIGN IT ONLY IF YOU UNDERSTAND ITS CONTENTS.

**Transfer Practices and Requirements**

Because you are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2601 et seq.) you have certain rights under that federal law. This statement tells you about those rights. It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer. "Servicing" refers to collecting your principal, interest and escrow account payments. If your loan servicer changes, there are certain procedures that must be followed. This statement generally explains those procedures.

If the Servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer. The present loan servicer must sent you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the date of transfer. The new loan servicer must also send you notice within 15 days after the date of the transfer. Also, a notice of prospective transfer may be provided to you at settlement (when title to your new property is transferred to you) to satisfy these requirements. the law allows a delay in the time (not more than 30 days after a transfer) for servicers to notify you under certain limited circumstances, when your servicer is changed abruptly. This exception applies only if your servicer is fired for cause, is in bankruptcy proceedings, or is involved in a conservatorship or receivership initiated by a federal agency.

Notices must contain certain information. They must contain the effective date of the transfer of the servicing of your loan to the new servicer, the name, address, and toll-free or collect-call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions about the transfer of servicing. During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

**Complaint Resolution**

Section 6 of RESPA (12 U.S.C. Section 2605) gives you certain consumer rights,    whether or not your loan servicing is transferred.

If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 business days of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied to the servicer, which includes your name and account number, and your reasons for the request. Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 60-day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

**Damages and Costs**

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that section.

**Servicing Transfer Estimates by Original Lender**

The following is the best estimate of what will happen to the servicing of your mortgage loan:

1. __X__ We do not service mortgage loans. We intend to assign, sell, or transfer the servicing of your loan to another party. You will be notified at settlement regarding the servicer.
   OR
2. _____ We are able to service this loan and presently intent to do so. However, that may change in the future. For all the loans that we make in the 12-month period after your loan is funded, we estimate that the chances that we will transfer the servicing of those loans is between:

   _____ 0 to 25%
   _____ 26 to 50%
   _____ 51 to 75%
   __X__ 76 to 100%

This is only our best estimate and it is not binding. Business conditions or other circumstances may effect our future transferring decisions.

3. This is our record of transferring the servicing of the loans we have made in the past:

   | YEAR | PERCENTAGE OF LOANS TRANSFERRED |
   |------|--------------------------------|
   |      | (Rounded to the nearest quartile - 0%, 25%, 50%, 75%, or 100%) |
   | 1999 | 100% |
   | 2001 | 100% |
   | 2002 | 100% |

The estimates of 2. and 3. above do not include transfers to affiliates or subsidiaries. If the servicing of your loan is transferred to an affiliate or subsidiary in the future, you will be notified in accordance with RESPA.

_____
LENDER [Signature not mandatory]    Date

**Important Information About Procedures For Opening a New Account**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for you: when you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

### ACKNOWLEDGEMENT OF MORTGAGE APPLICANT

I/we have read this disclosure form, and understand its contents, as evidenced by my/our signature(s) below.

_____    _____
Applicant's Signature      Date        Applicant's Signature      Date

_____    _____
Applicant's Signature      Date        Applicant's Signature      Date

_____    _____
Applicant's Signature      Date        Applicant's Signature      Date

IN THE UNITED STATES DISTRICT COUT FOR THE
DISTRICT OF DELAWARE

Robert E. Brown and :
Shirley H. Brown h/w :
    Plaintiffs, :
    v. : Civil Action No. 04- 617- SLR
     :
Interbay Funding LLC, and :
Legreca & Quinn Real Estate :
Services Inc. :
    Defendants :

## ADDENDUM

### PLAINTIFFS ADDENDUM TO REQUEST FOR PRODUCTION OF DOCUMENTS BY INTERBAY FUNDING, LLC

This is to certify that on this 7th day of March, 2005, a copy of a document, to the first and second set of documents that had been inadvertently left out of the previous sets of documents submitted that had been requested by the following attorney's listed below:

David Souders
Sandra Brickel
1300 19th Street N.W
5th Floor
Washington, D.C. 20036-1609
(202) 628-2000
Attorney's for Interbay

David Finger, Esq.
Commerce Center
1200 Orange Street
Wilmington, DE 18701
Attorney for Interbay.

Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Legreca & Quinn

*Robert E. Brown*
Robert E. Brown, Pro Se
*Shirley H. Brown*
Shirley H. Brown, h/w
1024 Walnut Street
Wilmington, DE. 19801
(302) 652- 9959

2