IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and<br>SHIRLEY H. BROWN,<br><br>   Plaintiffs,<br><br>  v.<br><br>INTERBAY FUNDING, LLC, and<br>LEGRECA & QUINN REAL ESTATE<br>SERVICES, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04-617 SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF DEFENDANT INTERBAY FUNDING, LLC, IN RESPONSE TO PLAINTIFFS' MOTION TO COMPEL INTERROGATORY RESPONSES**

  NOW COMES defendant Interbay Funding, LLC ("Interbay"), by and through its undersigned attorneys, and responds to plaintiffs' Motion to Compel Defendants to Respond to Interrogatories and plaintiffs' Addendum to their Motion to Compel ("Addendum") (collectively, "Motion to Compel") as follows:

  1.  Plaintiffs served Interbay with their Interrogatories in December 2004.

  2.  Interbay timely served plaintiffs with its Objections and Responses to Plaintiffs' Interrogatories. A true and correct copy of Interbay's Objections and Responses to Plaintiffs' Interrogatories is attached hereto as Exhibit A.

  3.  Plaintiffs served Interbay with their Supplement to Interrogatories in January 2005.

  4.  Interbay timely served plaintiffs with its Objection and Responses to Plaintiffs' Supplement to Interrogatories. A true and correct copy of Interbay's Objections and Responses to Plaintiffs' Supplement to Interrogatories is attached hereto as Exhibit B.

5.      In their Motion to Compel, plaintiffs make the bald allegation that Interbay has failed to participate in the discovery process and that its responses to plaintiffs' Interrogatories and Supplemental Interrogatories are "vague, deviant, incomprehensible, perplexing, difficult, complicated, and uncooperative."  Motion to Compel and Addendum at 1.

6.      As the attached discovery responses make clear, Interbay responded to each and every one of plaintiffs' Interrogatories and Supplemental Interrogatories.  As is permitted under the Federal Rules, Interbay made appropriate objections to those interrogatories that were vague, ambiguous, and/or not relevant to any claim or defense in this action.  Interbay could not respond to the interrogatories demanding information relating to the technical aspects of the appraisal for the obvious reason that it is not an appraiser and did not prepare the appraisal at issue in this case. The remaining interrogatories consist of repeated demands for interpretation of the purported terms of the "engagement letter."  While plaintiffs mischaracterize the meaning and terms of the letter, as Interbay makes clear in its responses, the letter speaks for itself.

7.      It is obvious that plaintiffs' dissatisfaction with Interbay's interrogatory responses stems not from any deficiencies attributable to Interbay but rather from the fact that plaintiffs did not receive the answers they were hoping for.  Such displeasure does not constitute grounds for a motion to compel.  Accordingly, the Court should deny plaintiffs' Motion to Compel as baseless.

8.      Further, plaintiffs' Motion to Compel exemplifies, yet again, the harassing conduct that plaintiffs continue to engage in with respect to Interbay.  Interbay renews its request (as set forth in its Response to Plaintiffs' Motion for Default, Docket Entry No. 44) that the Court institute measures to prevent plaintiffs from filing additional frivolous motions brought for the sole purpose of harassing Interbay and driving up its fees and costs in this matter.  Plaintiffs'

*pro se* status is no excuse for their repeated filings that are both procedurally improper and wholly without merit.

WHEREFORE, defendant Interbay Funding, LLC, respectfully requests that this Court deny Plaintiffs' Motion to Compel and enter an Order requiring plaintiffs to seek leave of Court prior to filing any further motions against Interbay.

Respectfully submitted,

 /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

David M. Souders (admitted *pro hac vice*)
Sandra L. Brickel (admitted *pro hac vice*)
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036-1609
(202) 628-2000 (phone)
(202) 628-2011 (fax)

Date: March 9, 2005

F:\95076\024\lslb432.brf(OppCompel).doc

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 9th day of March, 2005, I electronically filed the foregoing Memorandum of Defendant Interbay Funding, LLC in Response to Plaintiffs' Motion to Compel Interrogatory Responses with the Clerk of Court using Cm/ECF, which will send notification of such filing to the following:

>Carol J. Antoff, Esq.
>Reger & Rizzo, LLP
>1001 Jefferson Plaza, Suite 202
>Wilmington, DE 19801

I further certify that on this 9th day of March, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

>Robert and Shirley Brown
>1024 Walnut Street
>Wilmington, DE  19801

>/s/ David L. Finger_____
>David L. Finger (DE Bar ID #2556)
>Finger & Slanina, LLC
>One Commerce Center
>1201 Orange Street, Suite 725
>Wilmington, DE 19801-1155
>(302) 884-6766