## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT DELAWARE

ROBERT E. BROWN and )
SHIRLEY H. BROWN, )
)
Plaintiffs, )
)
v. )          C.A. No. 04-617 SLR
)
INTERBAY FUNDING, LLC, and )
LEGRECA & QUINN REAL ESTATE )
SERVICES, INC., )
)
Defendants. )

2005 JAN 10 PM 3:10

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### DEFENDANT INTERBAY FUNDING, LLC'S
### OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, defendant Interbay Funding, LLC ("Interbay") responds to plaintiffs' Interrogatories ("Interrogatories") as follows:

### GENERAL OBJECTIONS

1.      Interbay objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.      Interbay objects to the Interrogatories to the extent they purport to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure.

3.      Interbay objects to the Interrogatories to the extent they seek confidential or proprietary information, including trade secrets, private borrower information or other material protected from disclosure by law, contract or otherwise.

4.      Interbay objects to the Interrogatories to the extent they seek information not in Interbay's possession, custody or control.

5.      Interbay objects to the Interrogatories to the extent they are vague, overbroad, unduly burdensome or oppressive.

6.      Interbay objects to the Interrogatories to the extent they seek information that is not relevant to a claim or defense of any party and, therefore, is beyond the scope of permissible discovery as prescribed by Fed. R. Civ. P. 26(b)(1).

## RESERVATION OF RIGHTS

1.      Interbay's objections and responses to plaintiffs' Interrogatories are based on information now known to Interbay. Interbay reserves the right to amend, modify or supplement its objections and responses if it learns new information.

2.      The fact that, in response to certain Interrogatories, Interbay provides responsive information is not a concession that the information is relevant or admissible in this case.

3.      In providing the responses herein, Interbay does not in any way waive, but rather intends to preserve:

(a)      all objections as to competency, relevancy, materiality, and admissibility;

(b)      all objections as to vagueness, ambiguity, and undue burdensomeness;

(c)      all rights to object on any ground to the use of the responses contained herein in any proceeding; and

(d)      all rights to object on any ground to any further discovery request related to any of the Interrogatories herein.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**  What is an engagement letter?

**Response:**  Interbay objects to this Interrogatory on the grounds that it is not relevant to the

claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Interbay further objects to this Interrogatory as vague and ambiguous because the term "engagement letter" is not a term of art and, thus, not capable of being defined.

Subject to, and without waiving the foregoing objections, Interbay states that a copy of its letter to Lagreca & Quinn wherein Interbay "engaged" the services of the appraisal firm has already been produced in this litigation and that the letter speaks for itself.

**Interrogatory No. 2:** Explain the purpose of the engagement letter and it's [sic] objective?

**Response:** Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Interbay further objects to this Interrogatory as vague and ambiguous because the term "engagement letter" is not a term of art and, therefore, there is no way to explain its "purpose" and "objective."

Subject to, and without waiving the foregoing objections, Interbay states that a copy of its letter to Lagreca & Quinn wherein Interbay "engaged" the services of the appraisal firm has already been produced in this litigation and that the letter speaks for itself.

**Interrogatory No. 3:** Are there any rules, regulations or guidelines for an engagement letter?

**Response:** Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Interbay further objects on the grounds that plaintiffs' request is vague and ambiguous. Because the term "engagement letter" is not a term of art, there are no "rules, regulations or guidelines" that govern it.

3

**Interrogatory No. 4:**  Why was it necessary for the appraiser to contact Interbay Funding if the property consisted of multiple tax parcels?

**Response:**  Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Interbay states that the requirement that Lagreca & Quinn contact it in the event the property consisted of multiple tax parcels is because if any parcel contains a residential dwelling of 1 to 4 units, it would not fit the loan program.  Additional concerns include parcels that consist of vacant land.

**Interrogatory No. 5:**  What was the relationship of Interbay Funding LLC to Legreca [sic] and Quinn Real Estate Services with regard to contract?

**Response:**  Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.  Interbay further objects to this Interrogatory because the phrase "with regard to contract" is vague and ambiguous.

Subject to, and without waiving the foregoing objections, Interbay states that Lagreca & Quinn was an independent contractor engaged by Interbay to prepare an independent appraisal of the subject property.  See also, the Court's Order dated November 8, 2004, wherein the Court found, *inter alia*, that Lagreca & Quinn acted as an independent contractor in preparing the appraisal for Interbay.

