IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005 FEB 25  PM 3: 33

| | |
|---|---|
| ROBERT E. BROWN and<br>SHIRLEY H. BROWN,<br><br>         Plaintiffs,<br><br>         v.<br><br>INTERBAY FUNDING, LLC, and<br>LEGRECA & QUINN REAL ESTATE<br>SERVICES, INC.,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-617 SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT INTERBAY FUNDING, LLC'S OBJECTIONS
AND RESPONSES TO PLAINTIFFS' SUPPLEMENT TO INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33, defendant Interbay Funding, LLC ("Interbay") responds to plaintiffs' Supplement to Interrogatories ("Supplemental Interrogatories") as follows:

**GENERAL OBJECTIONS**

1.    Interbay objects to the Supplemental Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.    Interbay objects to the Supplemental Interrogatories to the extent they purport to impose obligations beyond those prescribed by the Federal Rules of Civil Procedure.

3.    Interbay objects to the Supplemental Interrogatories to the extent they seek confidential or proprietary information, including trade secrets, private borrower information or other material protected from disclosure by law, contract or otherwise.

4.    Interbay objects to the Supplemental Interrogatories to the extent they seek information not in Interbay's possession, custody or control.

5.     Interbay objects to the Supplemental Interrogatories to the extent they are vague, overbroad, unduly burdensome or oppressive.

6.     Interbay objects to the Supplemental Interrogatories to the extent they seek information that is not relevant to a claim or defense of any party and, therefore, is beyond the scope of permissible discovery as prescribed by Fed. R. Civ. P. 26(b)(1).

7.     Interbay objects to plaintiffs' fashioning its Supplemental Interrogatories "in the format of admitting or denying questions." Supplemental Interrogatories at 2. While not designated as such, the Supplemental Interrogatories are, in effect, requests for admissions. Interbay further objects to plaintiffs' definitions of "Admit" and "Deny" in the "Definitions" section of its Supplemental Interrogatories. Id.

## RESERVATION OF RIGHTS

1.     Interbay's objections and responses to plaintiffs' Supplemental Interrogatories are based on information now known to Interbay. Interbay reserves the right to amend, modify or supplement its objections and responses if it learns new information.

2.     The fact that, in response to certain Supplemental Interrogatories, Interbay provides responsive information is not a concession that the information is relevant or admissible in this case.

3.     In providing the responses herein, Interbay does not in any way waive, but rather intends to preserve:

      (a)     all objections as to competency, relevancy, materiality, and admissibility;

      (b)     all objections as to vagueness, ambiguity, and undue burdensomeness;

      (c)     all rights to object on any ground to the use of the responses contained

herein in any proceeding; and

(d) all rights to object on any ground to any further discovery request related to any of the Supplemental Interrogatories herein.

## SPECIFIC RESPONSES AND OBJECTIONS

**Supplemental Interrogatory No. 1:** Interbay submitted a "Letter of Engagement" to procure an independent appraisal to be performed by Legreca [sic] and Quinn Real Estate Services on 2617 – 2629 – 2625 Market Street? Answer: Do you, Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Interbay further objects to this Interrogatory as vague and ambiguous because "Letter of Engagement" is not a term of art.

Subject to, and without waiving the foregoing objections, Interbay states that it sent a letter to Lagreca & Quinn wherein it engaged the services of the appraisal firm in connection with property located at 2617–2629–2625 Market Street, Wilmington, Delaware, and that the letter, which has already been produced in this litigation, speaks for itself.

**Supplemental Interrogatory No. 2:** Interbay compelled Legreca [sic] and Quinn to adhere to the complete compliance of the client (Interbay) according to the Letter of Engagement. Answer: Do You, Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Interbay further objects to this Interrogatory as vague and ambiguous because "Letter of Engagement" is not a term of art.

Subject to, and without waiving the foregoing objection, Interbay states that it sent a

3

letter to Lagreca & Quinn wherein it engaged the services of the appraisal firm in connection with property located at 2617-2629-2625 Market Street, Wilmington, Delaware, but denies plaintiffs' characterization that it "compelled" Lagreca and Quinn to comply with the terms of the letter. As set forth in the letter, which has already been produced in this litigation and speaks for itself, Interbay informed Lagreca & Quinn that "[c]omplete compliance, as determined by the client, with the terms of this letter and its attachment(s) is necessary to insure acceptance of the appraisal report and prompt payment of your invoice."

**Supplemental Interrogatory No. 3:** Interbay compelled Legerca [sic] and Quinn to adhere to the Letter of Engagement to insure payment for services rendered. Answer: Do you, Admitted or Deny?

**Response:** Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Interbay further objects to this Interrogatory as vague and ambiguous because the term "Letter of Engagement" is not a term of art.

