# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and, SHIRLEY H. BROWN, h/w, | C. A. 04-617 SLR |
| Plaintiffs, | |
| v. | JURY DEMANDED |
| INTERBAY FUNDING, LLC, and LEGRECA & QUINN REAL ESTATE SERVICES INC., | |
| Defendants. | |

## AFFIDAVIT

I, Robert Lagreca, hereby depose that I am a duly authorized representative of Lagreca & Quinn Real Estate Services, Inc., a Defendant in the above-captioned matter, and that the following statements are true:

1. I am a Certified General Real Property Appraiser certified by the State of Delaware and the Commonwealth of Pennsylvania.

2. I am a Senior Residential Member in good standing of the Appraisal Institute.

3. My education, training and experience make me qualified to testify regarding the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation (hereinafter "USPAP") which is authorized by Congress as the source of Appraisal Standards and Appraisal Qualifications.

4. My education, training and experience make me qualified to testify regarding the Standards of Professional Appraisal Practice of the Appraisal Institute (hereinafter "SPAP").

5.  The property at 2617, 2619 and 2625 Market Street, Wilmington, Delaware, which is the subject of the above-captioned litigation (hereinafter "subject property"), consists of three separate tax parcels.

6.  The subject property was appraised as one commercial unit consisting of the two-story dwelling converted into commercial use with on-site parking.

7.  It is the usual, customary and accepted practice within the business of Real Estate Appraisal to determine the value of commercial property located over more than one tax parcel as a whole.

8.  It is not the usual, ordinary or accepted practice in the business of Real Estate Appraisal to appraise a single unit of commercial property located on several tax parcels by valuing each tax parcel separately.

9.  The appraisal of the subject property as a commercial building with on-site parking conforms with the USPAP and the SPAP.

10. Standard Rule 1-4(e) of USPAP states that the appraiser must analyze the value "of the assembledge of the various estates and component parts of the property and refrain from valuing the whole solely by adding together the individual values of the various estates or component parts."

11. Standard Rule 3-1(f) of USPAP mandates that the appraiser determine what appraisal method is appropriate for the particular property to be appraised and does not require that all three methods (Sales Comparison Approach, Cost Approach and Income Approach) be used on the property appraised.

12. All analyses, opinions and conclusions in the appraisal report provided to Interbay

Funding, LLC, were prepared in conformity with the USPAP, the SPAP and the Code of Professional Ethics.

_____
Robert C. Lagreca

STATE OF PA : SS.
Montgomery COUNTY :

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

1 April 2005

_____
Notary Public

NOTARIAL SEAL
SHERON M CAMPBELL, Notary Public
Lower Gwynedd Twp., Montgomery County
My Commission Expires November 13, 2006