UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and, ) | |
| SHIRLEY H. BROWN, h/w, ) | C. A. 04-617 SLR |
| Plaintiffs, ) | |
| v. ) | |
| ) | JURY DEMANDED |
| INTERBAY FUNDING, LLC, and ) | |
| LEGRECA & QUINN REAL ESTATE ) | |
| SERVICES INC., ) | |
| Defendants. ) | |

**MOTION OF DEFENDANT LEGRECA & QUINN FOR**
**SUMMARY JUDGMENT PURSUANT TO RULE 56**

NOW COMES DEFENDANT Legreca and Quinn Real Estate Services, Inc. (hereinafter "Legreca and Quinn" or "Defendant"), by and through its attorney, and moves this Honorable Court to grant judgment in its favor and against Plaintiff because there is no genuine issue as to any material fact and Legreca & Quinn is entitled to judgment as a matter of law. In support of its motion, Defendant Legreca & Quinn avers the following:

1. This action commenced on or about June 28, 2004, when Plaintiffs filed a Complaint alleging they sustained lost business opportunity, lost future income and lost equity in real property as a result of Defendant's discrimination, fraud, negligence and professional negligence. The Complaint is part of the record as D.I. 1.

2. The Court-ordered discovery deadline and limited extension of discovery have passed; therefore, this matter is ripe for summary judgment based on the affidavit attached hereto, the pleadings, depositions, and answers to interrogatories.

3. All discovery has been exchanged and Plaintiff Robert Brown was deposed on March 17, 2005, pursuant to this Honorable Court's Order D.I. 68 and prior to its Order D.I. 70. The portions Mr. Brown's deposition which are cited herein are attached hereto as an exhibit and made

a part hereof.

4. This is Lagreca and Quinn's motion for summary judgment on all of Plaintiffs' claims.

5. Lagreca and Quinn is entitled to a judgment to be "rendered forthwith" if Lagreca and Quinn is entitled to judgment as a matter of law and there are no genuine issues of material facts. F.R.C.P. 9(c).

6. Facts are material if their existence could alter the outcome of the fact-finder's decision. *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3rd Cir. 1995).

7. Thus, if the existence of a fact would not alter the outcome of this action, that fact is not material and any dispute that such a fact may or may not exist would not preclude summary judgment.

8. Furthermore, an issue is genuine only if "evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Id.*

9. Moreover, if Plaintiffs were unable to make a sufficient showing of proof on an essential element of any claim, Lagreca and Quinn would be entitled to judgment as a matter of law. *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

10. Therefore, if Plaintiffs were unable to establish all elements of their prima facie case on any claim, the existence or lack of existence of any fact related to that or another element of their claim would not preclude the rendering of summary judgment in favor of Lagreca and Quinn.

11. It would be a waste of this Honorable Court's and the parties' time and resources to bring any action to trial if it is already apparent that Plaintiffs cannot sustain their burden of proof.

12. Lagreca and Quinn is entitled to summary judgment because the records shows that Plaintiffs cannot make a sufficient showing on several essential elements of their claims.

### Plaintiffs' Discrimination Claim

13. In order to sustain their burden of proof for their claim of discrimination against Lagreca and Quinn, Plaintiffs must show that they were treated disparately by Defendant because of their race and that Plaintiffs suffered harm as a result of the disparate treatment. *Rizzitiello v. McDonald's Corp.*, 2005 WL 545014 at *3 (Del., March 1, 2005).

14. During his deposition, Mr. Brown testified that Plaintiffs have no evidence that Legreca & Quinn has appraised properties for other potential buyers by using different methods of appraisal when the property appraised was similar to the subject property. (Brown depo., p. 19, l.11-18.)

15. Therefore, Plaintiffs have failed to establish that the appraisal performed by Lagreca and Quinn of the subject property for which Plaintiffs were the potential buyers was different than any appraisal of similar property performed by Lagreca and Quinn for non-minority potential buyers.

16. Thus, Plaintiffs are unable to make a sufficient showing on the essential element of their discrimination claim regarding whether Lagreca and Quinn treated them disparately because of their race. Moreover, there is no genuine issue of material fact which would affect the outcome of Plaintiffs' claim of discrimination since Plaintiffs fail to meet their burden of proof on this element.

17. In light of the above, Defendant Legreca & Quinn is entitled to judgment as a matter of law on the issue of discrimination. *Celetex, supra.*

### Plaintiffs' Fraud Claim

18. Plaintiffs failed to make allegations of fraud with specificity in their Complaint pursuant to F.R.C.P. 9(b) and, therefore, should be barred from bringing this cause of action.

19.     In the event that Plaintiffs' procedurally defective fraud claim is allowed, Plaintiffs must establish that Defendant Legreca & Quinn made a false representation of fact in its appraisal report, that Lagreca and Quinn knew or believed the representation was false, that Defendant intended to induce Plaintiffs to some action, that Plaintiffs justifiably relied upon the representation, and that such reliance caused Plaintiffs to sustain damages. *In re Student Finance Corp.*, 2004 WL 609329 at*3 (D. Del., March 23, 2004) (citing *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del., 1983).

