**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT DELAWARE**

| | |
|---|---|
| ROBERT E. BROWN and <br> SHIRLEY H. BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> INTERBAY FUNDING, LLC, and <br> LEGRECA & QUINN REAL ESTATE <br> SERVICES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. No. 04-617 SLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPENING BRIEF OF DEFENDANT INTERBAY FUNDING, LLC,**
**IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT**


David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

David M. Souders (admitted *pro hac vice*)
Sandra L. Brickel (admitted *pro hac vice*)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, DC  20036-1609
(202) 628-2000
(202) 628-2011 (fax)

Attorneys for Defendant Interbay Funding, LLC

Dated:  April 5, 2005

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ..................................................................1

SUMMARY OF ARGUMENT .......................................................................................................2

STATEMENT OF FACTS ..............................................................................................................4

ARGUMENT ....................................................................................................................................7

LEGAL STANDARD......................................................................................................................7

    I.    PLAINTIFFS' FAILURE TO PRODUCE ANY EVIDENCE THAT THE APPRAISAL WAS IMPROPER, LET ALONE DISCRIMINATORY, ENTITLES INTERBAY TO JUDGMENT IN ITS FAVOR ON PLAINTIFFS' ECOA CLAIM .................................................................................8

    II.   PLAINTIFFS CANNOT MAINTAIN A FAIR HOUSING ACT CLAIM...........10

    III.  PLAINTIFFS' REMAINING CLAIMS AGAINST INTERBAY CANNOT STAND...........................................................................................................11

CONCLUSION...............................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ...............................................................7

Armbruster v. Unisys Corp., 32 F.3d 768 (3d Cir. 1994) ............................................................7

Brewer v. Quaker State Oil Refining Corp., 73 F.3d 326 (3d Cir. 1995) ....................................7

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) .........................................................................7, 8

Chiang v. Veneman, 385 F.3d 256 (3d Cir. 2004).......................................................................9

Davis v. Maute, 770 A.2d 36 (Del. 2001)....................................................................................9

Hersh v. Allen Products Co., Inc., 789 F.2d 230 (3d Cir. 1986) .................................................7

Home Quest Mortgage LLC v. American Family Mutual Insurance Co.,
340 F. Supp. 2d 1177 (D. Kan. 2004) ........................................................................................10

Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.,
475 U.S. 574 (1986) .....................................................................................................................7

Mazda Motor Corp. v. Lindahl, 706 A.2d 526 (Del. 1998) .......................................................10

**Other Authorities**

12 C.F.R. § 528.2a .......................................................................................................................8

D.R.E. 702..................................................................................................................................10

Equal Credit Opportunity Act, 15 U.S.C.§§ 1691 *et seq.* ......................................................2, 7

Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* .........................................................................2, 8

Fair Housing Act, 42 U.S.C. §§ 3602 (b) ....................................................................................9

Fair Housing Act, 42 U.S.C § 3604 .............................................................................................8

Fed. R. Civ. P. 11 .........................................................................................................................1

Fed. R. Civ. P. 56(c) ....................................................................................................................7

## NATURE AND STAGE OF THE PROCEEDINGS

On June 28, 2004, plaintiffs Robert E. and Shirley H. Brown filed this action against Interbay Funding, LLC ("Interbay") and Lagreca & Quinn Real Estate Services, Inc. ("Lagreca & Quinn").  On July 19, 2004, Interbay filed a motion to dismiss plaintiffs' Complaint.  (D.I. 9). On August 19, 2004, plaintiffs filed a motion for sanctions under Fed. R. Civ. P. 11 against Interbay and Lagreca & Quinn.  (D.I. 22)

