**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT DELAWARE**

| | | |
|---|---|---|
| ROBERTE.BROWNand | ) | |
| SHIRLEY H. BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-6 17 SLR |
| INTERBAY FUNDING, LLC, and | ) | |
| LEGRECA & QUINN REAL ESTATE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS RESPONSE TO INTERBAY FUNDING, LLC'S

### FIRST SET OF INTERROGATORIES TO PLAINTIFFS

This is Plaintiffs response Pursuant to Rule 33 of the Federal Rules of Civil Procedure, to Defendant, Interbay Funding, LLC ("Interbay") requests that plaintiffs Robert E. Brown and Shirley H. Brown respond to Interbays' first set of Interrogatories.

### DEFINITIONS

The following definitions shall be defined as to the personal knowledge of, Time Lines, Meanings and Understandings of the issues being responded to by Plaintiffs, Robert E. and Shirley H. Brown, and theirs, unless specifically stated otherwise.

1. All information and responses shall pertain only to matters the Plaintiffs witnessed from personal knowledge, contact or interactions with sources by, talking personally with individuals (Personal Contact), Home or Office/Business Visit, Phone Communication, U.S. or Fed Ex, Mail, Email, or Fax.

2. Sources shall mean and refer only to individuals affiliated with the Real Estate Companies, Mortgage Companies, Appraisers, Finance Brokers and

their Agents, Representatives of the Business Entities involved in the litigation of the matters presently before this Court.

3. Persons named or mentioned in these responses shall mean those persons that worked in the packaging of the Sale and Financing and Appraisal of the Real Estate and processing of information related to the Plaintiffs attempt to get financing for the sale or purchase of the subject properties 2617- 2619- and 2625 Market Street and 1024 Walnut Street.

## INTERROGATORIES

1. Identify all persons who may possess knowledge of the allegations and assertions in your Complaint.

**RESPONSE:** Ron Skillings, Mortgage Broker, (National Skill Company), Steven P. Ulrich, Northern Bay Appraisal Company, (SRA, Certified Appraiser, No.X2-0000119), Stacey Bucklaw, Sales Manager, Interbay Funding LLC, Legreca and Quinn Real Estate Services, (MAI, SRA, Certified Appraisers), Duval Watson, Real Estate Agent, (RE/MAX, MetroStar) Estate), Janet Madric, Mortgage Broker, (Sunset Mortgage Company), Mr. Carl Chen, Manager, RE/MAX, (SUNVEST REALTY), Robert E. and Shirley H. Brown, (Plaintiffs).

2. Describe in detail the substance of the knowledge of each such person identified in response to Interrogatory No. 1.

**RESPONSE:** Time Line 12/ 09/ 2003 to 03/ 31/ 2004: Common knowledge believed to be known by persons names appearing in response to Defendant (Interbay) Interrogatory number 1, is that the Plaintiffs made application through several Mortgage Brokers affiliated with Interbay Funding LLC, a Mortgage Lender. First contact with Defendant (Interbay) was through Ron Skillings of the National Skill Company. Plaintiffs acquired a mortgage through Interbay funding LLC, on their business, the Walnut St. Deli, located at 1024 Walnut Street, in Wilmington Delaware. Plaintiffs

2

received a 15 year first mortgage on 1024 Walnut St which was paid in full prior to applying to Defendant (Interbay) for a mortgage for 2617- 2619, and 2625 Market Street. These properties were noticed by Robert and Shirley Brown, who were looking for an opportunity to expand their business. The properties 2617- 2619 and 2625 caught their eye one Sunday when they were out looking at several other properties.    Plaintiffs contacted the listing agent for the properties, Duval Watson, of Remax Real Estate Company. Mr. Watson informed the Plaintiffs that the properties had been on the market for about 7 years and that the owner was only asking for $128,000.00 for the total package. The Plaintiffs knew immediately that the properties were considerably below market value. Plaintiffs, applied to Ron Skilling, (National Skill Co.) their former Broker about a mortgage. They asked him to try to get the deal through with 90% of $128,00.00, with 10% down payment. This was the  terms of the contract for the subject properties 2617- 2619, and 2625 Market Street. Mr. Skillings told them that he would shop around for the best interest rate, and that because the properties were Commercial he was sure the requirements would require 80% financing with 20% down and 7-8% interest rate cap.  Mr. Skillings used the Appraisal Services of Steven P. Ulrich, for the purpose of appraising the subject properties market value of 2617- 2619- and 2625 Market Street which were Commercial properties. The appraiser chosen by Mr. Skilling, Steven P. Ulrich was a (SRA) certified residential appraiser. He appraised the subject properties at $140,000. Plaintiffs challenged the appraisal at that time and requested that Mr. Skillings get the appraiser who did the appraisal on their Commercial property the Walnut St. Deli located at 1024 Walnut Street, who was a (MIA) Certified Commercial Appraiser. Mr. Skillings contacted, Mr. Ulrich the appraiser telling him that the Plaintiffs challenged his appraisal of the subject properties. Mr. Ulrich, the appraiser contacted the Plaintffs, requesting the basis they felt the appraisal was low for the market value, based on the market comparables in the same general Zip Code area. He requested from the Plaintiffs the comparables in the area their research supported. Upon his receipt of the comparables in the same Zip Code area.  Mr.Ulrich agreed to do another appraisal on the subject properties. The second appraisal used properties that were more in line with the subject properties, the second appraisal came back at $205,000.00 market value for the subject properties 2617- 2619, 2625 Market Street. Upon the Plaintiffs request to Mr. Skillings,

