**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT DELAWARE**

| | | |
|---|---|---|
| ROBERT E. BROWN and | ) | |
| SHIRLEY H. BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-617 SLR |
| | ) | |
| INTERBAY FUNDING, LLC, and | ) | |
| LEGRECA & QUINN REAL ESTATE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DEFENDANT INTERBAY FUNDING, LLC,
IN RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COMES defendant Interbay Funding, LLC ("Interbay"), by and through its undersigned attorneys, and responds to plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(c) (the "Motion") as follows:

1.      Plaintiffs are not entitled to judgment as a matter of law on their claims against Interbay.  If anything, plaintiffs' Motion highlights the shortcomings in their case against Interbay, and provides further support for Interbay's Renewed Motion for Summary Judgment. (D.I. 76).

2.      As an initial matter, contrary to plaintiffs' assertion, Interbay has not "defaulted" in this action.  Motion at 5.  As set forth in Interbay's Opposition to Plaintiffs' Motion for Default, plaintiffs misconstrue the Federal Rules of Civil Procedure as requiring Interbay to respond to the Complaint even though its motion to dismiss was pending before the Court.  (D.I. 44).  Because a cursory reading of Rule 12 demonstrates plaintiffs' error, their continued pursuit of this meritless claim is improper.

3.      In their Motion, plaintiffs assert that Interbay discriminated against them by relying on an allegedly erroneous appraisal prepared by defendant Lagreca & Quinn.  Motion at 6.  In order to demonstrate that Interbay discriminated against them, however, plaintiffs first needed to establish that the appraisal itself was discriminatory.  (D.I. 32).  Plaintiffs proffer no evidence to show that the appraisal was improper, much less discriminatory.  Indeed, their so-called "Undisputed Facts" consist of nothing more than their personal opinions and interpretations of the standards governing the real estate appraisal profession.  Motion at 4-5.

4.      Plaintiffs admit that they have not retained an expert on the subject of real estate appraisals.  (D.I. 74, Ex. 3 at 9:19-22).  Without expert testimony, however, plaintiffs cannot show that the appraisal was improper.  Davis v. Maute, 770 A.2d 36, 40 n.3 (Del. 2001) ("[i]f a party intends to make an argument involving an issue that is 'within the knowledge of experts only and not within the common knowledge of laymen,' the party must present competent expert testimony to support that argument") (quoting Mazda Motor Corp. v. Lindahl, 706 A.2d 526, 533 (Del. 1998)).

5.      Thus, because they have no evidence that the appraisal was discriminatory, plaintiffs certainly are not entitled to judgment on their claim against Interbay for discrimination under the Equal Credit Opportunity Act, 15 U.S.C.§§ 1691 et seq.

6.      Moreover, with respect to plaintiffs' Fair Housing Act claim (42 U.S.C. §§ 3601 et seq.), as pointed out in Interbay's Renewed Motion for Summary Judgment, plaintiffs do not allege a violation of the FHA in their Complaint.  (D.I. 76 at 10).  Even so, any such claim would fail as a matter of law because the property plaintiffs sought to purchase was not a "dwelling" under the FHA, but instead was a commercial property.  Id.

7.      Finally, plaintiffs inexplicably assert for the first time in their Motion that Interbay violated 12 C.F.R. § 34.46, a provision of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").  Motion at 5.  Not only is it improper for plaintiffs to raise a new allegation in a summary judgment motion, but it is also apparent from a plain reading of that code provision that it has no application to Interbay and the non-federally related transaction at issue in this case.

8.      For these reasons, the Court should find that plaintiffs are not entitled to judgment in their favor on any of their claims against Interbay.

WHEREFORE, for the foregoing reasons, defendant Interbay Funding, LLC, respectfully requests that this Court deny Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,


_____/s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

David M. Souders (admitted *pro hac vice*)
Sandra L. Brickel (admitted *pro hac vice*)
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC  20036-1609
(202) 628-2000 (phone)
(202) 628-2011 (fax)

Attorneys for Defendant Interbay Funding, LLC


Date:  April 18, 2005

F:\95076\024\lslb442.brf(OppSummJ).doc

<u>**CERTIFICATE OF SERVICE**</u>

I, David L. Finger, hereby certify that on this 18th day of April, 2005, I electronically filed Defendant Interbay Funding, LLC's Response to Plaintiffs' Motion for Summary Judgment with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Carol J. Antoff, Esq.
> Reger & Rizzo, LLP
> 1001 Jefferson Plaza, Suite 202
> Wilmington, DE 19801

I further certify that on this 18th day of April, 2005, I have mailed by United State Postal Service, the document to the following non-registered participants:

> Robert and Shirley Brown
> 1024 Walnut Street
> Wilmington, DE  19801

> _____/s/ David L. Finger_____
> David L. Finger (DE Bar ID #2556)
> Finger & Slanina, LLC
> One Commerce Center
> 1201 Orange Street, Suite 725
> Wilmington, DE 19801-1155
> (302) 884-6766