IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT DELAWARE

| | | |
|---|---|---|
| ROBERT E. BROWN and SHIRLEY H. BROWN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-617 SLR |
| INTERBAY FUNDING, LLC, and LEGRECA & QUINN REAL ESTATE SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY MEMORANDUM OF DEFENDANT INTERBAY FUNDING, LLC, IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT**

NOW COMES defendant Interbay Funding, LLC ("Interbay"), by and through its undersigned attorneys, and submits the following Reply Memorandum in response to Plaintiffs' Motion to Dismiss Defendants Motions for Summary Judgment ("Answering Brief") and in further support of Interbay's Renewed Motion for Summary Judgment.

1. Plaintiffs' Answering Brief, which is brief in length and even shorter in substance, keenly highlights the fact that plaintiffs cannot demonstrate essential elements of their claims against Interbay and that a grant of summary judgment in Interbay's favor is warranted. Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986).

2. Plaintiffs have failed to carry their burden of setting forth specific facts showing that there is a genuine issue for trial in this case. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In order to demonstrate that Interbay discriminated against them, plaintiffs first needed to establish that the appraisal itself was discriminatory. (D.I.

32).  Plaintiffs proffered no evidence to show that the appraisal was improper, much less discriminatory.

3.    Indeed, plaintiffs' only response to the arguments raised by Interbay in its opening brief is their unsupported contention that the appraiser for the property lacked the proper credentials to perform commercial appraisals.  Even if plaintiffs' assertion was correct, a lack of qualification would not be tantamount to discrimination.  Plaintiffs simply cannot show that the appraisal was improper without expert testimony to establish the standard of care governing the appraisal profession.

4.    Plaintiffs blithely conclude their brief by asserting that "[t]he actions of Interbay Funding LLC and Legreca [sic] and Quinn, are obvious violations of the Federal Statutes, USPAP Regulations, as well as Appraisal Institutes Ethics and Rules and other discriminatory practices … To invoice all the Laws, Statutes, and violations of USPAP, FIERRA, and the Appraisal Institute would only serve to be cumulative."  Answering Brief at 2.  In point of fact, this is precisely the juncture at which plaintiffs need to come forward with the specific facts that support their alleged claims or else face an entry of judgment against them.  Plaintiffs' bare legal assertions can carry them no farther, no longer.

5.    Nor should it escape the Court's attention that, by plaintiffs' own admission, they contracted to pay $128,000 for a property that sat on the market for seven years.  (D.I. 76, Ex. 1 at 3).  Therefore, it truly strains credulity to assert, as plaintiffs do, that the appraisal should have come back at $200,000 instead of the $140,000 figure reached by Lagreca & Quinn.

6.    Finally, given that they have no evidence to support their claims, it is wholly inappropriate for plaintiffs to continue to ask the Court to presume that defendants discriminated against them.

WHEREFORE, for the foregoing reasons, as well as the reasons set forth in its opening brief in support of its renewed motion for summary judgment, defendant Interbay Funding, LLC, respectfully requests that this Court grant its Renewed Motion for Summary Judgment.

          Respectfully submitted,

            /s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766

David M. Souders (admitted *pro hac vice*)
Sandra L. Brickel (admitted *pro hac vice*)
Weiner Brodsky Sidman Kider PC
1300 19th Street, NW, Fifth Floor
Washington, DC 20036-1609
(202) 628-2000 (phone)
(202) 628-2011 (fax)

Attorneys for Defendant Interbay Funding, LLC

Date: April 18, 2005

F:\95076\024\lslb443.brf(ReplySummJ).doc

**CERTIFICATE OF SERVICE**

I, David L. Finger, hereby certify that on this 18th day of April, 2005, I electronically filed Defendant Interbay Funding, LLC's Reply Memorandum In Support of Its Renewed Motion for Summary Judgment with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

> Carol J. Antoff, Esq.
> Reger & Rizzo, LLP
> 1001 Jefferson Plaza, Suite 202
> Wilmington, DE 19801

I further certify that on this 18th day of April, 2005, I have mailed by United State Postal Service, the document to the following non-registered participants:

> Robert and Shirley Brown
> 1024 Walnut Street
> Wilmington, DE  19801

> /s/ David L. Finger
> David L. Finger (DE Bar ID #2556)
> Finger & Slanina, LLC
> One Commerce Center
> 1201 Orange Street, Suite 725
> Wilmington, DE 19801-1155
> (302) 884-6766