UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and, ) | |
| SHIRLEY H. BROWN, h/w, ) | C. A.  04-617 SLR |
| Plaintiffs, ) | |
| v. ) | |
| ) | JURY DEMANDED |
| INTERBAY FUNDING, LLC, and ) | |
| LEGRECA & QUINN REAL ESTATE ) | |
| SERVICES INC., ) | |
| Defendants. ) | |

**ANSWERING BRIEF
OF DEFENDANT LEGRECA & QUINN TO PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT, D.I. 78**

REGER & RIZZO, LLP

/s/ *Carol J. Antoff*
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant Legreca & Quinn

Dated; April 18, 2005

# TABLE OF CONTENTS

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT

    1.     Plaintiffs lack supporting evidence, data or qualified opinion for any of their arguments or allegations regarding violations of appraisal standards, regulations and law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    2.     Plaintiffs lack supporting evidence or data for any of their arguments or allegations regarding their Discrimination Claim . . . . . . . . . . . . . . 6

    3.     Plaintiffs lack supporting evidence or data for any of their arguments or allegations regarding Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    4.     Plaintiffs lack supporting evidence, data or qualified opinion for any of their arguments or allegations regarding Negligence and Professional Negligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF CITATIONS

**Case law**

*Anderson V. Liberty Lobby, Inc.*, 447 U.S. 248 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7, 9, 10, 11

*Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . 4

*In re Student Finance Corp.*, 2004 WL 609329 (D. Del., March 23, 2004) . . . . . . . . . . . . . . . . 7

*New Haverford Partnership v. Stroot*, 772 A.2d 792 (Del. 2001) . . . . . . . . . . . . . . . . . . . . . . . 10

*Norfolk v. Mid Atlantic Reality Company, Inc.*, 2001 WL 695547 (Del. Super., 2001) . . . . . . . 10

*Rizzitiello v. McDonald's Corp.*, 2005 WL 545014 (Del., March 1, 2005) . . . . . . . . . . . . . . . . . . 6

*Stephenson v. Capano Dev., Inc.,* 462 A.2d 1069, 1074 (Del., 1983) . . . . . . . . . . . . . . . . . . . . . . 7

**Other**

Uniform Standards of Professional Appraisal Practice ("USPAP") . . . . . . . . . . . . . . . . . . . . . . . 5

## NATURE AND STAGE OF PROCEEDINGS

This action commenced on or about June 28, 2004, when Plaintiffs filed a Complaint alleging they sustained lost business opportunity, lost future income and lost equity in real property as a result of Defendant's discrimination, fraud, negligence and professional negligence. The Complaint is part of the record as D.I. 1.

All discovery has been exchanged and Plaintiff Robert Brown was deposed on March 17, 2005, pursuant to this Honorable Court's Order D.I. 68 and prior to its Order D.I. 70. The portions of Mr. Brown's deposition which are cited herein are attached hereto as Exhibit 2 and made a part hereof.

All parties have filed motions pursuant to F.R.C.P. 56. This is Defendant Lagreca & Quinn Real Estate Services, Inc. (hereinafter "Lagreca & Quinn")'s answer to Plaintiffs' motion for summary judgment.

**SUMMARY OF ARGUMENT**

      PLAINTIFFS ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW, BUT LAGRECA AND QUINN IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THE RECORD SHOWS THAT PLAINTIFFS CANNOT MAKE A SUFFICIENT SHOWING ON SEVERAL ESSENTIAL ELEMENTS OF THEIR CLAIMS.

1. Plaintiffs lack supporting evidence, data or qualified opinion for any of their arguments or allegations regarding violations of appraisal standards, regulations and law.

2. Plaintiffs lack supporting evidence or data for any of their arguments or allegations regarding their Discrimination Claim.

3. Plaintiffs lack supporting evidence or data for any of their arguments or allegations regarding Fraud.

4. Plaintiffs lack supporting evidence, data or qualified opinion for any of their arguments or allegations regarding Negligence and Professional Negligence.

