Westlaw.

Not Reported in A.2d                                                                                                Page 1
2001 WL 695547 (Del.Super.)
(Cite as: 2001 WL 695547 (Del.Super.))

H
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Delaware.
Allissia NORFLEET, Allissia Norfleet, Next Friend for Ryan Norfleet and Aaron
Fruits; Ronell Hackett, Stacy Napier, Jeongh Tae Lee and Duckson Lee
Individually and as Guardians Ad Litem for Won Ki Lee and Hyungh Lee, Minors.
Plaintiffs,
v.
MID-ATLANTIC REALTY CO., INC., a Delaware corporation; and Devon Wedgewood
Partners, a Delaware general partnership and/or Devon Place Trust, Defendants-
Third Party, Plaintiffs,
v.
Anthony W. RICH, Third Party Defendant.
No. Civ.A 95C-11-008WLW.

Submitted Feb. 26, 2001.
Decided April 20, 2001.

Upon Plaintiffs' Motion for Reargument. Denied.

Upon Defendants' Renewed Motion for Summary Judgment. Denied in part. Granted in part.

Upon Plaintiffs' Motion to Exclude Testimony of Defendants' Expert. Denied.

Upon Defendants' Motion to Exclude Testimony of Plaintiffs' Expert. Granted.

Edward Curley, Whitehurst & Curley, Dover, Delaware, for the Plaintiffs.

Robert K. Pearce, Trzuskowski Kipp Kelleher & Pearce, P.A., Wilmington, Delaware, for the Defendants-Third Party Plaintiffs.

Roy S. Shiels, Brown Shiels Beauregard & Chasanov, for Third Party Defendant.

OPINION AND ORDER

WITHAM, J.

*1 This case involves the duties and responsibilities of a landlord to tenants for injuries sustained following a fire at the Towne Pointe apartment complex.

In February of this year, the Court granted Mid-Atlantic Realty Co., Inc.'s ("Defendant") motion for summary judgment in part and denied the motion in part. Essentially, the Court granted summary judgment with respect to the negligence *per se* claims brought against the Defendant and denied summary judgment as to the remaining claims. This decision has earned a wealth of motions from all parties. The offensive began with Allissia Norfleet, Ryan Norfleet, Aaron Fruits, Ronell Hackett, Stacy Napier, Jeongh Tae Lee, Duckson Lee, Won Ki Lee and Hyungh Lee (collectively "Plaintiffs") filing a motion for reargument pursuant to *Superior Court Civil Rule 59*. Also outstanding is the Plaintiffs' motion in limine to exclude the testimony of Fred V. Quercetti ("Quercetti"), Defendant's standard of care expert for professional apartment owners and managers. The Defendant counter-attacked with a renewed motion for summary judgment. In addition, Defendants have pending before the Court a motion in limine to exclude the testimony of Plaintiffs' expert, Thomas D. Schneiders ("Schneiders"), and a motion to preclude evidence related to the codes cited by Schneiders. On the eve of the Trial Calendar Conference, April 19, 2001, the defendant filed a motion in limine to exclude present and future damages for lost earnings from an intended

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                Page 2
2001 WL 695547 (Del.Super.)
**(Cite as: 2001 WL 695547 (Del.Super.))**

farming operation. Because the Plaintiffs have not had the opportunity to respond, the Court will not address this motion in this opinion.

The facts of the case are described in the earlier summary judgment motion and will not be rehashed at this time. In answering all of these motions, the Court will clarify its ruling in the earlier summary judgment decision and apply that decision to the expert testimony and evidence that will be permitted at trial.

I. Plaintiffs' Motion for Reargument.

Plaintiffs claim in their motion for reargument that in construing 16 *Del. C.* § 7501 [FN1] the Court did not consider the legislative intent of the statute, did not determine the statute's plain meaning and did not determine whether any ambiguity exists. Plaintiffs also raised concerns about the meaning of this Court's reference to Schneiders' testimony in deciding the summary judgment motion. Defendants' first line of defense on the motion for reargument is that it was not timely filed. Pursuant to *Superior Court Rule 59(e),* "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision." Under *Superior Court Civil Rule 6(b)* the Court may not enlarge the time for taking action under Rule 59(e). The Court's decision was entered on February 16, 2001, and the Plaintiffs' motion for reargument was not filed until February 26, 2001; therefore, the Court will not decide the motion for reargument because the motion is untimely.

