IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and <br> SHIRLEY H. BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> INTERBAY FUNDING, LLC and <br> LEGRECA & QUINN REAL ESTATE <br> SERVICES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 04-617-SLR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

O R D E R

At Wilmington this 21st day of March, 2005, having reviewed plaintiffs' motions to compel and defendants' responses thereto;

IT IS ORDERED that said motions (D.I. 61, 63, 70) are granted in part and denied in part, as follows:

1. The motions are denied with respect to defendant Interbay Funding, LLC, as I find this defendant's responses to plaintiffs' interrogatories to be appropriate and sufficient.

2. The motions are granted with respect to defendant Legreca & Quinn Real Estate Services, Inc. ("Legreca & Quinn"), who made no apparent attempt to respond in any substantive way to plaintiffs' interrogatories. Therefore, **on or before April 5, 2005,** defendant Legreca & Quinn shall respond in a substantive

fashion to interrogatories numbered 9, 10, 11, 12, 13, 14, 15, 17, 18, 22 and 23, all of which refer to the appraisal process. Even if the interrogatories are inartfully crafted, Legreca & Quinn is directed to treat such as contention interrogatories and must explain in response its appraisal analysis, keeping in mind the topic of each interrogatory.

    3. Defendants shall not take plaintiffs' depositions until the above discovery is submitted.

                                              */s/ Sue L. Robinson*
                                            United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and, <br> SHIRLEY H. BROWN, h/w, <br> Plaintiffs, <br> v. <br> INTERBAY FUNDING, LLC, and <br> LEGRECA & QUINN REAL ESTATE <br> SERVICES INC., <br> Defendants. | C. A. 04-617 SLR <br><br> JURY DEMANDED |

SUPPLEMENTAL ANSWERS OF DEFENDANT
LEGRECA & QUINN REAL ESTATE SERVICES, INC.
TO PLAINTIFFS' INTERROGATORIES PURSUANT TO
COURT ORDER D.I.72

9. Why were parcels 2617 and 2619 Market Street (which appear on the city tax roll assessment and have their own parcel numbers, with municipal services, public utilities, and consist of 5,090 sq. ft., zoned commercial), nominated "utilities" instead of parcels or lots consisting of 5,090 sq. ft.?

ANSWER: Objection to the extent that this interrogatory mischaracterizes the appraisal report. Without waiving this objection, the parcels 2617 and 2619 are not utilities, but rather are part of the subject property's utility. The subject property is a two-story former semi-detached residential dwelling converted into a commercial building with a paved parking lot. The paved parking lot is located on parcels at 2617 and 2619 Market Street. The subject property was appraised as a single unit of commercial property. The appraisal of the subject property took into

consideration the utility of the subject property. It is usual and customary in the ordinary course of the business of Real Estate Appraisal to consider the functional utility of a property. The functional utility is the ability of a property or building to be useful and to perform the function for which it is intended according to current market tastes and standards and encompasses the efficiency of a building's use in terms of its style, design and layout, traffic patterns and physical features. The functional utility of the subject property was appraised at a higher value than those of the comparable properties specifically because of the parking lot on parcels 2617 and 2619 as indicated on page 18 of the Appraisal Report. The Appraisal Report has been produced as part of Rule 26 discovery responses and is already part of the record in this litigation.

10. Why were parcels or lots 2617 and 2619 containing 5,090 sq. ft. reduced to utilities instead of given best use and value consideration?

ANSWER: Objection to the extent that this interrogatory mischaracterizes the appraisal report in that the parcels at 2617 and 2619 were not and are not utilities. Without waiving this objection, Answering Defendant Legreca & Quinn was contracted by Co-Defendant Interbay Funding to appraise the subject property located at the address 2617, 2619 and 2625 Market Street as one unit of commercial property. Since the parcels located at 2617 and 2619 were only a portion of the subject property to be appraised, these portions were not segregated from the subject

property would have if vacant. Answering Defendant then concluded that the highest and best use of the subject property was for it to continue in commercial use.

11. Why were parcels 2617 and 2619 Market Street, with tax roll Assessment numbers, municipal services, public utilities, 5,090 sq. ft., zoned commercial nominated as "utilities" not given a market value?

