**COMMONWEALTH OF PENNSYLVANIA**
**GOVERNOR'S OFFICE OF GENERAL COUNSEL**
**DEPARTMENT OF STATE**
**LEGAL OFFICE**
2601 NORTH THIRD STREET, P. O. BOX 2649
HARRISBURG, PA 17105-2649

COMPLAINTS OFFICE

(OUTSIDE PA): (717) 783-4854
(PA ONLY): 1-800-822-2113
Department's website: www.dos.state.pa.us

April 25, 2005

ROBERT E BROWN
1024 WALNUT ST
WILMINGTON DE 19801

## ADDENDUM OF ROBERT E. BROWNS' AFFIDAVITS OF COMPLAINT FILED WITH THE STATE OF DELAWARE AND THE COMMONWEALTH OF PENNSYLVANIA OF TITLE 24, § 2938 AGAINST ROBERT C. LEGRECA, (SRA Designate )

Comes now, Robert E. Brown and files this Addendum to the Affidavits of Complaints filed with the State of Delaware Department of Administrative Services, Division of Professional Regulations, Complaint # 19-04-05, Dover Delaware, 19904-2467 and the Commonwealth of Pennsylvania, Department of State, Complaint Office, Complaint File No. 05-70-03385, Harrisburg, PA.17105-2649

## COMPLAINT FILED WITH THE STATE OF DELAWARE OF THE VIOLATIONS OF TITLE 24 Professions and Occupations. Chapter 29 Disciplinary proceedings, reprimand; revocation of privileges § 2938,(2), (5), (6), (7), (8), and (9).

## VIOLATIONS BY ROBERT C. LEGRECA (SRA Designate)

Defendant Robert C Legreca, (SRA designate) of Legreca and Quinn Real Estate Services Inc. who holds a General Appraisers' License (License No. X1-0000321) in the State of Delaware, has violated Title 24 Chapter 29 REAL ESTATE BROKERS, SALESPERSONS AND APPRAISERS Subchapter II. Regulation of Real Estate Appraisers § 2938. (Disciplinary proceedings; reprimands; revocation of privileges).

The Plaintiffs, (Robert and Shirley H. Brown) allege Robert C. Legrecas' omissions involving dishonesty, fraud, conspiracy, and misrepresentation at the urging of Interbay Funding LLCs letter of engagement (page # 2) encouraging him not to use the Cost Approach and (page # 3) not to let the appraisal exceed the current purchase price substantially injured the Plaintiffs Robert and Shirley H. Brown. That injury caused them to lose a substantial business opportunity. His actions constitute violations of § 2938, (5) and (6), of (Disciplinary proceedings; reprimand; revocation of privileges).

Robert C. Legreca, (SRA designate), General Appraiser of residential properties was given the assignment of appraising the "Commercial Properties" Plaintiffs (Robert E.and Shirley H. Brown) contracted to purchase. The assignment was given to Robert C. Legreca (SRA designate) by Defendant, Interbay Funding LLC to perform a Complete "Commercial Appraisal "on the subject properties 2617, 2619, and 2625 Market Street. Robert C. Legreca, (SRA designate) and Interbay Funding LLC conspired to develop an erroneous Complete Commercial Appraisal, in that they knew Robert C. Legreca, (SRA designate) was not a Credentialed (SRPA or MIA) Commercial Appraiser. Interbay and Robert C. Legreca, (SRA designate) conspired and acted in bad faith, by assigning the Complete Commercial Appraisals. Assigning an appraiser who was not certified or had the credentials to perform a Commercial Appraisals, failing to use the Cost Approach in the developing of the appraisal and appraising only 1/3 of the subject properties 2617, 2619 and 2625 Market Street, constitutes violations of § 2938, ,(2), (5), (6), (7), (8), and (9), Disciplinary proceedings; reprimand; revocation of privileges of . § 2938. Robert C. Legreca has impeached himself on two occasions

## IMPEACHMENT.

Robert C. Legreca, (SRA designate), has impeached himself on at least three separate occasions which we will discuss under the following heading of "Facts of which there is no Dispute", found in the current record of litigation and Interrogatories of Robert E. and Shirley H. Brown..

