UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

SHIRLEY H. BROWN, *pro se*,   )   C. A. 04-617 SLR
                              )
         Plaintiff,           )
                              )   JURY DEMANDED
   v.                         )
                              )
LAGRECA & QUINN, L.L.C. and   )
LAGRECA & QUINN REAL ESTATE   )
SERVICES, INC.,               )
                              )
         Defendants.          )

### DEFENDANT LAGRECA & QUINN REAL ESTATE SERVICES, INC.'S ANSWERS TO PLAINTIFFS' INTERROGATORIES

1. ... an engagement letter?

ANSWER:   Objection. This interrogatory seeks legal advice which is beyond the scope of the rules of discovery.

2. ... explain the purpose of the engagement letter and its objective?

ANSWER:   Objection. This interrogatory seeks legal advice which is beyond the scope of the rules of discovery.

3. ... guidelines for an engagement letter?

ANSWER:   Objection. This interrogatory seeks legal advice which is beyond the scope of the rules of discovery.

4. ... iser to contact Interbay Funding if the property

ANSWER: **Objection. This interrogatory is vague and assumes facts which have not been established on the record.**

5. What was the relationship of Interbay Funding LLC to Lagreca and Quinn Real Estate Services with regard to contract?

ANSWER: **Objection. This interrogatory is vague, incomprehensible as written and seeks legal advice which is beyond the scope of the rules of discovery.**

6. What is the legal definition of an independent contractor?

ANSWER: **Objection. This interrogatory seeks legal advice which is beyond the scope of the rules of discovery.**

7. What is the definition of an independent appraisal?

ANSWER: **Objection. This interrogatory seeks legal advice which is beyond the scope of the rules of discovery.**

8. What was the purpose of limiting the appraised value to the current purchase price of the property?

ANSWER: **Objection. This interrogatory is vague and assumes facts which are contrary to facts which have been established on the record.**

9. Why were parcels 2617 and 2619 Market Street (which appear on the city tax roll assessment and have their own parcel numbers, with municipal services, public utilities, and consist

of 5,090 sq. ft., zoned commercial), nominated "utilities" instead of parcels or lots consisting of 5,090 sq. ft.?

> **ANSWER:** **Objection. This interrogatory is vague, confusing and incomprehensible. In particular it is unclear what is meant by "nominated 'utilities.'"**

10. Why were parcels or lots 2617 and 2619 containing 5,090 sq. ft. reduced to utilities instead of given best use and value consideration?

> **ANSWER:** **Objection. This interrogatory is vague and incomprehensible. In particular it is unclear what is meant by "reduced to utilities" and "best use and value consideration."**

11. Why were parcels 2617 and 2619 Market Street, with tax roll Assessment numbers, municipal services, public utilities, 5,090 sq. ft., zoned commercial nominated as "utilities" not given a market value?

> **ANSWER:** **Objection. This interrogatory is vague and subject to many interpretations and, therefore, cannot be answered in its present form.**

12. What are the market values of parcels/lots 2617 and 2619 as "utilities", market value?

> **ANSWER:** **Objection. This interrogatory is vague and unduly burdensome to Answering Defendant in time and expense.**

13. Why was the Cost Approach not used on parcels 2617 and 2619 Market Street?

> **ANSWER:** **Objection. This interrogatory assumes facts which have not been established on the record and is not reasonably calculated to lead to the**

discovery of admissible evidence. Without waiving this objection, the parcels addressed 2617 and 2619 Market Street are only a portion of the subject property on which Co-Defendant Interbay Funding contracted with Defendant Lagreca and Quinn to appraise.

14. Why was the Income Approach not used on parcels 2617 and 2619 Market Street?

ANSWER: Objection. This interrogatory assumes facts which have not been established, contradicts facts which have been established on the record and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the parcels addressed 2617 and 2619 Market Street are only a portion of the subject property on which Co-Defendant Interbay Funding contracted with Defendant Lagreca and Quinn to appraise.

15. Why was the Comparable Approach not used on parcels 2617 and 2619 Market Street?

ANSWER: Objection. This interrogatory assumes facts which have not been established, contradicts facts which have been established on the record and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, the parcels addressed 2617 and 2619 Market Street are only a portion of the subject property on which Co-Defendant Interbay Funding contracted with Defendant Lagreca and Quinn to appraise.

16. Explain fully, "any and all Persons" at Interbay Funding, LLC, interest, contact, participation, consultation, and/or relationship with the following:

    a. Application approval;

    b. Approval of Loan;

    c. Selection of Appraisal Company;

    d. Author of Engagement Letter; and

    e. Changing of the terms of the Contract.

**ANSWER:** **Objection. This interrogatory is not addressed to the proper party. Without waiving this objection, Answering Defendant has no knowledge or information which is responsive hereto.**

17. Why was there only two methods used on evaluation of 2625 Market Street?

**ANSWER:** **Objection. This interrogatory misstates facts which have been established on the record and seeks information which has already been provided to Plaintiffs through initial disclosures made in accordance with Rule 26(a)(1)(B) and is, therefore, unduly burdensome on Answering Defendant as Plaintiffs have had ample opportunity by discovery in this action to obtain the information sought.**

18. Why were parcels 2617 and 2619 Market Street, (with tax roll assessment numbers, municipal services, public utilities, 5,090 sq. ft. zoned commercial, capable of producing income and being used as collateral to secure the loan,) not given a market value at all?

**ANSWER:** **Objection. This interrogatory assumes facts that have not been established and contradicts facts which have been established on the**

record and, therefore, is unanswerable in its present form.

