

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Robert E. Brown and | : |
| Shirley H. Brown h/w | : |
|     Plaintiffs | : |
|     v. | :   Civil Action No. 04- 617- SLR |
| | : |
| Interbay funding LLC, and | : |
| Legreca & Quinn Real Estate | : |
| Services Inc. | : |
|     Defendants | : |

**PLAINTIFFS' RESPONSE BRIEF TO INTERBAY FUNDINGS' AND LEGRECA AND QUINNS' OPENING BRIEF AND SUMMARY JUDGMENT**

Comes now, Robert E. and Shirley H Brown, Plaintiffs in the above captioned case and move this Honorable Court to award an order in favor of Plaintiffs' Response Brief against Defendants, Interbay Funding LLC, and Legreca and Quinn Real Estate Services Inc, for the following reasons:

## STANDARD OF REVIEW

Plaintiffs have proven (via Violations of USPAP and FIRREA), they have met all elements of Judge Sue L. Robinsons' order dated November 8th, 2004 ; (See Exhibit A) "Standard of Review" and are thereby entitled to Summary Judgment as a Matter of Law.

Plaintiffs will outline and identify all elements of Judge Sue L. Robinsons "A. Standard of Review " which specifies the requirements that must be met by the moving party. The requirements are (1) Pleadings, (2) Depositions, Answers to Interrogatories and (3) Admissions on file together with Affidavits found in the record. All of these elements support Plaintiffs' contention they should be granted Summary Judgment, as a Matter of Law:

1. [1]Plaintiffs' allegations, on the record, state Defendants, Interbay Funding, LLC and Leqreca & Quinn, conspired to defraud and work a fraud on Plaintiffs through misrepresentation by using a false, erroneous and defective Appraisal. **Appraisal Inst. V. Gallegher** (Appraiser knowingly, intentionally, and falsely represented himself as having the institute's SRA designation, which was an incontestable mark and inherently distinctive. Thus, an injunction was issued by the court). Andrew D. Meloy & C. v. Donnelly, The facts on the record show, through a concerted effort, Defendant's Interbay and Legreca & Quinn, agreed to have Robert C. Legreca, (SRA designate and General Residential Appraiser), (See Exhibits B& B1) perform a Complete Commercial Appraisal on the subject properties, 2617, 2619 and 2625 Market St., being purchased by Robert E. and Shirley H. Brown. (See Engagement letter; Exhibit C) In the process of the Complete Commercial Appraisal, Robert C. Legreca used a method of departure. This means Robert C. Legreca did not apply the three standard appraisal methods required by USPAP and FIERRA.

---

[1]**Andrew D. Meloy & C. v. Donnelly** 119 F. 456; 1902 U.S. App. ,1902

OVERVIEW: It was not reasonable to believe that a real estate appraiser acting honestly could appraise a property at three times its actual worth; thus, the appraiser's demurrer to charges that it conspired with others to defraud a corporation was overruled.

2. Depositions, Answers to multiple Interrogatories on file by Robert C. Legreca and answers to the explicit question of Interrogatory # 12, avers he, (Robert C. Legreca), does not know the value of lots 2617 and 2619 Market Street. Robert C. Legreca also admits in Interrogatory #13 that the Cost Approach was not applied in the valuation of lots 2617, 2619 or 2625 Market Street. (See Exhibit E)

3. The statements alleged in the above paragraphs are supported by the Affidavit of Robert C. Legreca, dated the 24th day of March, 2005. Robert C. Legreca has sworn to the truthfulness of the statements in this set of interrogatories and is on record as having done so. (See Exhibit E)

4. Plaintiffs, filed Affidavits which are a part of the record, (in the form of Complaints) with; the State of Delaware Department of Administrative Services (Division of Professional Regulations, Board of Appraisers, Complaint # 19-04-05), The Commonwealth of Pennsylvania Department of State and the Commonwealth of Pennsylvania Governor's Office of General Counsel Legal Office (Complaints Office file # 05-70-03385).(See Exhibit F)

**COMPLAINT FILED WITH THE STATE OF DELAWARE TO THE INCOMPETENCE OF ROBERT C. LEGRECA**

Defendant, Robert C Legreca, (SRA designate) of Legreca and Quinn Real Estate Services Inc, who holds a General Appraiser License (License No. X1-0000321; Exhibit B) in the State of Delaware, has violated Title 24 Chapter 29 REAL ESTATE

BROKERS, SALESPERSONS AND APPRAISERS Subchapter II. Regulation of Real Estate Appraisers §2938 (Disciplinary proceedings; reprimand; revocation of privileges).

Plaintiffs, Robert E. and Shirley H. Brown, allege Robert C. Legrecas' omissions involving dishonesty, fraud, conspiracy, and misrepresentation (at the urging of Interbay Funding LLCs' letter of engagement (page # 2, Exhibit C) encouraging him not to use the Cost Approach and (page # 3; Exhibit C) not to let the appraisal exceed the current purchase price), substantially injured Plaintiffs, Robert E. and Shirley H. Brown financially. These actions caused them to lose a substantial business opportunity. Defendants' actions constitutes violations of § 2938, (5) and (6), of; Disciplinary proceedings; reprimand; revocation of privileges.