**Interrogatory No. 6:** What is the legal definition of an independent contractor?

**Response:** Interbay objects to this Interrogatory because it calls for a legal conclusion and, thus, is not a permissible Interrogatory.

**Interrogatory No. 7:** What is the definition of an independent appraisal?

**Response:** See Response to Interrogatory No. 6.

**Interrogatory No. 8:** What was the purpose of limiting the appraised value to the current purchase price of the property?

**Response:** Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving the foregoing objections, Interbay underwrites to the lesser of the appraised value or purchase price. If the appraised value exceeds the purchase price, the appraiser is required to provide a compelling and verifiable reason, but that higher value is not relied upon in underwriting the loan.

**Interrogatory No. 9:** Why were parcels 2617 and 2619 Market Street (which appear on the city tax roll assessment and have their own parcel numbers, with municipal services, public utilities, and consist of 5,090 sq. ft., zoned commercial), nominated "utilities" instead of parcels or lots consisting of 5,090 sq. ft.?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action. Interbay further objects to this Interrogatory because the phrase "nominated 'utilities'" is vague and ambiguous.

**Interrogatory No. 10:**  Why were parcels or lots 2617 and 2619 containing 5,090 sq. ft. reduced to utilities instead of given best use and value consideration?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control.  Specifically, Interbay did not prepare the appraisal that is at issue in this action.  Interbay further objects to this Interrogatory because the phrase "reduced to utilities" is vague and ambiguous.

**Interrogatory No. 11:**   Why were parcels 2617 and 2619 Market Street, with tax roll Assessment numbers, municipal services, public utilities, 5,090 sq. ft., zoned commercial nominated as "utilities" not given a market value?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control.  Specifically, Interbay did not prepare the appraisal that is at issue in this action.  Interbay further objects to this Interrogatory because the phrase "nominated as 'utilities'" is vague and ambiguous.

**Interrogatory No. 12:**  What are the market values of parcels/lots 2617 and 2619 as "utilities", market value?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control.  Specifically, Interbay did not prepare the appraisal that is at issue in this action.  Interbay further objects to this Interrogatory because the phrase "as 'utilities', market value" is vague and ambiguous.

**Interrogatory No. 13:**  Why was the Cost Approach not used on parcels 2617 and 2619 Market Street?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control.  Specifically, Interbay did not prepare the appraisal

that is at issue in this action.

**Interrogatory No. 14:**   Why was the Income Approach not used on parcels 2617 and 2619 Market Street?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in

Interbay's possession, custody or control.  Specifically, Interbay did not prepare the appraisal

that is at issue in this action.

**Interrogatory No. 15:**   Why was the Comparable Approach not used on parcels 2617 and 2619 Market Street?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in

Interbay's possession, custody or control.  Specifically, Interbay did not prepare the appraisal

that is at issue in this action.

**Interrogatory No. 16:**   Explain fully, "any and all Persons" at Interbay Funding, LLC, interest, contact, participation, consultation, and/or relationship with the following:

     a.     **Application approval**
         b.     **Approval of Loan**
         c.     **Selection of Appraisal Company**
         d.     **Author of Engagement Letter**
         e.     **Changing of the terms of Contract**

**Response:**  Interbay objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, and because the phrase "Changing of the terms of Contract" is vague and

ambiguous.

     Subject to, and without waiving the foregoing objections, Interbay states that Janet

Madric, a broker with Sunset Mortgage Company, submitted plaintiffs' loan application to

Interbay.  Plaintiffs' loan application was handled by Interbay loan officer, Kim Burke, and was

7

underwritten by Matt Petraglia.  Interbay's approval of a loan to plaintiffs was subject to receiving an appraisal demonstrating that the collateral for the loan was sufficient.  Cathy Gallagher of Interbay sent a letter to Lagreca & Quinn, an appraiser on Interbay's list of approved appraisers, for the purpose of engaging the firm to prepare an independent appraisal of the subject property.  When the appraisal reflected that the subject property was worth less than anticipated by plaintiffs, Interbay was forced to adjust the amount it could lend plaintiffs because there was not sufficient collateral to support the requested loan amount.  Interbay does not have any information pertaining to the "changing of the terms of contract."  The contract for sale of the property was between plaintiffs and the seller.