Subject to, and without waiving the foregoing objections, Interbay states that it sent a letter to Lagreca & Quinn wherein it engaged the services of the appraisal firm in connection with property located at 2617-2629-2625 Market Street, Wilmington, Delaware, but denies plaintiffs' characterization that it "compelled" Lagreca and Quinn to comply with the terms of the letter. As set forth in the letter, which has already been produced in this litigation and speaks for itself, Interbay informed Lagreca & Quinn that "[c]omplete compliance, as determined by the client, with the terms of this letter and its attachment(s) is necessary to insure acceptance of the appraisal report and prompt payment of your invoice."

**Supplemental Interrogatory No. 4:** Interbay was aware of the rules and regulations of HUD, FHA and ECOA as it relates to discriminatory lending practices and appraisals. Answer: Do

you, Admit or Deny?

**Response:**  Interbay objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Interbay further objects to this Interrogatory on the ground that the phrase "Interbay was aware" is vague, nonspecific, and subject to more than one interpretation.

Subject to, and without waiving the foregoing objections, Interbay states that it is familiar with the federal statutes, rules, and regulations governing the mortgage lending industry.

**Supplemental Interrogatory No. 5:** Interbay letter of engagement influenced Legreca [sic] and Quinn methods of valuation requirements of HUD, FHA and ECOA as it relates to discriminatory lending practices. Answer: Do you, Admitted or Deny?

**Response:**  Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action.

Subject to, and without waiving the foregoing objection, Interbay denies this Interrogatory.

**Supplemental Interrogatory No. 6:** Interbay, Legreca [sic] and Quinn are knowledgeable of the rules and regulations of FIRREA and USPAP as it relates out side influence and departure from appraisals standards. Answer: Do you, Admit or Deny?

**Response:**  Interbay objects to this Interrogatory on the grounds that it is vague, ambiguous, and incomprehensible. Interbay further objects to this Interrogatory on the grounds that it is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Interbay is not an appraiser and did not prepare the appraisal that is at issue in this action. Finally, Interbay objects to this Interrogatory because

the rules and regulations of FIRREA do not apply to the commercial loan plaintiffs sought from Interbay.

**Supplemental Interrogatory No. 7:** The dictates of the Letter of Engagement presented by Interbay Funding to Legreca [sic] and Quinn violates the code of Regulations of FIRREA and USPAP witch [sic] requires adherence to regulations by participating members of the aforementioned Organizations. Answer: Admit or Deny?

**Response:** Interbay objects to this Interrogatory as vague and ambiguous because "Letter of Engagement" is not a term of art. Interbay further objects to this Interrogatory because it calls for a legal conclusion and, thus, is not a permissible Interrogatory.

Subject to and without waiving the foregoing objections, Interbay denies this Interrogatory.

**Supplemental Interrogatory No. 8:** It was Interbays [sic] letter engaging the services of Legreca [sic] and Quinn that influenced the bias of the appraisal which caused the violation of HUD, FHA, and ECOA in the processing of the loan application. Answer, Do you, Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the grounds that it is vague, ambiguous, and incomprehensible. Interbay further objects to this Interrogatory because it calls for a legal conclusion and, thus, is not a permissible Interrogatory.

Subject to and without waiving the foregoing objections, Interbay denies this Interrogatory.

**Supplemental Interrogatory No. 9:** The lots known as 2617 and 2619 Market St. had separate tax parcel numbers, municipal services, public utilities, were zoned commercial and measuring 5,090 sq. ft. Answer: Do you, Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal

that is at issue in this action.

Subject to and without waiving the foregoing objection, Interbay lacks information sufficient to form a response to this Interrogatory and, on that basis, denies this Interrogatory.

**Supplemental Interrogatory No. 10:** According to the letter of engagement from Interbay, it would be permissible to deviate from the regulations of FIRREA and USPAP if the lots were designated utilities instead of parcels or lots. Do you Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the ground that it mischaracterizes Interbay's letter to Lagreca & Quinn wherein it engaged the services of the appraisal firm in connection with property located at 2617–2629–2625 Market Street, Wilmington, Delaware. Interbay states that the letter, which has already been produced in this litigation, speaks for itself.

Subject to and without waiving the foregoing objection, Interbay denies this Interrogatory.

**Supplemental Interrogatory No. 11:** According to the letter of engagement it is suggested the Cost Approach does not have to be used to valuate the lots if they were designated utilities and not parcels or lots. Do You Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the ground that it mischaracterizes Interbay's letter to Lagreca & Quinn wherein it engaged the services of the appraisal firm in connection with property located at 2617–2629–2625 Market Street, Wilmington, Delaware. Interbay states that the letter, which has already been produced in this litigation, speaks for itself.

Subject to and without waiving the foregoing objection, Interbay denies this Interrogatory.