20.     Assuming, *arguendo*, that the appraisal report prepared by Lagreca and Quinn contains a false statement, which is strictly denied, Defendant is still entitled to judgment as a matter of law because the record clearly shows that Plaintiffs cannot sustain their burden on the elements of intent, justifiable reliance, and damages.

21.     It is uncontested that Defendant Legreca & Quinn was under contract with Interbay Funding, LLC, (hereinafter "Interbay") to produce an appraisal report of the subject property. The complete Appraisal Report is already a part of this record as Exhibit A to Legreca & Quinn's Brief, D.I. 26. Addendum A to the Appraisal Report is a accurate copy of the Letter of Engagement. General Requirement Number 6 of the Letter of Engagement indicates that the Appraisal Report was to be prepared for the sole use of Interbay and not to be divulged to anyone else, including the Plaintiffs.

22.     It is also uncontested that the intent of Lagreca and Quinn in preparing the appraisal report was to satisfy its contractual obligations to provide a complete appraisal of the subject property for Interbay's use.

23.     Since Lagreca and Quinn did not prepare the appraisal with any intent that it ever be seen by Plaintiffs, it cannot be construed that any statement made by Lagreca and Quinn in the appraisal report was made with an intention to cause the Plaintiffs to act.

24. In addition, the appraisal report was prepared at the request of Interbay so that it could determine the value of collateral Plaintiffs would provide for the loan they were seeking in order to determine whether or not to provide Plaintiffs a loan.

25. Therefore, only Interbay's actions could be affected by any statement contained within the Appraisal Report.

26. There is no genuine issue of material fact as to whether Plaintiffs acted in justifiable reliance on any statement contained in the appraisal report.

27. Thus, the record shows that Plaintiffs cannot sustain their burden to prove that Legreca & Quinn had an intent to have Plaintiffs rely in any way on any statement contained within the Appraisal Report nor their burden of justifiable reliance.

28. Furthermore, the record clearly shows that the appraisal report did not affect Plaintiffs' ability to obtain a loan to purchase the subject property. Therefore, there is no genuine issue of material fact as to whether the Plaintiffs suffered harm as a result of any action taken or statement made by Lagreca and Quinn.

    A. Mr. Brown answered affirmatively to Interbay's Contention Interrogatory Number 3 which asked "[d]o you contend, as set forth in Paragraph c (page 3) of the Complaint, that the purchase price for the Subject Property was $128,000 and that Interbay offered you 80% financing of that purchase price with the requirement that you put down 20%?" See D.I. 52.

    B. Interbay admitted, in its Answer to the Complaint at "I" on page 3, that it agreed to finance Plaintiffs' purchase of the subject property. It is uncontested that this offer occurred after Interbay received Lagreca and Quinn's appraisal report. See D.I. 36.

    C. In their response to Interbay's Interrogatory Number 11 and Request for Production of Documents, Plaintiffs admitted that they had received mortgage offers from at least two other lenders and provided documents evidencing these offers. See D.I. 52 & D.I. 53.

29. It is uncontested that Lagreca and Quinn appraised the value of the subject property at $140,000.00 while Plaintiffs had signed a Sales Contract to purchase the subject property for only $128,000.00.

30. In light of the above, Plaintiffs are unable to establish that they suffered the harm of not being able to purchase the subject property as a result of the appraised value.

31. Therefore, even if, as Plaintiffs apparently allege, Plaintiffs' failure to purchase the subject property caused them to sustain lost business, lost income and lost equity, Plaintiffs' failure to purchase the subject property and any damages resulting from such failure, was not caused by any action taken or any statement made by Lagreca and Quinn.

32. Since there is no genuine issue of material fact that could affect the outcome and allow Plaintiffs to prevail on their claim of fraud and since Plaintiffs fail to make a sufficient showing of proof on essential elements of their fraud claim, Lagreca and Quinn is entitled to judgment as a matter of law. *Celetex*, *supra.*

### Plaintiffs' Negligence and Professional Negligence Claims

33. In order to sustain their claims for negligence and professional negligence, the Plaintiffs must establish that Legreca & Quinn owed them a duty, that the Defendant breached that duty and that the breach of duty was the proximate cause of Plaintiffs' harm. *New Haverford Partnership v. Stroot*, 772 A.2d 792, 798 (Del. 2001).

34. Furthermore, the standard of care applicable to a professional can only be established through expert testimony. *Norfolk v. Mid Atlantic Reality Company, Inc.*, 2001 WL 695547 at *5 (Del. Super., April 20, 2001).

35. During his deposition, Mr. Brown testified that he has not consulted any real estate appraisal expert. (Brown depo, p. 9, l. 19-22)

36. Without expert testimony, Plaintiffs cannot establish any professional standard of care

that Lagreca and Quinn may have owed them.

37. Therefore, the record shows there can be no dispute over whether Lagreca and Quinn breached their professional duty, assuming *arguendo* that Lagreca and Quinn owed a duty to plaintiffs, because the Plaintiffs have failed to establish a professional standard of care, an essential element of their claim for professional negligence.