On November 8, 2004, the Court issued a Memorandum Opinion and Order regarding the pending motions.  (D.I. 32 and 33)  The Court denied plaintiffs' motion for Rule 11 sanctions. The Court granted in part and denied in part Interbay's motion to dismiss.  Id.  Because matters outside the pleadings were referred to, the Court treated Interbay's motion as a motion for summary judgment.  (D.I. 32 at 5)  The Court found as a matter of law that there was no agency relationship between Interbay and Lagreca & Quinn and, therefore, that Interbay could not be held liable for any alleged discrimination by Lagreca & Quinn.  Id. at 8.  The Court was unable to decide on the record before it, however, whether the appraisal was discriminatory and, if so, whether Interbay knew or should have know that the appraisal was discriminatory.  Id. at 7.  In this regard, the Court denied Interbay's motion for summary judgment "without prejudice to renew at the completion of discovery upon a more developed factual record."  Id.

The parties exchanged discovery, and discovery closed on March 7, 2005.  In accordance with the Court's Order, Interbay is renewing its motion for summary judgment.

## **SUMMARY OF ARGUMENT**

As defendant Interbay Funding, LLC ("Interbay") has long contended, and as discovery has now revealed, plaintiffs have no case against it. Plaintiffs have proffered absolutely no evidence, save their personal opinions, that the appraisal at issue in this case was improper, much less discriminatory. For the reasons set forth below, Interbay is entitled to judgment in its favor on all counts of the Complaint.

First, plaintiffs cannot maintain their claim for violation of the Equal Credit Opportunity Act, 15 U.S.C.§§ 1691 *et seq.* ("ECOA"), as against Interbay. While plaintiffs challenged the methods used by the appraiser to arrive at a value for the commercial property they sought to purchase, given the opportunity to develop their theory during discovery, plaintiffs failed to produce the necessary evidence to support their claim. Because the subject of real estate appraisals is "beyond the ken of the typical jury," Mazda Motor Corp. v. Lindahl, 706 A.2d 526, 533 (Del. 1998), plaintiffs were required to, but did not, provide expert testimony on the standard of care governing the appraisal profession. Accordingly, plaintiffs' case for discrimination against Interbay, a prospective lender who relied on an appraisal performed by an independent third party, consequently must fail.

Second, while not explicitly alleged in plaintiffs' Complaint, to the extent the Court construes the Complaint as stating a claim for violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* ("FHA"), such claim fails as a matter of law because the commercial property at issue in this case does not constitute a "dwelling" under the FHA.

Third, Interbay is entitled to judgment in its favor on the remaining counts of the Complaint -- violations of the professional standards for appraisers prescribed by FIRREA and USPAP and common law claims for negligence, professional negligence, fraud, and negligent

misrepresentation -- because those claims concern the allegedly improper appraisal, and the Court has already found that Interbay cannot be vicariously liable for the acts of the appraiser.

## STATEMENT OF FACTS

The facts relevant to Interbay's motion for summary judgment are not in dispute. Plaintiffs, the owners and operators of the "Walnut St. Deli," were looking for the opportunity to expand their business. Complaint ("Compl.") at 2; Plaintiffs' Responses to Interbay's First Set of Interrogatories, dated February 21, 2005 ("Interrog. Resp.") (D.I. 52), a copy of which is attached hereto as Exhibit 1, at 3. Plaintiffs became interested in three parcels located at 2617-2619-2625 Market Street, Wilmington, Delaware ("Property"). Id. The Property consisted of a total land area of 6,970 square feet, with a 1,875 square foot building on one of the parcels, and a paved parking lot on the other two parcels. (D.I. 9, Ex. A at 1, 7-9)

Plaintiffs learned that the Property had been on the market for about seven years and that the owner was asking $128,000. Ex. 1 at 3. On March 11, 2004, plaintiffs entered into a contract to purchase the Property. Compl. at 2. The Property was zoned commercial, and plaintiffs planned to use it in a commercial manner. (D.I. 9, Ex. A at 7); Ex. 1 at 5 ("In addition to the purchasing of 2617-2619-2625 Market Street, Plaintiffs had also contracted to purchase 2627 Market Street, to expand their operation into an Eat-In Restaurant and Banquet Room by adjoining the 2625 and 2627 first floors through previous entrances that existed in those two adjoining buildings").