3

why did he not submit their application to Interbay Funding LLC, where they had already established a credit history, he said ("I never though of that"), but he would call and talk to them about our application. During the period of awaiting a response from Interbay Funding LLC, another mortgage Company was contacted. Mr. Skilling had submitted the Plaintiffs application to Gelt Mortgage Company. They called the Plaintiffs about some issues concerning the application. Plaintiffs felt their interest rates were too high (somewhere around 9-11%). Mr. Skillings finally got back to Plaintiffs, after He and Interbay talked about the application. He told Plaintiffs that Interbay was interested in our deal 80% loan to value with 20% down and 7-8% rate, but he thought he could get a better interest rate from one of the three Mortgage Companies for them. At this time, Plaintiffs were quite annoyed with Mr. Skillings and Mr.Ulrich with whom they had been working for several months. The sales contract expiration date was March 31, 2004, and that time was quickly approaching.

The Plaintiff, Shirley H. Brown (while getting her hair shampooed at her friends' Hair Salon) was introduced to one of her friends' clients whose sister wrote mortgages and was given the businesses card of Ms. Janet Madric, of Sunset Mortgage Company. The Plaintiffs, who were facing an expiration date of their contract to purchase the subject properties, made an appointment to talk with Ms. Janet Madric. (Time Line March 11, 2004)

3.    Do you contend, as set forth in Paragraph c (page 3) of the Complaint, that the purchase price for the Subject Property was $128,000 and that Interbay offered you 80% financing of that purchase price with the requirement that you put down 20%?

**RESPONSE:** Yes! As a matter of fact, this evidence is supported in the production of documents requested by Interbay from the Plaintiffs.

Ms. Janet Madrics, intial contact with Interbay told her to have the Plaintiffs have their bank (WSFS) to write a letter as proof that the Plaintiffs had the 20% down payment and closing cost deposited the their account. This letter is also among the production of documents requested by Interbay Funding LLC.

4

4.     If your response to Interrogatory No. 3 above is in the affirmative, describe in detail the basis for your contention, including all facts in support of your belief that Interbay would finance 80% of the purchase price.

**RESPONSE:** See paragraphs 2 and 3 above... See original contract in Production of Documents requested by Interbay.

5. Explain in detail your plans for the Subject Property and what type of business(s) you intended to conduct on the premises.

**RESPONSE:** In addition to the purchasing of 2617- 2619- 2625- Market Street, Plaintiffs had also contracted to purchase 2627 Market Street, to expand their operation into an Eat-In Restaurant and  Banquet Room by adjoining the 2625 and 2627 first floors through previous entrances that existed in those two adjoining buildings.

6.     Explain in detail any plans you had to renovate or improve the Subject Property in the event you were able to purchase it.

**RESPONSE:** The plan was to repave the to parking lot, and make the entrances handicap accessible, repair both roofs, paint and enhance interior lighting, add exterior lighting, add security systems for monitoring inside and exterior safety, add hardwood flooring, enhance cosmetics, change  the entrance and exit features for security purposes, update all systems, adjoin existing walls for passage of access between both buildings to add or delete space to cater to the client, extend the hours of operation and employ 3-5 persons.   These plans were projected to expand Plaintiffs unique line of specialty menu and products (no pork menu or products).   This unique Trademark of  Walnut Street Deli has been supported by the community for the last 18 years.