## STATEMENT OF FACTS

Plaintiffs entered a sales agreement to purchase the property located on three tax parcels at 2617, 2619 and 2625 Market Street, Wilmington, Delaware (hereinafter "subject property"). (Complaint, D.I. 1, p. 2). Co-defendant Interbay Funding, LLC agreed to give Plaintiffs financing for the property. (D.I. 1, p. 4). Plaintiffs also received offers of financing from two other sources. (Plaintiffs' answers to interrogatories, D.I. 75, Exh.1, p. 8).

Plaintiffs allege that Defendant Lagreca & Quinn used erroneous methods to appraise the subject property in violation of numerous standards of appraisal practice, regulations and federal statute. (D.I. 1). Lagreca & Quinn denies that there was any error in the analyses, findings or conclusions of its appraisal. (D.I. 7). Plaintiffs have not obtained the professional opinion or even consulted a licensed appraiser regarding the accuracy and thoroughness of the appraisal. (Brown deposition, attached hereto as Exh. 2). Plaintiffs have relied solely on the personal opinion of Plaintiff Robert Brown to support their allegations and arguments. (D.I.1; Brown depo).

# ARGUMENT

## STANDARD OF REVIEW

Summary judgment is only permitted if the record, together with any affidavits, shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c).

Facts are material only if their existence could alter the outcome of the fact-finder's decision. *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3rd Cir. 1995). Thus, if the existence of a fact would not alter the outcome of this action, that fact is not material and any dispute that such a fact may or may not exist would not preclude summary judgment.

Furthermore, an issue is genuine only if "evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Id.* In the instant action, Plaintiffs have the burden of proof. Therefore, if the record shows that Plaintiffs were unable to make a sufficient showing of proof on an essential element of any claim Defendants would be entitled to judgment as a matter of law, but Plaintiffs would not. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, in considering a motion for summary judgment, the court must consider all evidence in the light most favorable to the non-moving party. *Anderson V. Liberty Lobby, Inc.*, 447 U.S. 248, 255 (1986).

# ARGUMENT

**Plaintiffs are not entitled to judgment as a matter of law, but Lagreca and Quinn is entitled to summary judgment because the record shows that Plaintiffs cannot make a sufficient showing on several essential elements of their claims.**

**1. Plaintiffs lack supporting evidence, data or qualified opinion for any of their arguments or allegations regarding violations of appraisal standards, regulations and law.**

The Plaintiffs' claims and all of their arguments are based on Mr. Brown's personal interpretation of the Uniform Standards of Professional Appraisal Practice (hereinafter "USPAP"), federal statutes, and federal regulations. *See*, portions of Brown deposition attached hereto.

The USPAP is a technical manual written specifically for use by state and federal agencies and professional appraisers. It uses professional jargon which requires interpretation by someone trained in appraisal practice in order for the language and meaning of each standard therein to be correctly construed.

Discovery is complete in this action and Plaintiffs have deliberately chosen not to obtain the opinion of any person who would be qualified to testify regarding the proper interpretation of the USPAP. In fact, Mr. Brown testified that he did not need to obtain an opinion from a licensed appraiser because no one in the field of real estate appraisal was smarter than he. (Brown depo., p. 32, ln. 1-14).

Mr. Brown is not qualified by education, training, or experience to testify as to the proper interpretation of the USPAP.

Mr. Brown even misinterprets the meaning of the designation "SRM" and misrepresents that it means Mr. Lagreca is not qualified to appraise commercial property. *See,* D.I. 82.

The State of Delaware issued Mr. Lagreca a Professional License as a Certified General Real Property Appraiser, deeming him as qualified to appraise commercial as well as residential property.

5

Mr. Lagreca has extensive experience in appraising commercial property. A summarized list of Mr. Lagreca's experience and qualifications and a copy of his Delaware Professional License are already a part of the record in this action as Exhibit A to Lagreca & Quinn's Response Brief, D.I. 26. For convenience, a copy of the license and the qualifications page are attached hereto as Exhibit 1.