> FN1. 16 *Del. C.* § 7501. Buildings requiring fire escapes; exceptions.
> (a) The owner of any building which is more than 2 stories in height and which is used in the third or any higher story in whole or in part as ... a tenement-house, or when rooms are let to families or lodgers or for the accommodation of organized associations of any description, shall be required to furnish such building with sufficient permanent fire escapes from the third and all higher stories, which escapes shall be kept and maintained in good order.

II. Defendants' Renewed Motion for Summary Judgment.

*2 Defendants' renewed motion for summary judgment raises three issues: first, Defendants claim that Plaintiffs have no evidence to support a common law claim in which a reasonable landlord does more than is required in the applicable statutes, codes and regulations; second, Defendants claim that 16 *Del. C.* § 6634 precludes a cause of action based upon failure to have an automatic fire detection system; and third, Defendants claim that there is no common law action for breach of the covenant of quiet enjoyment.

Defendants' first argument pertains to the common law negligence claim which still exists in the case. According to the Defendants, Plaintiffs have no evidentiary proof that the common law standard of care for a reasonable landlord is higher than the minimums established by the applicable codes, statutes and regulations. In this renewed motion for summary judgment, the issue before the Court is whether the Plaintiffs' evidence, viewed in a light most favorable to them, raises a question of fact as to whether the real estate community follows a higher standard of care than the minimum standards set forth in the codes. The Court addressed this issue in the earlier summary judgment decision and noted as an example of a factual dispute Schneiders' statements that in his opinion the landlord was negligent and that this negligence was the proximate cause of the Plaintiffs' injuries. The Court is neither adopting this testimony, making a finding of relevancy, nor declaring the testimony admissible. Consistent with the summary judgment standard, the Court must view the testimonial evidence as supplied by affidavit and deposition transcript in the light most favorable to the Plaintiffs. In this case, it becomes apparent that a factual dispute still exists as to the common law standard of care for apartment owners and managers. Defendants' also argue the admissibility of Schneiders' testimony. However, the Court will address the admissibility of all the experts' opinions at a later point.

The Defendants also argue that the Court did not address their argument with respect to 16 *Del. C.* §

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d    Page 3
2001 WL 695547 (Del.Super.)
(Cite as: 2001 WL 695547 (Del.Super.))

6634 [FN2] in the summary judgment order. Pursuant to § 6634, the Defendants were required to have an automatic fire detection system by July 1, 1996, which is after the fire that occurred on November 7, 1993. Defendants argue that no cause of action arises under this statute for two reasons: first, because the time had not expired for them to install the automatic fire detection system, and second, the Fire Prevention Code states in § 6636 that "[f]ailure to comply with this sub-chapter shall not be admissible in any trial of any civil action or insurance claim adjudication." In the earlier summary judgment order the Court inadvertently considered this statute as part of the numerous statutes, codes and other regulations which did not support a negligence *per se* cause of action. The Court agrees that § 6634 cannot support a cause of action for the reasons argued by the Defendants. Therefore, no cause of action can be brought against the Defendants for failure to comply with Title 16 of Chapter 66.

> FN2. 16 *Del. C.* § 6634 states the dates by which different ages and types of buildings must comply with the statutory standards for smoke detectors.