ANSWER: Objection to the extent that this Interrogatory mischaracterizes the appraisal report. Without waiving this objection, parcels 2617 and 2619 Market Street were only a portion of the subject property being appraised as one unit of commercial property. As such, these parcels were given a market value as part of the subject property which was given a market value of $140,000.00 under two separate and distinct appraisal approaches.

12. What are the market values of parcels/lots 2617 and 2619 as "utilities", market value?

ANSWER: Unknown. Answering Defendant has not determined the separate market value of the parcels located at 2617 and 2619 Market Street segregated from the parcel located at 2625 Market Street. It is not a usual or customary method in the business of Real Estate Appraisal to appraise a single commercial property composed of several tax parcels by appraising each parcel separately.

property but were considered to have best use and value as a portion of the subject property to which they were connected. The subject property site's highest and best use was evaluated by considering the property as a whole both vacant and as improved. As vacant, Answering Defendant evaluated what was physically possible at the site and determined that the site's size, soil and topography did not physically limit its use. Answering Defendant then considered all the permitted uses of the subject property. The property is zoned C-1 which allows it to be developed for a wide variety of commercial uses including retail stores and personal service businesses. After analyzing the physically possible and legally permissible uses of the subject property, Answering Defendant considered the financial feasability and maximum productivity and determined that the highest and best use of the subject site as though vacant would be for commercial development. Answering Defendant then considered the highest and best use of the subject property as improved with a two-story, former semi-detached dwelling converted into a beauty salon with a gross building area of 1,875 plus or minus square feet. As improved, the subject property was available for a commercial use with parking for patrons of the business contained thereon. Answering Defendant deemed that the subject property fits relatively well with its surroundings and that the general market for commercial properties appears to be relatively stable in that area. Answering Defendant further determined that the value of the subject property as improved was considered greater than the value the subject

13. Why was the Cost Approach not used on parcels 2617 and 2619 Market Street?

ANSWER: The parcels with the address 2617 and 2619 Market Street are only a portion of the subject property for which Co-Defendant Interbay Funding contracted with Defendant Legreca and Quinn to appraise. The subject property was appraised as one total parcel of real estate. The cost approach was deemed to be an unreliable method by which to appraise the subject property because the cost approach is based on a proposition that an informed purchaser would pay no more for the subject property than the cost to produce a substitute property with equivalent utility. The Cost Approach is particularly applicable where the property being appraised has relatively new improvements or unique improvements for which there are few comparable properties. The cost approach requires the appraiser to form an opinion of the cost of all improvements then depreciate them to reflect value lost from physical, functional and external causes. Answering Defendant deemed the Cost Approach as an unreliable method to appraise the subject property due to the subject property's age. Such age made it difficult to accurately form an opinion of depreciation value and, therefore, would not be a reliable method to appraise the subject property, which included the parcels addressed 2617 and 2619 and 2625 Market Street.

14. Why was the Income Approach not used on parcels 2617 and 2619 Market Street?

ANSWER: Objection to the extent this interrogatory mischaracterizes the appraisal report. Without waiving this objection, the Income Capitalization

Approach was used as one of two separate and distinct methods by which the value of the entire subject property was appraised. The subject property includes the three tax parcels 2617, 2619 and 2625 North Market Street. The appraisal was done on the whole subject property as one commercial unit. The appraisal was done on the property as a whole, taking into account all features of the building and land.

15. Why was the Comparable Approach not used on parcels 2617 and 2619 Market Street?

ANSWER: Objection to the extent this interrogatory mischaracterizes the appraisal report. Without waiving this objection, the Sales Comparison Approach was used as one of two separate and distinct methods by which the value of the entire subject property was appraised. The subject property includes the three tax parcels 2617, 2619 and 2625 North Market Street. The appraisal was done on the whole subject property as one commercial unit. The appraisal was done on the property as a whole, taking into account all features of the building and land.