## FACTS OF WHICH THERE IS NO DISPUTE

On March 3rd, 2005, Defendants were served a set of Interrogatories (consisting of 25 questions) to which they were to respond, and shortly thereafter Supplemental Interrogatories of which they were Compelled to respond. Defendants gave their responses which were accompanied by sworn affidavits signed by Robert C. Legreca. The answers stated by Robert C. Legreca were "true and correct to the best of his knowledge, information and belief". (See attached Exhibits (1) Affidavit of Robert C. Legreca, of March 3rd ,2005, and (2) Answers to the first set of Interrogatories sent to Legreca and Quinn Real Estate Services Inc.)

Legreca and Quinns' first answers via Robert C. Legreca were so evasive and unresponsive in any substantive way to Plaintiffs' Interrogatories that Chief District Court Judge Sue L. Robinson, gave an "Order Compelling" them (Legreca and Quinn) to answer Plaintiffs Interrogatories in a Responsive and Substantive fashion. Judge Robinson specifically referred to Interrogatories 9, 10, 11, 12, 13, 14, 15, 17, 18, 22, and 23, all which refer to the appraisal process. (See attached, Exhibit (3) Chief Judge Sue L. Robinsons, "Order of March 21st , 2005 to Legreca and Quinn Real Estate Services Inc.)

On March 24th Defendant Robert C. Legreca, submitted a second set of responses to Plaintiffs Interrogatories, which were more responsive and substantive. In his second response to Plaintiffs Interrogatories, (Defendant) Robert C. Legreca) was asked;

Question (11) Why were parcels 2617 and 2619 Market Street with tax roll Assessment numbers, municipal services, public utilities, consisting of 5,090 sq. ft. and zoned commercial, nominated as "utilities" and not given a market value?

Answer; (In pertinent part); "parcels 2617 and 2619 Market street were only a portion of the subject property being appraised as one unit of commercial property. As such, these parcels were given a market value as part of the subject property which was given a market value of $140,000.00 under two separate and distinct appraisal approaches.

Question (12); What are the values of parcels/lots 2617 and 2619 as "utilities", market value?

Answer;(In pertinent part); "Unknown".

In Robert C. Legrecas' second response to question (12) of Plaintiffs Interrogatories he states (in pertinent part) " Defendant has not determined the separate market value of the parcels located at 2617 and 2619 Market Street. segregated from the parcel located at 2625 Market Street. It is not a usual or customary method in the business of Real Estate Appraisal to appraise a single commercial property [composed of several tax parcels by appraising each parcel separately]".

On March 24th, 2005, Robert C. Legreca files another Affidavit also which he has sworn to be true and correct to the best of his knowledge, information and belief. (See attached Exhibit (4) Plaintiffs second set of Interrogatories. and (5) Affidavit of Robert C. Legrecas, of March 24th, 2005.)

## CONCLUSION

These are the facts that will be proven. In question (11) Defendant refers to 2617 and 2619 Market Street as parcels and lots, not a "utility" of the subject property 2625 Market Street. If these parcels/lots, 2617, 2619and 2625 were all apart of the Appraisal of the subject properties Interbay Funding LLC had Robert C. Legreca appraise as stated in the Answer to Interrogatory (10) of Exhibit (4) "What are the market values of the

4

The Plaintiffs, (Robert and Shirley H. Brown) allege Robert C. Legrecas' omissions involving dishonesty, fraud, conspiracy, and misrepresentation at the urging of Interbay Funding LLCs letter of engagement (page # 2) encouraging him not to use the Cost Approach and (page # 3) not to let the appraisal exceed the current purchase price substantially injured the Plaintiffs Robert and Shirley H. Brown. That injury caused them to lose a substantial business opportunity. His actions constitute violations of § 2938, (5) and (6), of (Disciplinary proceedings; reprimand; revocation of privileges).