19. Why was it necessary to change the terms of the Browns' contract?

**ANSWER:** **Objection. This interrogatory is not addressed to the proper party. Without waiving this objection, Answering Defendant has no knowledge or information which is responsive hereto.**

20. Why were the Browns' required to pay $2,500.00 Dollars for an appraisal and not be told about the engagement letter?

**ANSWER:** **Objection. This interrogatory is not addressed to the proper party. Without waiving this objection, Answering Defendant has no knowledge or information which is responsive hereto.**

21. Why were the Browns' not told that the document faxed to them, labeled as Plaintiffs Exhibit (A-1), actually was page 16, of the appraisal they paid for?

**ANSWER:** **Objection. This interrogatory is not addressed to the proper party. Without waiving this objection, Answering Defendant has no knowledge or information which is responsive hereto.**

22. Why does the appraisal state that the lot which consists of 5,090 sq. ft. would only hold 10 cars, when in fact it will accommodate at least 20 cars?

**ANSWER:** **Objection. This interrogatory is beyond the scope and improper under the rules of discovery in that it appears to be requiring an admission of a fact which has not been established.**

... lot 2615, combined building and parcel/lot space measuring 1,895 ... and parcels/lots 2617 and 2619 Market Street, ... capricious value that can not be stated?

... is beyond the scope and improper under ... discovery in that it appears to be requiring an admission of ... which has not been established.

... cinti... ... the Browns' for the project plans for ... 2619 ... Market Street, by Interbay or Lagreca and ...

ANSWER: Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and appears to assume facts which have not been established. Without waiving these objections, the appraisal for ... Quinn contracted to perform was an appraisal of the property ... of property in its current, existing ... evaluating collateral on a mortgage.

... and improvements they had intended ... ...bay or Lagreca and Quinn?

ANSWER: Objection. This interrogatory is not reasonably calculated to lead to the ... assumes facts which have not been ... that ... Quinn can only answer for its own ... that involves, affects or presumes

actions taken by Co-Defendant Interbay. Without waiving these objections, the appraisal for which Defendant Lagreca and Quinn contracted to perform was an appraisal of the present value of property in its current, existing condition rather than in a future, nonexistent condition.

REGER & RIZZO, LLP
As to Objections

_____
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Legreca & Quinn

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and, <br> SHIRLEY H. BROWN, h/w, <br>     Plaintiffs, <br> v. <br><br> INTERBAY FUNDING, LLC, and <br> LEGRECA & QUINN REAL ESTATE <br> SERVICES INC., <br><br>     Defendants. | C. A. 04-617 SLR <br><br> JURY DEMANDED |

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 11th day of January 2005 that two true and correct copies of the Defendant Lagreca & Quinn Real Estate Services, Inc. Answers to Plaintiffs Interrogatories have been served via first class mail, postage prepaid, upon the following:

Robert E. Brown and
Shirley H. Brown
1024 Walnut Street
Wilmington, DE 19801

Sandra L. Brickel, Esquire
David M. Souders, Esquire
Weiner Brodsky Sidman Kidder, P.C.
1300 19th Street, N.W. 5th Floor
Washington, DC 20036

David L. Finger, Esquire
One Commerce Center
1201 Orange Street
Suite 725
Wilmington, DE 19801-1155

REGER & RIZZO, LLP

_____
Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Defendant Lagreca & Quinn

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and,<br>SHIRLEY H. BROWN, h/w,<br>    Plaintiffs,<br>v.<br>INTERBAY FUNDING, LLC, and<br>LEGRECA & QUINN REAL ESTATE<br>SERVICES INC.,<br>    Defendants. | C. A. 04-617 SLR<br><br>JURY DEMANDED |

## AFFIDAVIT

STATE OF PA : 
                 : SS.
Montgomery COUNTY :

BE IT REMEMBERED, that on this 8 day of March, A.D., 2005, personally appeared before me, the Subscriber, a Notary Public for the State and County aforesaid, Robert Legreca, who did depose and say that he is a representative of the Defendant, Legreca & Quinn Real Estate Services, Inc. in the foregoing action and the Answers set forth in Defendant, Legreca & Quinn's Answers to Plaintiffs' Interrogatories and Answers to Plaintiffs' Supplemental Interrogatories are true and correct to the best of his knowledge, information and belief.

_____
Robert Legreca

SWORN TO AND SUBSCRIBED before me the day and year aforesaid.

_____
Notary Public

NOTARIAL SEAL
[illegible] CAMPBELL, Notary Public
[illegible] Montgomery County
[illegible] November 13, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and<br>SHIRLEY H. BROWN,<br><br>      Plaintiffs,<br><br>    v.<br><br>INTERBAY FUNDING, LLC and<br>LEGRECA & QUINN REAL ESTATE<br>SERVICES, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 04-617-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

O R D E R

At Wilmington this 21st day of March, 2005, having reviewed plaintiffs' motions to compel and defendants' responses thereto;

IT IS ORDERED that said motions (D.I. 61, 63, 70) are granted in part and denied in part, as follows:

1. The motions are denied with respect to defendant Interbay Funding, LLC, as I find this defendant's responses to plaintiffs' interrogatories to be appropriate and sufficient.

2. The motions are granted with respect to defendant Legreca & Quinn Real Estate Services, Inc. ("Legreca & Quinn"), who made no apparent attempt to respond in any substantive way to plaintiffs' interrogatories. Therefore, **on or before April 5, 2005,** defendant Legreca & Quinn shall respond in a substantive

fashion to interrogatories numbered 9, 10, 11, 12, 13, 14, 15, 17, 18, 22 and 23, all of which refer to the appraisal process. Even if the interrogatories are inartfully crafted, Legreca & Quinn is directed to treat such as contention interrogatories and must explain in response its appraisal analysis, keeping in mind the topic of each interrogatory.

 3. Defendants shall not take plaintiffs' depositions until the above discovery is submitted.

_____<br>United States District Judge