Robert C. Legreca, (SRA designate), General Appraiser of residential properties was given and accepted the assignment of appraising the Commercial Properties Plaintiffs, Robert and Shirley H. Brown, contracted to purchase. (See Exhibit H) The assignment was given to Robert C. Legreca, (SRA designate), by Defendant, Interbay Funding LLC, to perform a complete Commercial Appraisal on the subject properties 2617, 2619 and 2625 Market Street. Robert C. Legreca, (SRA designate), and Interbay Funding LLC, conspired to develop an erroneous "Complete Commercial Appraisal". Interbay and Legreca and Quinn knew or should have known Robert C. Legreca, (SRA designate), was not a (SRPA or MIA) Commercial Appraiser. Interbay and Legeca and Quinn conspired and acted in bad faith, by assigning the Complete Commercial Appraisal to an appraiser who was not certified to perform Commercial Appraisals, failing to use the Cost Approach in developing the appraisal, and appraising only 1/3 of the subject properties, 2617, 2619 and 2625 Market Street. These acts constitute violations of §

2938, (2), (5), (6), (7), (8), and (9), Disciplinary proceedings; reprimand; revocation of privileges of . § 2938.

## STATE OF DELAWARE AND THE COMMONWEALTH OF PENNSYLVANIA REGULATORY AGENCIES OF USPAP, FIERRA AND TITLE 12 CFR 34.36 VIOLATIONS

Plaintiffs have filed specific violations of USPAP regulations. Plaintiffs allege (1) Defendants departed from Departure Rule SR 1.2(e) and Ethics Rule SR 1.2(f) when they failed to use the three standard methods of valuation; Income Approach, Cost Approach, and Comparable Approach in the valuation of lots 2617, 2619 Market Street and failed to use the Cost Approach in the valuation of 2625 Market Street. (2) Assigning Robert C. Legreca, an (SRA designate), General Residential Appraiser to perform a Complete Commercial Appraisal on the subject properties, 2617, 2619 and 2625 Market Street, which Robert E. and Shirley H. Brown had contracted to purchase. (3) The cumulative effect of all violations of .rules SR 1.4(a) and SR 2.2(a) or (b)(xi) go to the merit of the complaint which is the Competency rules and violations of USPAP and 12 CFR § 34.36.

## IMPEACHMENT.

Robert C. Legreca, (SRA designate), has impeached himself on at least three separate occasions which we will discuss under the heading "Facts of which there is no Dispute", and is found in the current record of litigation and Interrogatories of Robert C. Legreca by Robert E. and Shirley H. Brown..

## FACTS OF WHICH THERE IS NO DISPUTE

On March 3rd, 2005, Defendants were served a set of Interrogatories (consisting of 25 questions) which were to be answered.(See Exhibit F) Shortly thereafter, Defendants, Legreca and Quinn, were served Supplemental Interrogatories which they were Compelled to answer.(See Exhibit D; Judge Robinsons' Order of March 21st, 2005 and Exhibit E; Defendants' second set of interrogatories) Defendants gave their responses which were accompanied by a second sworn affidavit signed by Robert C. Legreca. The answers stated by Robert C. Legreca were "true and correct to the best of his knowledge, information and belief". (See attached Exhibits G; Affidavit of Robert C. Legreca, of March 3rd ,2005, and (2) Answers to the first set of Interrogatories sent to Legreca and Quinn Real Estate Services Inc)

Legreca and Quinns' first answers via Robert C. Legreca were so evasive and unresponsive in any substantive way to Plaintiffs' Interrogatories that Chief District Court Judge Sue L. Robinson, gave an "Order Compelling" them (Legreca and Quinn) to answer Plaintiffs Interrogatories in a Responsive and Substantive fashion. Judge Robinson specifically referred to Interrogatories 9, 10, 11, 12, 13, 14, 15, 17, 18, 22, and 23, all which refer to the appraisal process. (See attached, Exhibit D; Chief Judge Sue L. Robinsons, Order of March 21st, 2005 to Legreca and Quinn Real Estate Services Inc.)

On March 24th Defendant, Robert C. Legreca, submitted a second set of responses to Plaintiffs Interrogatories, which were more responsive and substantive. In his second response to Plaintiffs Interrogatories, Defendant, Robert C. Legreca, was asked;

Question (11) Why were parcels 2617 and 2619 Market Street with tax roll Assessment numbers, municipal services, public utilities, consisting of 5,090 sq. ft. and zoned commercial, nominated as "utilities" and not given a market value?

6

Answer; (In pertinent part); "parcels 2617 and 2619 Market street were only a portion of the subject property being appraised as one unit of commercial property. As such, these parcels were given a market value as part of the subject property which was given a market value of $140,000.00 under two separate and distinct appraisal approaches.