**Interrogatory No. 17:**  Why was there only two methods used on evaluation of 2625 Market Street?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control.  Specifically, Interbay did not prepare the appraisal that is at issue in this action.

**Interrogatory No. 18:**  Why were parcels 2617 and 2619 Market Street, (with tax roll assessment numbers, municipal services, public utilities, 5,090 sq. ft., zoned commercial, capable of producing income and being used as collateral to secure the loan,) not given a market value at all?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control.  Specifically, Interbay did not prepare the appraisal that is at issue in this action.

**Interrogatory No. 19:**  Why was it necessary to change the terms of the Browns' contract?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control.  Specifically, Interbay had no involvement in the contract between plaintiffs and the seller of the property.

**Interrogatory No. 20:**  Why were the Browns' required to pay $2,500.00 Dollars for an appraisal and not be told about the engagement letter?

**Response:**  Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.  Interbay further objects to this Interrogatory because it is vague and ambiguous.

Subject to, and without waiving the foregoing objections, and to the extent Interbay can understand plaintiffs' question, it states that it has no information regarding any connection between the requirement that plaintiffs pay $2,500 for an appraisal and an obligation on the part of Interbay to inform plaintiffs of the letter to the appraisal firm requesting that it perform an appraisal of the collateral.

**Interrogatory No. 21:**  Why were the Browns' not told that the document faxed to them, labeled as Plaintiffs Exhibit (A-1), actually was page 16, of the appraisal they paid for?

**Response:**  Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.  Interbay further objects to this Interrogatory because it is vague and ambiguous.

Subject to, and without waiving the foregoing objections, and to the extent Interbay can

understand plaintiffs' question, Interbay states that it provided plaintiffs with a copy of the appraisal.

**Interrogatory No. 22:** Why does the appraisal state that the lot which consists of 5,090 sq. ft. would only hold 10 cars, when in fact it will accommodate at least 20 cars?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action.

**Interrogatory No. 23:** Why is the parcel/lot 2625, combined building and parcel/lot space measuring 1,895 sq. ft. given and arbitrary and capricious dollar value, and parcels/lots 2617 and 2619 Market Street, consisting of 5,090 sq. ft. assigned an arbitrary and capricious value that can not be stated?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action.

**Interrogatory No. 24:** Why was there no appreciation allowed to the Browns' [sic] for the projected plans for improvements to the properties 2617, 2619 and 2625 Market Street, by Interbay or Legreca and Quinn?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action.

Subject to, and without waiving the foregoing objections, Interbay states that its decision to extend a loan to plaintiffs required that the existing collateral be sufficient to support the loan amount so that, in the event plaintiffs defaulted on the loan, there would be sufficient equity in the property to make Interbay whole. Thus, any "projected plans for improvements to the

properties" would not have been relevant because such plans would not have increased the value

of the collateral at the time of the loan.

**Interrogatory No. 25:**   Why were the Browns' [sic] not asked for the plans and improvements they had intended to do to the properties 2617, 2619, 2625 Market Street, by Interbay or Legreca and Quinn?

**Response:**   <u>See</u> Response to Interrogatory No. 24.

AS TO THE FOREGOING OBJECTIONS ONLY:

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

David M. Souders (admitted *pro hac vice*)
Sandra L. Brickel (admitted *pro hac vice*)
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036-1609
(202) 628-2000 (phone)
(202) 628-2011 (fax)

Date: January 10, 2005

F:\95076\024\DiscoResponses(Interrogatories).doc

11

## VERIFICATION

I, Stacy Bucklaw, state as follows:

1.      I am a Sales Manager for Interbay Funding, LLC ("Interbay"), a defendant in the above-captioned action, and I am authorized to make this Verification on Interbay's behalf.

2.      I have read the foregoing Objections and Responses to Plaintiffs' Interrogatories. I have personal knowledge with respect to the responses set forth therein, which includes information provided to me, and, on that basis, I state that they are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this _7th_ day of January, 2005.


                                                    _Stacy Bucklaw_
                                                    Stacy Bucklaw

12

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that on this 10th day of January, 2005, I caused two copies of the foregoing Defendant Interbay Funding, LLC's Objections and Responses to Plaintiffs' Interrogatories to be served via first-class mail, postage prepaid, on the below-listed parties and counsel of record:

Robert and Shirley Brown
1024 Walnut Street
Wilmington, DE 19801

Carol J. Antoff, Esq.
Reger & Rizzo, LLP
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766