**Supplemental Interrogatory No. 12:** It was Interbays' [sic] influence, through it's [sic] letter of engagement to Legreca [sic] and Quinn, that suggested the properties known as 2617 and 2619 Market St. be designated utilities. Do you Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the ground that it mischaracterizes Interbay's letter to Lagreca & Quinn wherein it engaged the services of the appraisal firm in connection with property located at 2617–2629–2625 Market Street, Wilmington, Delaware. Interbay states that the letter, which has already been produced in this litigation, speaks for itself.

Subject to and without waiving the foregoing objection, Interbay denies this Interrogatory.

**Supplemental Interrogatory No. 13:** This designating 2617 and 2619 Market St. as utilities was suggested by Interbays [sic] letter engaging the services of Legreca [sic] and Quinn so that they could avoid applying the Cost Approach of Valuating the two parcels zoned commercial measuring 5,090 sq. ft. Answer: Do you, Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the grounds that it is vague, ambiguous, and incomprehensible. Interbay further objects to this Interrogatory on the ground that it mischaracterizes Interbay's letter to Lagreca & Quinn wherein it engaged the services of the appraisal firm in connection with property located at 2617–2629–2625 Market Street, Wilmington, Delaware. Interbay states that the letter, which has already been produced in this litigation, speaks for itself.

Subject to and without waiving the foregoing objections, Interbay denies this Interrogatory.

**Supplemental Interrogatory No. 14:** The parcels of properties known as 2617 and 2619 Market St. were not given a Market value. Answer, Do you Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action.

8

Subject to and without waiving the foregoing objection, Interbay lacks information sufficient to form a response to this Interrogatory and, on that basis, denies this Interrogatory.

**Supplemental Interrogatory No. 15:** A cost approach was not used to valuate 2617 and 2619 Market St. and no dollar value is given for the two lots/parcels 2617 – 2619 Market St. and no dollar value is given for the lots/parcels designated as utilities in the Appraisal Report. Answer: Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action.

Subject to and without waiving the foregoing objection, Interbay lacks information sufficient to form a response to this Interrogatory and, on that basis, denies this Interrogatory.

**Supplemental Interrogatory No. 16:** None of the three methods of valuation set by the Standards of FIRREA and USPAP which are the Cost Approach, Income Approach, and Comparable Approach were used to valuate 2617 and 2619 Market St. Answer: Do you, Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action.

Subject to and without waiving the foregoing objection, Interbay lacks information sufficient to form a response to this Interrogatory and, on that basis, denies this Interrogatory.

**Supplemental Interrogatory No. 17:** The properties known as 2617 and 2619 Market St. were not given a dollar market value in the Appraisal prepared by Legreca [sic] and Quinn for Interbay in the processing of the Robert and Shirley Brown loan application. Do you, Admit or Deny?

**Response:** Interbay objects to this Interrogatory on the ground that it seeks information not in

9

Interbay's possession, custody or control. Specifically, Interbay did not prepare the appraisal that is at issue in this action.

Subject to and without waiving the foregoing objection, Interbay lacks information sufficient to form a response to this Interrogatory and, on that basis, denies this Interrogatory.

## VERIFICATION

I, Stacy Bucklaw, state as follows:

1. I am a Sales Manager for Interbay Funding, LLC ("Interbay"), a defendant in the above-captioned action, and I am authorized to make this Verification on Interbay's behalf.

2. I have read the foregoing Objections and Responses to Plaintiffs' Supplement to Interrogatories. I have personal knowledge with respect to the responses set forth therein, which includes information provided to me, and, on that basis, I state that they are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of February, 2005.

*Stacy Bucklaw* (signature)
Stacy Bucklaw

10

AS TO THE FOREGOING OBJECTIONS:

Respectfully submitted,

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

David M. Souders (admitted *pro hac vice*)
Sandra L. Brickel (admitted *pro hac vice*)
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036-1609
(202) 628-2000 (phone)
(202) 628-2011 (fax)

Date: February 25, 2005

F:\95076\024\DiscoResponses(Pls.Suppl.Interrogatories).doc

## CERTIFICATE OF SERVICE

I, David L. Finger, hereby certify that on this 25th day of February, 2005, I caused a copy of the foregoing Defendant Interbay Funding, LLC's Objections and Responses to Plaintiffs' Supplement to Interrogatories to be served via first-class mail, postage prepaid, on the below-listed parties and counsel of record:

>Robert and Shirley Brown
>1024 Walnut Street
>Wilmington, DE 19801
>
>Carol J. Antoff, Esq.
>Reger & Rizzo, LLP
>1001 Jefferson Plaza, Suite 202
>Wilmington, DE 19801

>David L. Finger (DE Bar ID #2556)
>Finger & Slanina, LLC
>One Commerce Center
>1201 Orange Street, Suite 725
>Wilmington, DE 19801-1155
>(302) 884-6766