38. Under these circumstances, Lagreca and Quinn is entitled to judgment as a matter of law on Plaintiffs' claim of professional negligence. *Celetex, supra.*

39. In addition, as argued above, it is uncontested that the value of the subject property according to Lagreca and Quinn's appraisal ($140,000) was higher than the purchase price for which Plaintiffs agreed to buy the subject property ($128,000).

40. Thus, Plaintiffs were not kept from purchasing the subject property as a result of Lagreca and Quinn's appraisal and Plaintiffs have even admitted that they had mortgage offers from at least three separate lenders.

41. Thus, even if, *arguendo*, Plaintiffs' failure to purchase the subject property caused them to sustain lost business, lost income and lost equity, Plaintiffs' failure to purchase the subject property and any damages resulting from such failure, was not caused by any action taken or any statement made by Lagreca and Quinn.

42. Since damages is an essential element of Plaintiffs' negligence claim and the record shows Plaintiffs did not sustain damages as a result of any action taken by Legreca & Quinn, Defendant is entitled to judgment as a matter of law for the claim of negligence. *Celetex, supra.*

43. Furthermore, Plaintiffs cannot make a sufficient showing to meet their burden as to breach of duty or negligence on the part of Lagreca and Quinn.

44. During his deposition, Mr. Brown stated that Plaintiffs have (1) failed to obtain a real property appraisal expert to review the Appraisal Report prepared by Defendant Legreca & Quinn

(Brown depo, p.5, l. 2-5); (2) failed to obtain a report from a real estate appraisal expert which indicates that the subject property should not have been appraised as a building located on a total of 6,970 square feet (Brown depo., p.8, l.17-22 & p.9, l.16 - 18); (3) failed to consult any real estate appraisal expert in order to obtain an opinion regarding a Complete Appraisal of the subject property (Brown depo., p. 9, l.19 - 22); (4) failed to obtain an expert opinion on the appropriate appraisal methods for the subject property (Brown depo., p. 9, l. 23 - p.10, l. 3 & l. 9 - 13); and (6) failed to obtain an expert opinion regarding whether Lagreca and Quinn's appraisal report conformed to the required Standards of Property Appraisal Practice (Brown depo., p. 29, l. 20 - 22).

45. Thus, there is no qualified opinion to call into dispute the appropriateness of the analyses, opinions and conclusions contained in Lagreca and Quinn's appraisal report, thereby, creating a lack of genuine issues of fact which would affect the outcome of Plaintiffs' negligence claim.

46. Therefore, Lagreca and Quinn is entitled to judgment as a matter of law.

### Conclusion

47. Even taking all facts in the light most favorable to Plaintiffs, the plaintiffs fail to make a sufficient showing on several elements of each of their claims.

48. Plaintiffs cannot establish that Legreca & Quinn treated Plaintiffs in a disparate manner compared to other potential property purchasers because of Plaintiffs' race and thus fail to establish an essential element of their discrimination claim.

49. The record indicates that no action taken or statement made by Lagreca and Quinn caused Plaintiffs to be unable to purchase the subject property. Therefore, there are no genuine issues of material fact regarding whether Lagreca and Quinn caused Plaintiffs to sustain the damages that Plaintiffs allege they sustained by not purchasing the subject property.

50. In light of Plaintiffs' inability to meet their burden to prove discrimination, fraud,

negligence or professional negligence on the part of Defendant, Legreca & Quinn is entitled to judgment as a matter of law.

WHEREFORE, Defendant Legreca & Quinn Real Estate Services, Inc., respectfully request that this Honorable Court grant judgment in its favor and against Plaintiff dismissing all actions against Lagreca and Quinn with prejudice and granting it damages in an amount sufficient to compensate it for the costs incurred in defending this action including reasonable attorney's fees.

REGER & RIZZO, LLP

/s/ *Carol J. Antoff*
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant Legreca & Quinn

Dated: 4/1/05

UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE

| | |
|---|---|
| **ROBERT E. BROWN and,** ) | |
| **SHIRLEY H. BROWN, h/w,** ) | C. A.  04-617 SLR |
| Plaintiffs, ) | |
| v. ) | |
| ) | JURY DEMANDED |
| **INTERBAY FUNDING, LLC, and** ) | |
| **LEGRECA & QUINN REAL ESTATE** ) | |
| **SERVICES INC.,** ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 4th day of April, 2005 that two true and correct copies of the Defendant Legreca & Quinn Real Estate Services, Inc. Motion for Summary Judgment have been served via first claim mail, postage prepaid, upon the following:

| | |
|---|---|
| Robert E. Brown and | Sandra L. Brickel, Esquire |
| Shirley H. Brown | Weiner Brodsky Sidman Kidder, P.C. |
| 1024 Walnut Street | 1300 19th Street, N.W. 5th Floor |
| Wilmington, DE 19801 | Washington, DC 20036 |

and filed electronically upon:

David L. Finger, Esquire
One Commerce Center
1201 Orange Street
Suite 725
Wilmington, DE 19801-1155

REGER & RIZZO, LLP

/s/ *Carol J. Antoff*
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant Legreca & Quinn