Plaintiffs made an application for a mortgage loan through Janet Madric, a mortgage broker for Sunset Mortgage Company. Compl. at 2, ¶ a. Ms. Madric submitted plaintiffs' loan application to Interbay to determine if plaintiffs would qualify for a loan from Interbay. Id. at 2, ¶ b. Interbay approved plaintiffs' loan application subject to an appraisal of the Property showing that there was sufficient collateral for the loan. Id. at 3, ¶ g. Interbay contracted with

Lagreca & Quinn Real Estate Services, Inc. ("Lagreca & Quinn") to perform the appraisal. Id. at 3, ¶ f.; Letter of Engagement (D.I. 19, Ex. 2). The appraisal prepared by Lagreca & Quinn valued the Property at $140,000.00. (D.I. 9, Ex. A). Based on that value, Interbay offered to finance 65% of the sales price. Compl. at 4, ¶ i.

Dissatisfied with the appraisal, plaintiffs alleged in their Complaint that Lagreca & Quinn employed two erroneous methods in appraising the Property. First, plaintiffs alleged that Lagreca & Quinn used comparables outside the designated area of the Property. However, when asked to explain their assertion that the appraiser's use of comparables outside the designated area is a "method [that] is out of the normal practice used in appraising and valuing Non-African American applicant properties in similar situations," Compl. at 8, ¶ 5, plaintiffs proffered the following nonsensical explanation:

> This question appears to be of no purpose because you know that the FHA, HUD, ECOA, CFR § B, en esq. [sic] of the Federal Code and other supporting Statutes, state that there shall be no discrimination in the processing of any applications and that all applications should be given the same fair and equal consideration… The omission of methods, misapplication, and departure by Legreca [sic] and Quinn at [sic] its co-conspirator Interbay, use of an artifice their letter "Engaging" the services of Legreca [sic] and Quinn is not and was not a standard procedure for a lender to influence an appraisal by the standards of FIERRA and USPAP.

Ex. 1 at 8.

Second, plaintiffs asserted in their Complaint that Lagreca & Quinn only appraised the 1,875 square foot building and did not account for the value of the two paved parking lots. Contrary to plaintiffs' claim, however, the appraisal shows that Lagreca & Quinn considered the parking lots as utility added to the parcel with the commercial building. (D.I. 9, Ex. A at 18). When evaluating the Property against the comparable properties, Lagreca & Quinn assigned a higher value to the Property because none of the comparables had on-site parking. Id. ("The

5

subject property represents a two-story, former semi-detached residential dwelling converted into a commercial building with a paved parking lot containing 10+ spaces.  None of the comparable sales offered on-site parking and were therefore given positive adjustments for their inferior utility compared to the subject").

Finally, plaintiffs did not produce any expert testimony to challenge Lagreca & Quinn's methods of appraisal.  When asked if they intended to call any expert witnesses to testify on their behalf, plaintiffs responded, "Undecided at this time," and, thereafter, did not identify any expert witnesses.  Ex. 1 at 9.

## ARGUMENT

### LEGAL STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Hersh v. Allen Prods. Co., Inc., 789 F.2d 230, 232 (3d Cir. 1986). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there is a genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be material, the fact must relate to a disputed matter that "might affect the outcome of the suit." Id.

In considering a motion for summary judgment, the court considers all evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Once the moving party meets its burden of production, however, the nonmoving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 248; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts"). "If the evidence is merely colorable, however, or is not sufficiently probative, summary judgment may be granted." Anderson, 477 U.S. at 255; Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). Moreover, if the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof, summary judgment must be granted to the moving party. Celotex Corp., 477 U.S. at 321; Brewer v. Quaker State Oil Refining Corp., 73 F.3d 326, 329 (3d Cir. 1995).

When the moving party has met the standard of Rule 56, summary judgment is mandatory. Celotex, 477 U.S. at 322-23.