7.     Describe in detail all the facts and circumstances supporting your contention, as set forth in Paragraph 1 (page 9) of the Complaint, that you suffered the following harm and damages: "Plaintiffs, lost business opportunity of expanding their business, the 'Walnut St. Deli' to a better location which provided parking for their

customers potential [sic] of increase in revenue."

    **RESPONSE :** Paragraphs 5 and 6 explained that improvements, expansion of operations and estimated projections were based on similar projects. These projections for increase in revenue were between $150,000.00 and $350,000 per year for the first 5 years. Acquisition of the real estate would propel the projected increase to total assets of $522,750.00.

    In and around May 6, 2004 to July 1-30, 2004 Plaintiffs listed for sale with RE/MAX SUNVEST REALITY the Walnut St. Deli located 1024 Walnut Street through RE/MAX Real Estate Manager, Mr. Carl Chen for $490,000.00.

    8.    Identify with specificity the "potential revenue" you claim to have lost as alleged in Paragraph 2 (page 9) of the Complaint. Include in your response the amount of compensatory damages and the amount of punitive damages to which you believe you are entitled and the method by which such amounts were computed.

    **RESPONSE:** The lost of income is explained in paragraph 7, response in terms of dollar amount of a low of $150,000.00 dollars as a low number to $350,000.00 high number not including the Real Estate (Fair Market Value of $522,000.00+). The compensatory damages as prescribed by law is three times cost or market value. Using the figures in response to paragraph 7 of this document, the projections amount to approximately between $450,000.00 and $1,050,000.00. The punitive damages would be more of a discretionary determination left solely on the Judge presiding over the matter.

    9.    Describe in detail all the facts and circumstances supporting your contention, as set forth in Paragraph g of the Complaint, that "[t]he appraisal was expected to come in at around the $200,000.00 range."

    **RESPONSE:** This contention is based on Plaintiffs' research and supporting evidence of, appraisers, Mr. Ulrick's (Northern Bay Appraisal Co.), and Legreca and Quinn's application and miss-application of methods used in the Real Estate Industry. Ulrick and Legreca and Quinn went out of their way to "low-ball " the appraisal of 2617-

2619- and 2625 Market Street. Miss-application of comparable properties to the subject properties, deliberately omitting the identification of properties within the same Zip Code of the subject properties, going outside of the Zip Code of the subject properties to use properties not even remotely similar to the subject properties, all show deviance from the appraisal code. The letter of Engagement, from Interbay Funding LLC to Legreca Quinn Real Estate Services Inc, required Legreca and Quinn to depart from the Standards of FIRREA and USPAP regulations. This conspiracy between Interbay and Legreca Quinn, is spelled out in the letter from Interbay, engaging the services of Legreca and Quinn Real Estate Services Inc. This letter of engagement also led to changing the terms of the contract that Plaintiffs initially agreed to. Mr. Ulrich changed his original appraisal due the Plaintiffs challenge of the appraisal he submitted. Plaintiffs showed comparables in the same Zip Code (he apparently over-looked), and the fact that when the Plaintiffs confronted him with comparables he then changed his first appraisal of the subject properties from $140,000.00 dollars to $205,000.00. As a result of the Plaintiffs challenge to the broker, Mr. Skillings, he refunded the fees for the appraisal with an apology.

      10.    Describe in detail all the facts and circumstances surrounding the seller's willingness to sell you the Subject Property for $178,900, if, as you contend in Paragraph 3 (page 9) of the Complaint, that the property was worth *$522,750.00*.

**RESPONSE:** Time Line March15, 2004: As of the final days of March 2004, and the news from Interbay and Legreca and Quinns Apraisal of 2617- 2619 and 2625 Market Street, Ms. Madric attempted to save the deal by getting the Sellers, Broker Mr. Watson to extend the time of the contract from March 31, 2004 to April 29, 2004. This is the time when Interbay told Ms. Madric of the changes in terms and conditions of the Plaintiffs contract. Ms. Madric and Mr. Watson are essentially the authors of the contract for $178,900.00 which involved some creative financing, and was approved by Interbay Funding LLC. The Plaintiff at this time were considering legal action.

      11.    Describe in detail all of your efforts to obtain financing for the Subject Property from lenders other than Interbay.

**RESPONSE:** Time Line December 9th, 2004 to March 31, 2004: Ron Skillings, of the National Skills Company had applied to two or three other Mortgage Companies, on behalf of the Plaintiffs, Interbay Funding LLC, was one, Gelt Financial Corporation was the 2nd, and Dollar Mortgage Company was a third. The last two lenders terms, rates, and conditions were poor.