Mr. Brown has misunderstood and/or misinterpreted and thereafter misrepresented the meaning and intent of the standards and regulations which Plaintiffs allege have been violated. Upon information and belief, the *pro se* Plaintiffs have not retained legal counsel to interpret federal law.

All of Plaintiffs' allegations and arguments are based on Mr. Brown's misinterpretation of standards, statutes, regulations, discovery, and the record in this action; none of their allegations or arguments are supported by qualified opinion or data.

Therefore, the record clearly shows that Plaintiffs cannot sustain their burden of proof on any of their claims and that the defendant Lagreca & Quinn is entitled to judgment as a matter of law while Plaintiffs are not.  *Celotex*, *supra*.

**2.     Plaintiffs lack supporting evidence or data for any of their arguments or allegations regarding their Discrimination Claim.**

In order to sustain their burden of proof for their claim of discrimination against Lagreca and Quinn, Plaintiffs must show that they were treated disparately by Defendant because of their race and that Plaintiffs suffered harm as a result of the disparate treatment. *Rizzitiello v. McDonald's Corp.*, 2005 WL 545014 at *3 (Del., March 1, 2005).

During his deposition, Mr. Brown testified that Plaintiffs have no evidence that Legreca & Quinn has appraised properties for other potential buyers by using different methods of appraisal when the property appraised was similar to the subject property. (Brown depo., p. 19, ln.11-18.)

Therefore, Plaintiffs have failed to establish that the appraisal performed by Lagreca & Quinn

of the subject property for which Plaintiffs were the potential buyers was different than any appraisal of similar property performed by Lagreca & Quinn for non-minority potential buyers.

Thus, Plaintiffs are unable to make a sufficient showing on the essential element of their discrimination claim regarding whether Lagreca and Quinn treated them disparately because of their race. Moreover, there is fact which would affect the outcome of Plaintiffs' claim of discrimination since Plaintiffs fail to meet their burden of proof on this element.

In light of the above, Defendant Legreca & Quinn is entitled to judgment as a matter of law on the issue of discrimination, but Plaintiffs are not. *Celotex, supra*.

3. **Plaintiffs lack supporting evidence or data for any of their arguments or allegations regarding Fraud.**

Plaintiffs failed to make allegations of fraud with specificity in their Complaint pursuant to F.R.C.P. 9(b) and, therefore, should be barred from bringing this cause of action.

In the event that Plaintiffs' procedurally defective fraud claim is allowed, Plaintiffs must establish that Defendant Legreca & Quinn made a false representation of fact in its appraisal report, that Lagreca & Quinn knew or believed the representation was false, that Defendant intended to induce Plaintiffs to some action, that Plaintiffs justifiably relied upon the representation, and that such reliance caused Plaintiffs to sustain damages. *In re Student Finance Corp.*, 2004 WL 609329 at*3 (D. Del., March 23, 2004) (citing *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del., 1983).

Furthermore, since this is Plaintiffs' motion for summary judgment, this court must consider the facts in the light most favorable to Defendant. Even assuming, *arguendo*, that the appraisal report prepared by Lagreca and Quinn contains a false statement, which is strictly denied, the record clearly shows that Plaintiffs cannot sustain their burden on the elements of intent, justifiable reliance,

7

and damages.

It is uncontested that Defendant Legreca & Quinn was under contract with Interbay Funding, LLC, (hereinafter "Interbay") to produce an appraisal report of the subject property. The complete Appraisal Report is already a part of this record as Exhibit A to Legreca & Quinn's Brief, D.I. 26. Addendum A to the Appraisal Report is an accurate copy of the Letter of Engagement. General Requirement Number 6 of the Letter of Engagement indicates that the Appraisal Report was to be prepared for the sole use of Interbay and not to be divulged to anyone else, including the Plaintiffs.