*3 Lastly, the Defendants argue that no common law action exists for breach of the covenant of quiet enjoyment. Defendants make this claim based on the Landlord-Tenant Code's express statement that it "shall regulate and determine all legal rights, remedies, and obligations of the parties and beneficiaries of any rental agreement of a rental unit within this State." [FN3] In the summary judgment motion, the interaction of the common law breach of the warranty of habitability and the Landlord-Tenant Code was discussed. The interaction of the breach of the covenant of quiet enjoyment and the Landlord-Tenant Code is similar in some respects. One similarity between the covenant of quiet enjoyment and the warranty of habitability is the damages that flow from a breach of either one. In both instances the damages are contractual in nature. In Colt Lanes of Dover, Inc. v. Brunswick Corp., the Court stated that "[a]s a general rule, damages, upon breach of the covenant of quiet enjoyment, are the natural and direct consequences of the breach or an amount representing the difference between the actual value of the unexpired term and the rent reserved." [FN4] Delaware law has found that 25 *Del. C.* § 5303(a)(2) of the Landlord-Tenant Code contains a warranty of habitability. [FN5] The covenant of quiet enjoyment is different in that the Court is unable to point to one specific code section which encapsulates the entire common law breach of the covenant of quiet enjoyment standard. However, a careful reading of the Landlord-Tenant Code shows that in many instances the statutes have codified the problems covered by the covenant of quiet enjoyment. For example, in 25 *Del. C.* § 5305 the Code addresses "any condition which deprives the tenant of a substantial part of the benefit and enjoyment of his bargain." This is similar to the covenant of quiet enjoyment which protects the tenant's right to a peaceful and undisturbed enjoyment of his leasehold. The next few sections of the Landlord-Tenant Code go on to specify the duties of the landlord and tenant in specific situations such as the repair of minor defects, failure to provide heat and hot water, and damage by fire or casualty. [FN6] The Landlord-Tenant Code in the aggregate provides for many of the same situations that would give rise to a claim for breach of an implied covenant of quiet enjoyment. There is no need to imply a duty at common law when there is an express, statutory duty. [FN7] Therefore, in this case, no common law action exists for breach of the implied covenant of quiet enjoyment.

> FN3. 25 *Del. C.* § 5103(a).
>
> FN4. *Colt Lanes of Dover, Inc. v. Brunswick Corp.*, Del.Supr., 281 A.2d 596, 599 (1971).
>
> FN5. *Brown v. Robyn Realty Co.*, Del.Super., 367 A.2d 183, 193 (1976).
>
> FN6. *See,* 25 *Del. C.* §§ 5304-5308.
>
> FN7. *Hand v. Davis*, Del.Super., C.A. No. 87C-OC-6, Ridgely, J. (June 8, 1990), Mem. Op. at 4.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 4
2001 WL 695547 (Del.Super.)
(Cite as: 2001 WL 695547 (Del.Super.))

Upon review of the Plaintiffs' claims against the Defendants, the Plaintiffs seek tort liability for the alleged negligence of the Defendants, not contract damages for loss of the apartment. Therefore, Plaintiffs may bring their contractual type claims under the Landlord-Tenant Code, but not as a common law cause of action.

III. Plaintiffs' and Defendants' Evidentiary and Expert Testimony Motions.

*4 Plaintiffs and Defendants each brought motions in limine against the other parties' expert. The Court recognizes the complexity and importance of these motions and will begin by addressing them generally and then rule on the individual motions.

Of the remaining issues in the case, the most significant is the claim for ordinary common law negligence against the Defendants. In deciding the summary judgment motion, this Court found that Defendants were not negligent *per se* as a matter of law but found that the claim for common law negligence remained viable. While common law negligence sounds like a simple matter based on well-established legal principles, the onslaught of motions in this case show that proving common law negligence may prove extremely difficult. The difficulty lies in the fact that distinguishing between the common law standard of care and the statutory standard of care is apparently quite challenging. Due to the extensive regulation of the landlord-tenant relationship by federal, state and local governments and agencies the applicable statutes, regulations and codes appear to have become the standard of care or at a minimum have formed a baseline standard of care. The crux of the problem therefore lies in establishing the landlord's duty or the standard of care under principles of ordinary, common law negligence beyond those statutes.

Establishing the standard of care beyond the applicable statutes is a difficult task. The Court's earlier summary judgment decision found that no cause of action would lie for negligence *per se* because the Defendants were not, and in many instances could not have been, cited for code violations and because a number of the applicable statutes left the enforcing authority with discretion and were therefore not specific enough to support a negligence *per se* cause of action. On the other hand, the Court found that a cause of action remained under the claim of ordinary negligence. Therefore, the Court has found as a matter of law that the Defendants were not negligent *per se* with respect to the applicable statutes and regulations. Proving that the Defendants were ordinarily negligent beyond those same statutes complicates the case. The following questions remain: first, what type of expert, if any, is necessary to establish such a standard of care; and second, how can the statutes be used by these experts in establishing the standard of care even though they cannot form the basis of a claim for negligence *per se*. The Court will address the qualifications of the experts involved and then discuss what testimony will be permissible at trial.