17. Why was [sic] there only two methods used on evaluation of 2625 Market Street?

ANSWER: There are generally three accepted approaches available to appraise the value of commercial property, Cost, Sales Comparison, and Income Capitalization. Answering Defendant considered and analyzed each approach and deemed the Cost Approach to be inappropriate for the subject property. 2625 Market Street was only a portion of the subject

property. Please see the Answer to Interrogatory Number 13 which explains why the cost approach was not deemed to be a reliable method by which to appraise the subject property.

18. Why were parcels 2617 and 2619 Market Street, (with tax roll assessment numbers, municipal services, public utilities, 5,090 sq. ft. zoned commercial, capable of producing income and being used as collateral to secure the loan,) not given a market value at all?

ANSWER: Objection to the extent this interrogatory mischaracterizes the appraisal report. Without waiving this objection, Answering Defendant did not determine the separate market value of the parcels located at 2617 and 2619 Market Street segregated from the parcel located at 2625 Market Street because it is not a usual or customary method in the business of Real Estate Appraisal to appraise a single commercial property unit composed of several tax parcels by appraising each parcel separately. The tax parcels addressed 2617 and 2619 Market Street are only a portion of the subject property which was appraised. The subject property as a whole, including all three tax parcels, were given a market value of $140,000.00 based upon two separate and distinct appraisal methods.

22. Why does the appraisal state that the lot which consists of 5,090 sq. ft. would only hold 10 cars, when in fact it will accommodate at least 20 cars?

ANSWER: Objection to the extent that this Interrogatory mischaracterizes the statements contained within the appraisal report. The appraisal report does not state that any lot would hold only 10 cars. Without waiving this objection, in order to answer this interrogatory, Answering Defendant

points out that the subject property appraised had a total land area of 6,970 plus or minus square feet including an improvement of a two story masonry building with a gross building area of 1,875 plus or minus square feet and site improvements including concrete curbs, sidewalks, macadam paved parking lot which would hold 10 plus or minus cars and signage. The designation of "10 plus or minus cars" was used in the report as an indication that there is a parking lot situated within the subject property which is deemed to be ample in size to accommodate patrons' use of the subject property as improved.

23. Why is the parcel/lot 2625, combined building and parcel/lot space measuring 1,895 sq. ft. given an arbitrary and capricious dollar value, and parcels/lots 2617 and 2619 Market Street, consisting of 5,090 sq. ft. assigned an arbitrary and capricious value that can not be stated?

ANSWER: Objection to the extent that this Interrogatory maliciously mischaracterizes and maligns the appraisal report by calling it "arbitrary and capricious." Without waiving this objection, the entire subject property which consisted of all three parcels/lots addressed 2617, 2619 and 2625 Market Street was appraised as a single commercial unit using two separate and distinct appraisal methods which are routinely used within the ordinary course of the business of Real Estate Appraisal and which are recognized by the Uniform Standards of Professional Appraisal Practice.

03/25/2005 14:30  2156540276                    LAGRECA AND QUINN                    PAGE 02
03/24/2005 12:57  REGER & RIZZO LLP → 12156540276                                    NO. 950

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and, <br> SHIRLEY H. BROWN, h/w, <br> Plaintiffs, <br> v. <br> INTERBAY FUNDING, LLC, and <br> LEGRECA & QUINN REAL ESTATE <br> SERVICES INC., <br> Defendants. | ) <br> ) <br> ) C. A. 04-617 SLR <br> ) <br> ) <br> ) JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT

STATE OF PA : 
: SS.
Montgomery COUNTY :

BE IT REMEMBERED, that on this 24th day of March, A.D., 2005, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, Robert Legreca, who did depose and say that he is a representative of the Defendant Lagreca & Quinn Real Estate Services, Inc. in the foregoing action and the Responses set forth in Defendant Lagreca & Quinn's Supplemental Answers to Plaintiffs' Interrogatories Pursuant to Court Order D.I. 72 are true and correct to the best of his knowledge, information and belief.

*[signature]*
Robert Lagreca

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

*[signature]*
Notary Public

NOTARIAL SEAL
SHERON M CAMPBELL, Notary Public
Lower Gwynedd Twp, Montgomery County
My Commission Expires November 13, 2006