Robert C. Legreca, (SRA designate), General Appraiser of residential properties was given the assignment of appraising the "Commercial Properties" Plaintiffs (Robert E. and Shirley H. Brown) contracted to purchase. The assignment was given to Robert C. Legreca (SRA designate) by Defendant, Interbay Funding LLC to perform a Complete "Commercial Appraisal" on the subject properties 2617, 2619, and 2625 Market Street. Robert C. Legreca, (SRA designate) and Interbay Funding LLC conspired to develop an erroneous Complete Commercial Appraisal, in that they knew Robert C. Legreca, (SRA designate) was not a Credentialed (SRPA or MIA) Commercial Appraiser. Interbay and Robert C. Legreca, (SRA designate) conspired and acted in bad faith, by assigning the Complete Commercial Appraisals. Assigning an appraiser who was not certified or had the credentials to perform a Commercial Appraisals, failing to use the Cost Approach in the developing of the appraisal and appraising only 1/3 of the subject properties 2617, 2619 and 2625 Market Street, constitutes violations of § 2938, ,(2), (5), (6), (7), (8), and (9), Disciplinary proceedings; reprimand; revocation of privileges of . § 2938. Robert C. Legreca has impeached himself on two occasions

2

## IMPEACHMENT.

Robert C. Legreca, (SRA designate), has impeached himself on at least three separate occasions which we will discuss under the following heading of "Facts of which there is no Dispute", found in the current record of litigation and Interrogatories of Robert E. and Shirley H. Brown..

## FACTS OF WHICH THERE IS NO DISPUTE

On March 3rd, 2005, Defendants were served a set of Interrogatories (consisting of 25 questions) to which they were to respond, and shortly thereafter Supplemental Interrogatories of which they were Compelled to respond. Defendants gave their responses which were accompanied by sworn affidavits signed by Robert C. Legreca. The answers stated by Robert C. Legreca were "true and correct to the best of his knowledge, information and belief". (See attached Exhibits (1) Affidavit of Robert C. Legreca, of March 3rd, 2005, and (2) Answers to the first set of Interrogatories sent to Legreca and Quinn Real Estate Services Inc.)

Legreca and Quinns' first answers via Robert C. Legreca were so evasive and unresponsive in any substantive way to Plaintiffs' Interrogatories that Chief District Court Judge Sue L. Robinson, gave an "Order Compelling" them (Legreca and Quinn) to answer Plaintiffs Interrogatories in a Responsive and Substantive fashion. Judge Robinson specifically referred to Interrogatories 9, 10, 11, 12, 13, 14, 15, 17, 18, 22, and 23, all which refer to the appraisal process. (See attached, Exhibit (3) Chief Judge Sue L. Robinsons, "Order of March 21st, 2005 to Legreca and Quinn Real Estate Services Inc.)

3

On March 24th Defendant Robert C. Legreca, submitted a second set of responses to Plaintiffs Interrogatories, which were more responsive and substantive. In his second response to Plaintiffs Interrogatories, (Defendant) Robert C. Legreca) was asked;

Question (11) Why were parcels 2617 and 2619 Market Street with tax roll Assessment numbers, municipal services, public utilities, consisting of 5,090 sq. ft. and zoned commercial, nominated as "utilities" and not given a market value?

Answer; (In pertinent part); "parcels 2617 and 2619 Market street were only a portion of the subject property being appraised as one unit of commercial property. As such, these parcels were given a market value as part of the subject property which was given a market value of $140,000.00 under two separate and distinct appraisal approaches.

Question (12); What are the values of parcels/lots 2617 and 2619 as "utilities", market value?

Answer;(In pertinent part); "Unknown".

In Robert C. Legrecas' second response to question (12) of Plaintiffs Interrogatories he states (in pertinent part) " Defendant has not determined the separate market value of the parcels located at 2617 and 2619 Market Street. segregated from the parcel located at 2625 Market Street. It is not a usual or customary method in the business of Real Estate Appraisal to appraise a single commercial property [composed of several tax parcels by appraising each parcel separately]".