Question (12) What are the values of parcels/lots 2617 and 2619 as "utilities", market value?

Answer (In pertinent part); "Unknown".

In Robert C. Legrecas' second response to question (12) of Plaintiffs Interrogatories, he states (in pertinent part) "Defendant has not determined the separate market value of the parcels located at 2617 and 2619 Market Street segregated from the parcel located at 2625 Market Street. It is not a usual or customary method in the business of Real Estate Appraisal to appraise a single commercial property [composed of several tax parcels by appraising each parcel separately]".

On March 24th, 2005, Robert C. Legreca files another Affidavit also which he has sworn to be true and correct to the best of his knowledge, information and belief. (See attached Exhibit (4) Plaintiffs second set of Interrogatories. and (5) Affidavit of Robert C. Legreca, of March 24th, 2005.

### EXPERT TESTIMONY

Typically Expert Testimony is not a prerequisite for Summary Judgment although it would tend to support any reasonable contention to a parties' position for the application of Summary Judgment.

Plaintiffs, Robert E. and Shirley H. Brown, filed a complaint with the State of Delaware, Dept. of Administrative Services (Division of Professional Regulation). Chief Administrator (Mr. Sam Nickerson) is currently investigating the matter. Plaintiffs also filed a complaint with the Commonwealth of Pennsylvania Regulatory agency whose response was received on April 26th, 2005. Their response was "After careful review of your complaint, we found that we do not have jurisdiction over your complaint because

the property appraised is located in the State of Delaware and falls under the jurisdiction of the Delaware Council on Real Estate Appraisers. Accordingly, no action will be taken against Mr. Legreca at this time". (See Exhibit F) However, this does not preclude a subpoena or summoning of their professional testimony as witness (Delaware and Pennsylvania) for vital information in regards to the appraisal process as it relates to rules and regulations. This will meet provisions for any Expert Testimony that may be required. Based on the facts presented in the form of the prima facia evidence in the record, Depositions, answers to the Interrogatories, and Affidavits will support Plaintiffs' claims.

## CONCLUSION

These are the facts that will be proven; Question (11) Defendant refers to 2617 and 2619 Market Street as parcels and lots, not a "utility" of the subject property 2625 Market Street. If these parcels/lots 2617, 2619 and 2625 were all a part of the Appraisal of the subject properties Interbay Funding LLC had Robert C. Legreca appraise, as stated in the Answer to Interrogatory (10) of Exhibit (4) then; "What are the market values of the parcels/lots/utility?" If the value of the properties was known as stated, in question #11, why was it not known in question #12 ? According to industry standards of commercial appraisals, three methods should have applied to the valuation of the subject properties. Why were these three methods not utilized in the appraisal of 2617, 2619 and 2625 Market Sts.? Why was the "appraisal not to be seen by Plaintiffs" according to Defendants' (Legreca & Quinn) Opening Brief (statement #23) ?

We know theses facts to be correct and true representations of the impeachment by the Defendants' impropriety and lack of veracity via prima facie evidence.

## PRAYER

WE PRAY, this Honorable Court will grant us the relief requested based on the merits of our petition, and the preponderance of the evidence in the record.

*Robert E. Brown*
Robert E. Brown

*Shirley H. Brown*
Shirley H. Brown, h/w
1024 Walnut Street
Wilmington, DE. 19801
(302) 652-9959

IN THE UNITED STATES DISTRICT COUT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| Robert E. Brown and | : |
| Shirley H. Brown h/w | : |
|     Plaintiffs, | : |
| vi. | :   Civil Action No. 04- 617- SLR |
| | : |
| Interbay Funding LLC, and | : |
| Legreca & Quinn Real Estate | : |
| Services Inc. | : |
|     Defendants | : |

**CERTIFICATE OF SERVICE OF**
**PLAINTIFFS' RESPONSE BRIEF TO INTERBAY FUNDING, LLC AND**
**LEGRECA AND QUINNS' OPENING BRIEF AND SUMMARY JUDGMENT**
**MOTION**

This is to certify that on this _____ day of May, 2005 copies of Plaintiffs Response Brief To Interbay Funding, LLC and Legreca and Quinns' Opening Brief and Summary Judgment Motion, was served by mail and hand delivered on the following Attorney's listed below:

David Souders
Sandra Brickel
1300 19th Street N.W
5th Floor
Washington, D.C. 20036-1609
(202) 628-2000
Attorney's for Interbay

David Finger, Esq.
Commerce Center
1200 Orange Street
Wilmington, DE 18701
Attorney for Interbay.

Carol J. Antoff, Esquire
Delaware State Bar I.D. No. 3601
1001 Jefferson Plaza, Suite 202
Wilmington, DE 19801
(302) 652-3611
Attorney for Legreca & Quinn

*Robert E Brown*
Robert E. Brown, Pro Se.

*Shirley Brown*
Shirley H. Brown, h/w
1024 Walnut Street
Wilmington, DE. 19801
(302) 652-9959