Finally, as stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. Celotex Corp., 477 U.S. at 327.

### I. PLAINTIFFS' FAILURE TO PRODUCE ANY EVIDENCE THAT THE APPRAISAL WAS IMPROPER, LET ALONE DISCRIMINATORY, ENTITLES INTERBAY TO JUDGMENT IN ITS FAVOR ON PLAINTIFFS' ECOA CLAIM.

Interbay is entitled to judgment in its favor as a matter of law on plaintiffs' ECOA claim for the fundamental reason that plaintiffs have proffered no evidence, aside from their personal opinions, that the appraisal prepared by Lagreca & Quinn was improper in any respect. When the Court ruled on Interbay's motion to dismiss, it stated that did not have sufficient facts to determine whether the appraisal was discriminatory and, if so, whether Interbay knew or should have known that the appraisal was discriminatory. (D.I. 32 at 7).[1] Now that discovery has been completed, it is clear that plaintiffs have no evidence that the appraisal was improper. Therefore, Interbay's reliance upon the appraisal does not constitute discrimination as a matter of law.

Under ECOA, it is "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction on the basis of race, color, religion, national origin, sex or marital status, or age..." 15 U.S.C. § 1691(a)(1). To establish a prima facie case of

---

[1] The Court explained in its Memorandum Opinion that, "[f]ederal rules prohibit lenders from relying on an appraisal that they know, or should know, is discriminatory in violation of the FHA or the ECOA." (D.I. 32 at 6-7) (citing 12 C.F.R. § 528.2a) That particular regulation, however, does not apply to Interbay since it is not a Federal Savings Association but instead is a nondepository state chartered mortgage lender. In any event, Interbay does not dispute that it is a "creditor" as defined under ECOA.

discrimination under ECOA, plaintiffs must show that (1) they were members of a protected class; (2) they applied for credit from Interbay; (3) they were qualified for the credit; and (4) despite qualification, they were denied credit. Chiang v. Veneman, 385 F.3d 256, 259 (3d Cir. 2004).

Here, plaintiffs sought a loan from Interbay in connection with their purchase of the Property. Interbay approved plaintiffs' loan application "subject to" an appraisal demonstrating that the collateral for the loan was sufficient. When the appraisal reflected that the Property was worth less than anticipated by plaintiffs, Interbay was forced to adjust the amount it could lend plaintiffs. Plaintiffs contend that Interbay's lending decision was the result of a discriminatory appraisal. When asked for the facts that support their contention, however, plaintiffs could offer none. Specifically, when asked for the basis for their claim of discrimination, plaintiffs stated:

> This question appears to be of no purpose because you know that the FHA, HUD, ECOA, CFR § B, en esq. [sic] of the Federal Code and other supporting Statutes, state that there shall be no discrimination in the processing of any applications and that all applications should be given the same fair and equal consideration… The omission of methods, misapplication, and departure by Legreca [sic] and Quinn at [sic] its co-conspirator Interbay, use of an artifice their letter "Engaging" the services of Legreca [sic] and Quinn is not and was not a standard procedure for a lender to influence an appraisal by the standards of FIERRA and USPAP.

Ex. 1 at 8.

Plaintiffs' subjective belief that the appraisal was discriminatory is not sufficient evidence to create a genuine issue of material fact with regard to the appraisal methods used or the USPAP standards. Instead, plaintiffs were required to present expert testimony to establish the standard of care governing the appraisal profession and to argue that Lagreca & Quinn's practices fell outside that standard of care. Davis v. Maute, 770 A.2d 36, 40 n.3 (Del. 2001) ("If a party intends to make an argument involving an issue that is 'within the knowledge of experts

9

only and not within the common knowledge of laymen,' the party must present competent expert testimony to support that argument.") (quoting Mazda Motor Corp. v. Lindahl, 706 A.2d 526, 533 (Del. 1998)). In order to qualify as "competent," the expert testimony must be reliable in the circumstances of the case. Id.; see also D.R.E. 702 (providing that a witness may provide expert opinions if "qualified as an expert by knowledge, skill, experience, training or education").