      12.    State whether there were any other appraisals prepared for the Subject Property either before or after the Lagreca & Quinn appraisal and describe in detail the results of any such appraisal.

      **RESPONSE:** Yes! See paragraph 2 and 9 of this document…

      13.    Describe in detail all the facts and circumstances supporting your contention, as set forth in Paragraph *5* (page 8) of the Complaint, that Lagreca and Quinn's use of comparables outside the designated area is a "method [that] is out of the normal practice used in appraising and valuing Non-African American applicant properties in similar situations.

RESPONSE: This question appears to be of no purpose because you know that the FHA, HUD, ECOA, CFR § B, en esq. of the Federal Code and other supporting Statutes, state that there shall be no discrimination in the processing of any applications and that all applications should be given the same fair and equal consideration… The omission of methods, misapplication, and departure by Legreca and Quinn at its co-conspirator Interbay, use of an artifice their letter "Engaging" the services of Legreca and Quinn is not and was not a standard procedure for a lender to influence an appraisal by the standards of FIERRA and USPAP.

      14.    Describe in detail all the facts and circumstances supporting your contention that Interbay engaged in discriminatory conduct against you.

      **RESPONSE:** Essentially all the preceding paragraphs 2 through 14 in this document support Plaintiffs assertions that Interbay and co-conspirator Legreca and Quinn, used erroneous methods in the presentation and application of appraising the

subject properties.  The applications used are in violation of FIERRA and USPAP, FHA, HUD, ECOA, CFR § B, en esq. which constitute (according to the afore mentioned organizations) discrimination.

15.    Identify all persons at Interbay who knew or should have known of the alleged discriminatory conduct against you.

**RESPONSE:** Stacey Bucklaw, Karon Fugok

16.    Identify the person(s) you expect to call as witnesses at the trial of this matter.

**RESPONSE:** Ron Skillings, Steven Ulrich, Duval Watosn, Janet Madric, Micheal A. Legreca, Stacey Bucklaw, Karen Fugok.

17.    Summarize the expected and/or anticipated testimony of each witness identified in Interrogatory No. 16.

**RESPONSE**: See paragraphs 2 through 16, of this document...

18.    Identify all expert witnesses you intend to call at the trial of this matter and state the facts upon which they base their opinions.

RESPONSE: (UNDECIDED AT THIS TIME)

19.    Summarize the expected and/or anticipated testimony of each expert witness identified in your Response to Interrogatory No. 18.

**RESPONSE**:  (N/A AT THIS TIME)

20.    Identify each and every loan you ever obtained from Interbay, including the date you obtained the loan(s), the amount of the loan(s), and the current status of the loan(s). See paragraph 2 of this document...

9

RESPONSE:

21.    Identify each and every instance in which you have been either a plaintiff or a defendant in any lawsuit over the past five years by providing the names of the parties, the case number, the court, and the nature and outcome of the case.

**RESPONSE:** Objection, goes to relevance. Plaintiffs do not see how the question pertains to the issue at litigation presently before the Court.

Robert E. Brown, Pro Se.

Shirley A. Brown, h/w
1024 Walnut Street
Wilmington, DE. 19801
(302) 652-9959

# IN THE UNITED STATES DISTRICT COUT FOR THE DISTRICT OF DELAWARE

Robert E. Brown and                         :
Shirley H. Brown h/w                        :
        Plaintiffs,          :
        v.                   :        Civil Action No. 04- 617- SLR
                             :
Interbay Funding LLC, and                    :
Legreca & Quinn Real Estate                  :
 Services Inc.                             :
        Defendants            :

## CERTIFICATE OF SERVICE OF PLAINTIFFS RESPONSE TO INTERBAY FUNDING, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS

This to certify that on this 21st day of February, 2005, copies of PLAINTIFFS

RESPONSE TO INTERBAY FUNDING, LLC'S FIRST SET OF NTERROGATORIES

TO PLAINTIFFS were served on the following attorney's listed below:

David Souders
Sandra Brickel
1300 19th Street N.W
5th Floor
Washington, D.C. 20036-1609
(202) 628-2000
Attorney's for Interbay

David Finger, Esq.
Commerce Center
1200 Orange Street
Wilmington, DE 18701
Attorney for Interbay.

Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Legreca & Quinn

Robert E. Brown, Pro Se.

Shirley H. Brown, h/w
1024 Walnut Street
Wilmington, DE. 19801
(302) 652- 9959

11