It is also uncontested that the intent of Lagreca and Quinn in preparing the appraisal report was to satisfy its contractual obligations to provide a complete appraisal of the subject property for Interbay's use. Since Lagreca and Quinn did not prepare the appraisal with any intent that it ever be seen by Plaintiffs, it cannot be construed that any statement made by Lagreca and Quinn in the appraisal report was made with an intention to cause the Plaintiffs to act.

In addition, the appraisal report was prepared at the request of Interbay so that it could determine the value of collateral Plaintiffs would provide for the loan they were seeking in order to determine whether or not to provide Plaintiffs a loan. Therefore, only Interbay's actions could be affected by any statement contained within the Appraisal Report.

Thus, the record shows that Plaintiffs cannot sustain their burden to prove that Legreca & Quinn had an intent to have Plaintiffs rely in any way on any statement contained within the Appraisal Report. Nor can Plaintiffs meet their burden on justifiable reliance, as the record also shows.

Furthermore, the record clearly shows that the appraisal report did not affect Plaintiffs' ability to obtain a loan to purchase the subject property: (1) Mr. Brown answered affirmatively to Interbay's Contention Interrogatory Number 3 which asked "[d]o you contend, as set forth in

Paragraph c (page 3) of the Complaint, that the purchase price for the Subject Property was $128,000 and that Interbay offered you 80% financing of that purchase price with the requirement that you put down 20%?" *See* D.I. 52; (2) Interbay admitted, in its Answer to the Complaint at "I" on page 3, that it agreed to finance Plaintiffs' purchase of the subject property. It is uncontested that this offer occurred after Interbay received Lagreca and Quinn's appraisal report. *See* D.I. 36; (3) in their response to Interbay's Interrogatory Number 11 and Request for Production of Documents, Plaintiffs admitted that they had received mortgage offers from at least two other lenders and provided documents evidencing these offers. *See* D.I. 52 & D.I. 53; and (4) It is uncontested that Lagreca and Quinn appraised the value of the subject property at $140,000.00 while Plaintiffs had signed a Sales Contract to purchase the subject property for only $128,000.00. Therefore, Plaintiffs cannot sustain their burden to prove that Plaintiffs suffered harm as a result of any action taken or statement made by Lagreca and Quinn.

      Moreover, even if, as Plaintiffs apparently allege, Plaintiffs' failure to purchase the subject property caused them to sustain lost business, lost income and lost equity, Plaintiffs' failure to purchase the subject property and any damages resulting from such failure, was not caused by any action taken or any statement made by Lagreca and Quinn.

      Since Plaintiffs fail to make a sufficient showing of proof on essential elements of their fraud claim, Lagreca and Quinn is entitled to judgment as a matter of law but Plaintiffs are not. *Celotex*, *supra*.

**4.**     **Plaintiffs lack supporting evidence, data or qualified opinion for any of their arguments or allegations regarding Negligence and Professional Negligence.**

      In order to sustain their claims for negligence and professional negligence, Plaintiffs must establish that Legreca & Quinn owed them a duty, that Defendant breached that duty and that the

breach of duty was the proximate cause of Plaintiffs' harm. *New Haverford Partnership v. Stroot*, 772 A.2d 792, 798 (Del. 2001).

Furthermore, the standard of care applicable to a professional can only be established through expert testimony. *Norfolk v. Mid Atlantic Reality Company, Inc.*, 2001 WL 695547 at *5 (Del. Super.,2001).

During his deposition, Mr. Brown testified that he has not consulted any real estate appraisal expert. (Brown depo, p. 9, l. 19-22)

Without expert testimony, Plaintiffs cannot establish any professional standard of care that Lagreca and Quinn may have owed them. Therefore, the record shows that Plaintiffs have failed to establish a professional standard of care, an essential element of their claim for professional negligence.

Under these circumstances, Lagreca & Quinn is entitled to judgment as a matter of law on Plaintiffs' claim of professional negligence but Plaintiffs are not. *Celotex, supra.*

In addition, as argued above, it is uncontested that the value of the subject property according to Lagreca and Quinn's appraisal ($140,000) was higher than the purchase price for which Plaintiffs agreed to buy the subject property ($128,000). Thus, Plaintiffs were not kept from purchasing the subject property as a result of Lagreca and Quinn's appraisal and Plaintiffs have even admitted that they had mortgage offers from at least three separate lenders.