To prove ordinary negligence, Plaintiffs must prove that the landlord failed to maintain the premises in a reasonably safe condition. Plaintiffs argue in their motion in limine that no expert is required to establish the standard of care because in this case that issue is within the knowledge of laymen. Interestingly, Plaintiffs have called their own expert to establish the Defendant landlord's standard of care with respect to fire safety. The complexity of the interactions of the various codes and regulations and what may be reasonable in addition to those codes is the type of issue on which expert testimony is helpful to the trier of fact. The Court in *Miley v. Harmony Mill Limited Partnership* stated that to succeed, plaintiffs must "produce a witness with expertise of the Delaware real estate community." [FN8] In light of this complexity, the Court finds that expert testimony will be of assistance to the fact finder in determining a fact in issue, mainly the applicable standard of care. Therefore, Defendants' expert, Quercetti, will not be precluded from testifying to the standard of care for apartment owners and managers.

FN8. *Miley v. Harmony Mill Limited Partnership*, D. Del., 826 F.Supp. 824, 826 (1993).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
2001 WL 695547 (Del.Super.)  
Page 5

(Cite as: 2001 WL 695547 (Del.Super.))

*5 On the other hand, Defendants argue that expert testimony is necessary and that they should be considered "professional apartment owners and managers." In *Weaver v. Lukoff,* the Supreme Court discussed the need for expert testimony when the standard of care must be determined for professionals and stated that:

> "[a]s a general rule the standard of care applicable to a professional can only be established through expert testimony. An exception to this rule exists, however, when the professional's mistake is so apparent that a layman, exercising his common sense, is perfectly competent to determine whether there was negligence." [FN9]

> FN9. *Weaver v. Lukoff,* Del.Supr., No. 15, 1986, McNeilley, J. (July 1, 1986), Order at 1. [Citations omitted].

Considering the apartment owners and managers as professionals not only requires expert testimony but also impacts the type and qualifications of the expert that may be called to testify. Common law has created a local standard of care for professionals in which the fact finder evaluates whether the actions of the professional conform to the profession's standards of skill, care and competence, as adhered to by professionals who are in good standing in the community. [FN10] Essentially, this represents a requirement that the expert be familiar with the local standard of care as opposed to a national standard of care or that "bridging" testimony be presented which states the similarity between the local and national standards. [FN11] The use of a local standard when considering professional negligence is also consistent with the *Restatement (Second) Torts* § 299A [FN12] and *Delaware Pattern Jury Instruction Civil* § 8.1. [FN13] Defendants further argue that *Miley* establishes that expert testimony about the local standard of care is required to prove ordinary negligence in landlord-tenant cases. In *Miley,* the Court excluded an expert "since his area of expertise was limited to Pennsylvania, not Delaware." [FN14]

> FN10. *See, Seiler v. Levitz Furniture Co. of the Eastern Region, Inc.,* Del.Supr., 367 A.2d 999, 1007 (1976) (referring to the standard of care for architects/engineers).

> FN11. *See Baldwin v. Benge,* Del.Supr., 606 A.2d 64, 67 (1992) (excluding testimony in medical negligence case because expert could not apply his nationwide standard to the locality). The Delaware Legislature has changed the standard of care by statute to be a nationwide standard in medical negligence cases; however, this is in derogation of common law therefore the locality rule still applies to other experts.

> FN12. Undertaking In Profession Or Trade. Unless he represents that he has greater or less skill or knowledge, one who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities. *Restatement (Second) of Torts* § 299A (1965).

> FN13. [Plaintiff's name] has alleged that [Defendant's name] was negligent in [identify the alleged negligent conduct]. One who undertakes to render services in the practice of a profession or trade is always required to exercise the skill and knowledge normally held by members of that profession or trade in good standing in communities similar to this one. *Delaware Pattern Jury Instruction Civil* § 8.1 (2000).