On March 24th, 2005, Robert C. Legreca files another Affidavit also which he has sworn to be true and correct to the best of his knowledge, information and belief. (See attached Exhibit (4) Plaintiffs second set of Interrogatories. and (5) Affidavit of Robert C. Legrecas, of March 24th ,2005.)

## CONCLUSION

These are the facts that will be proven. In question (11) Defendant refers to 2617 and 2619 Market Street as parcels and lots, not a "utility" of the subject property 2625 Market Street. If these parcels/lots, 2617, 2619and 2625 were all apart of the Appraisal of the subject properties Interbay Funding LLC had Robert C. Legreca appraise as stated in the Answer to Interrogatory (10) of Exhibit (4) "What are the market values of the

4

parcels/lots/utility?" We know theses facts to be correct and true representations of the impeachment by the Defendants' impropriety and lack of veracity via prima facie evidence.

_Robert E. Brown_
Robert E. Brown, Pro Se.

_Shirley H. Brown_
Shirley H. Brown, h/w
1024 Walnut Street
Wilmington, DE. 19801
(302) 652-9959

IN THE UNITED STATES DISTRICT COUT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| Robert E. Brown and<br>Shirley H. Brown h/w<br>  Plaintiffs,<br><br>v.<br><br>Interbay Funding LLC, and<br>Legreca & Quinn Real Estate<br>Services Inc.<br>  Defendants | :<br>:<br>:<br>:<br>: Civil Action No. 04- 617- SLR<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE OF
### ADDENDUM OF ROBERT E. BROWNS' AFFIDAVITS OF COMPLAINT FILED WITH THE STATE OF DELAWARE AND THE COMMONWEALTH OF PENNSYLVANIA OF TITLE 24, § 2938 AGAINST ROBERT C. LEGRECA, (SRA Designate)

This is to certify that on this 24th day of April, 2005 copies of Plaintiffs Response Brief To Interbay Funding, LLC and Legreca and Quinns' Opening Brief and Summary Judgment Motion, was served by mail and hand delivered on the following Attorney's listed below:

David Souders
Sandra Brickel
1300 19th Street N.W
5th Floor
Washington, D.C. 20036-1609
(202) 628-2000
Attorney's for Interbay

David Finger, Esq.
Commerce Center
1200 Orange Street
Wilmington, DE 18701
Attorney for Interbay.

Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Legreca & Quinn

_____
Robert E. Brown, Pro Se.

_____
Shirley H. Brown, h/w
1024 Walnut Street
Wilmington, DE. 19801
(302) 652-9959

_____

STEVEN ALMEDA
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES OCTOBER 19, 2006

# TABLE OF CONTENTS

COVER SHEET

Table of Contents ................................................................................i

Complaint ......................................................................................1-5

**Title 24 Chapter 29 REAL ESTATE BROKERS, SALESPERSONS AND APPRAISERS**
Subchapter II. Regulation of Real Estate Appraisers § 2938. (Disciplinary proceedings; reprimands; revocation of privileges).

**STATUTES**

Title 24 Chapter § 2938, ,(2), (5), (6), (7), (8), and (9)                    1-2

## SUPPORTING DOCUMENTS

Plaintiffs (Robert E. and Shirley H. Browns) First set of Interrogatories sent to Legreca and Quinn Real Estate Services Inc.)    **Exhibit (1)**

Robert C. Legrecas' Affidavit of March 3rd, 2005 in which he has sworn his answers to Plaintiffs first set of Interrogatories are true and correct to the best of his knowledge and belief    **Exhibit (2)**

Chief District Court Judge Sue L. Robinson, gave an "Order Compelling" (Legreca and Quinn) to answer Plaintiffs Interrogatories a second time    **Exhibit (3)**

Plaintiffs (Robert E. and Shirley H. Browns) second set of Interrogatories of which Judge Sue L. Robinson compelled Robert C. Legreca to respond to in a substantively and responsively    **Exhibit (4)**

Robert C. Legrecas Affidavit of March 24th, 2005 in which he has sworn for the second time to be true and correct to the best of his knowledge, information and belief. (See attached    **Exhibit (5)**

**Certificate of Service**    **Attached.**