In sum, because there is no evidence that the appraisal underlying Interbay's lending decision was improper, much less discriminatory, plaintiffs have failed to establish a prima facie case of discrimination against Interbay.

II.     **PLAINTIFFS CANNOT MAINTAIN A FAIR HOUSING ACT CLAIM.**

Although not explicitly referenced in their Complaint, plaintiffs cannot, as a matter of law, maintain a claim of discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*. ("FHA"). The FHA prohibits, *inter alia*, discrimination against any person in the terms, conditions, or privileges of sale or rental of a dwelling. Id. § 3604. The FHA defines "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families. . . . Id. § 3602(b).

The Property at issue in this case does not constitute a "dwelling" since it is zoned commercial, and plaintiffs planned to use it for a commercial purpose. Compl. at 9; Ex. 1 at 5. See Home Quest Mortg. LLC v. American Family Mut. Ins. Co., 340 F. Supp. 2d 1177, 1184 (D. Kan. 2004) ("[T]he term "dwelling" does not, on its face, include commercial real estate such as a shopping center, a grocery store, or vacant land held for commercial use") (internal citations omitted)).

Therefore, while not explicitly asserted in plaintiffs' Complaint, any claim for violation of the FHA would fail as a matter of law.

### III. PLAINTIFFS' REMAINING CLAIMS AGAINST INTERBAY CANNOT STAND.

The remaining counts of plaintiffs' Complaint -- alleged violations of the professional standards for appraisers under FIRREA and USPAP and common law claims for negligence, professional negligence, fraud, and negligent misrepresentation -- all reiterate plaintiffs' contention that Lagreca & Quinn used two erroneous methods of evaluation in appraising the Property.

Because Interbay is not an appraiser and had no role in preparing the appraisal, Interbay's alleged liability for the remaining counts is premised on a theory of vicarious liability, *i.e.*, that Lagreca & Quinn acted as Interbay's agent in preparing the appraisal.  The Court has already disposed of these remaining counts as against Interbay in finding that there is no agency relationship between Interbay and the appraiser, as a matter of law, and that Interbay is not vicariously liable for any alleged discrimination by Lagreca & Quinn. (D.I. 32 at 8).  Therefore, to the extent plaintiffs continue to assert these claims against Interbay, because there is no agency relationship between the defendants, Interbay is not vicariously liable for any alleged act by Lagreca & Quinn as a matter of law.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, defendant Interbay Funding LLC respectfully requests that the Court grant judgment in Interbay's favor on all counts of plaintiffs' Complaint.

Respectfully submitted,

\_\_\_/s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

David M. Souders (admitted *pro hac vice*)
Sandra L. Brickel (admitted *pro hac vice*)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street, NW, Fifth Floor
Washington, DC  20036-1609
(202) 628-2000
(202) 628-2011 (fax)

Attorneys for Defendant Interbay Funding, LLC

Dated:  April 5, 2005

F:\95076\024\lslb437.brf(SummJudgment).doc

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 5th day of April, 2005, I electronically filed the foregoing Opening Brief of Defendant Interbay Funding, LLC, in Support of its Renewed Motion for Summary Judgment with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Carol J. Antoff, Esq.
> Reger & Rizzo, LLP
> 1001 Jefferson Plaza, Suite 202
> Wilmington, DE 19801

I further certify that on this 5th day of April, 2005, I have mailed by United States Postal Service, the document to the following non-registered participant:

> Robert and Shirley Brown
> 1024 Walnut Street
> Wilmington, DE 19801

> \_\_\_/s/ David L. Finger_____
> David L. Finger (DE Bar ID #2556)
> Finger & Slanina, LLC
> One Commerce Center
> 1201 Orange Street, Suite 725
> Wilmington, DE 19801-1155
> (302) 884-6766