Clearly, Plaintiffs' failure to purchase the subject property, and any alleged damages resulting from such failure, was not caused by any action taken or any statement made by Lagreca and Quinn. Thus, even if, *arguendo*, Plaintiffs' failure to purchase the subject property caused them to sustain lost business, lost income and lost equity.

Since damages is an essential element of Plaintiffs' negligence claim and the record shows

10

Plaintiffs did not sustain damages as a result of any action taken by Legreca & Quinn, Defendant is entitled to judgment as a matter of law for the claim of negligence, but Plaintiffs are not. *Celotex, supra.*

In addition, Plaintiffs cannot make a sufficient showing to meet their burden as to breach of duty or negligence on the part of Lagreca and Quinn. During his deposition, Mr. Brown stated that Plaintiffs have (1) failed to obtain a real property appraisal expert to review the Appraisal Report prepared by Defendant Legreca & Quinn (Brown depo, p.5, l. 2-5); (2) failed to obtain a report from a real estate appraisal expert which indicates that the subject property should not have been appraised as a building located on a total of 6,970 square feet (Brown depo., p.8, l.17-22 & p.9, l.16 - 18); (3) failed to consult any real estate appraisal expert in order to obtain an opinion regarding a Complete Appraisal of the subject property (Brown depo., p. 9, l.19 - 22); (4) failed to obtain an expert opinion on the appropriate appraisal methods for the subject property (Brown depo., p. 9, l. 23 - p.10, l. 3 & l. 9 - 13); and (6) failed to obtain an expert opinion regarding whether Lagreca and Quinn's appraisal report conformed to the required Standards of Property Appraisal Practice (Brown depo., p. 29, l. 20 - 22).

Lagreca & Quinn denies that it was negligent in any manner, thereby disputing Plaintiffs allegations and raising genuine issues of material fact. Therefore, Plaintiffs are not entitled to summary judgment. However, since the record shows that Plaintiffs cannot make a *prima facie* case for their claims of negligence, Lagreca & Quinn is entitled to judgment as a matter of law.

## CONCLUSION

Even taking all facts in the light most favorable to Plaintiffs, contrary to what this Court may do when deciding Plaintiffs' motion for summary judgment, the plaintiffs fail to make a sufficient showing on several elements of each of their claims. Therefore, Plaintiffs are not entitled to judgment as a matter of law on any of their claims and Plaintiffs' motion for summary judgment should be denied.

WHEREFORE, Defendant Legreca & Quinn Real Estate Services, Inc., respectfully request that this Honorable Court grant judgment in its favor and against Plaintiffs denying Plaintiffs' motion for summary judgment and granting Lagreca & Quinn summary judgment, dismissing all actions against Lagreca & Quinn with prejudice and granting it damages in an amount sufficient to compensate it for the costs incurred in defending this action including reasonable attorney's fees.

REGER & RIZZO, LLP

/s/ *Carol J. Antoff*
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
Attorney for Defendant Legreca & Quinn

Dated: April 18, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and, ) | |
| SHIRLEY H. BROWN, h/w, )  | C. A.  04-617 SLR |
|       Plaintiffs, ) | |
|   v. ) | |
| ) | JURY DEMANDED |
| INTERBAY FUNDING, LLC, and ) | |
| LEGRECA & QUINN REAL ESTATE ) | |
| SERVICES INC., ) | |
| ) | |
|       Defendants. ) | |

## ORDER

NOW this _____day of _____, 2005, having considered Plaintiffs' Motion and all responses thereto, it is ORDERED and DECREED that Plaintiffs' motion for summary judgment is DENIED and judgment is ordered in favor of Defendant(s) Lagreca & Quinn Real Estate Services and Interbay Funding, dismissing all claim against Defendant(s) with prejudice.

_____
J. Robinson