> FN14. *Miley* at 826.

The Court is not persuaded that apartment owners and managers are "professionals" in the way that term is used in the Pattern Jury Instructions and the *Restatement (Second) of Torts* § 299A. The Court's opinion in *Miley* does not state that a Delaware real estate expert was necessary because apartment owners and managers are professionals. The Court found that to prove ordinary negligence the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                    Page 6
2001 WL 695547 (Del.Super.)
**(Cite as: 2001 WL 695547 (Del.Super.))**

Plaintiffs would have to show that the reasonable landlord does more than meet the minimum requirements of the applicable codes. While the Court did not consider apartment owners professionals explicitly, the Court held the experts to a similar standard likely because of the extent of the regulation of the landlord tenant code. The *Miley* Court specifically stated that

> Plaintiffs might succeed if they presented evidence of an industry practice which replaced glass in intervals of time less than every twenty years, or if they presented evidence of an industry practice which conformed specifically exempted structures to present BOCA code standards in a time less than twenty years, despite the code's "grandfather clause." [FN15]

> FN15. *Miley v. Harmony Mill Limited Partnership,* D. Del., 803 F.Supp. 965, 970 (1992).

*6 The common law standard of care for landlords is formulated by the extent to which the reasonable landlord exceeds federal, state and local codes. This is very similar to the standard of care for a local industry or trade practice for professionals. Even though the Court has not chosen to accept that apartment owners and managers are professionals, expert testimony to the local industry practice will be helpful and required. Therefore, to establish that the standard of care in the Delaware real estate rental community is higher than the minimum requirements mandated by the applicable codes, statutes and regulations the experts must be familiar with the local standard of care. Based on the affidavits and deposition testimony of Plaintiffs' expert Schneiders, he is not familiar with the local standard of care in Delaware and will not be allowed to testify unless the Plaintiffs provide "bridging" testimony.

The final question that remains is the extent to which the experts will be allowed to use the codes, statutes and regulations in formulating and testifying to their opinions. As Plaintiffs' expert does not meet the qualifications of being an expert on the local standard of care for the Delaware real estate community, the Court need not decide what testimony will be admissible from Schneiders.

For the parties guidance as the litigation proceeds, the Court recognizes that an expert testifying to the standard of care may need to reference some of the codes, statutes and regulations which were found not to support a claim for negligence *per se.* However, the expert cannot simply opine that a certain statute was violated and therefore caused harm to the Plaintiffs as the Court has found that no negligence *per se* exists as a matter of law. For example, the expert could testify that even though it has been found that a second means of egress was not required by law, the reasonably prudent landlord would make any necessary repairs or adjustments to provide tenants with a second means of egress in this type of structure as some statutes provide. Provided that the expert has some basis for this opinion under a local standard of care, the expert may testify that even though some older buildings are technically "grandfathered" out of certain code requirements, reasonably prudent landlords follow these requirements.

In summary, the Court finds the following with respect to the parties' motions in limine: expert testimony will be helpful to the fact finder in establishing the standard of care in this case; the expert must be familiar with the local standard of care; and finally, the experts will be permitted to use the applicable codes, statutes and regulations in a limited fashion discussed by example in this decision as a factor in their opinions. Specifically, this means that Plaintiffs' motion in limine to preclude defendants' standard of care expert, Quercetti, from testifying is denied. Defendants' motion to preclude Schneiders from testifying is granted because of his unfamiliarity with the standard of care in Delaware. The Defendants' final motion concerning specific elements of Schneiders' testimony is moot based on these findings.

*7 The Court recognizes that Plaintiffs did not anticipate that a local standard of care expert would be required; therefore, the trial will be stayed for six (6) months to allow the Plaintiffs the opportunity to find an expert qualified to testify. Should the Plaintiffs be unable to locate such an expert,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
2001 WL 695547 (Del.Super.)

**(Cite as: 2001 WL 695547 (Del.Super.))**

Page 7

summary judgment will be granted in favor of the Defendants. This Court will consider an appropriate modified pretrial order encompassing this decision for trial purposes.

IT IS SO ORDERED.

2001 WL 695547 (Del.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.