IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT E. BROWN and<br>SHIRLEY H. BROWN,<br><br>      Plaintiffs,<br><br>  v.<br><br>INTERBAY FUNDING, LLC, and<br>LAGRECA & QUINN REAL ESTATE<br>SERVICES, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>) Civ. No. 04-617-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

O R D E R

At Wilmington this 11th day of May, 2005, having considered plaintiffs' motions and the papers submitted in connection therewith;

IT IS ORDERED that, for the reasons that follow, plaintiffs' motion for default judgment (D.I. 38) is denied, plaintiffs' motion for reconsideration (D.I. 37) is denied, and plaintiffs' motion to amend (D.I. 37) is denied unless timely and correctly supplemented:

    1.    Plaintiffs filed their complaint on June 28, 2004. (D.I. 1) On July 19, 2004, defendant Interbay filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (D.I. 8) Pursuant to Fed. R. Civ. P. 12(a)(4)(A), defendant Interbay did not have to answer plaintiffs' complaint until 10 days after the court had ruled on its motion to dismiss. This court ruled on defendant

Interbay's motion to dismiss on November 8, 2004, and defendant Interbay answered plaintiffs' complaint ten days thereafter. (D.I. 33, 36) Thus, defendant Interbay has not failed to defend against plaintiffs' allegations and default judgment is not appropriate.

2.   The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when summary judgment was granted; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id.

3.   Plaintiffs have not demonstrated any of the aforementioned grounds to warrant a reconsideration of the court's November 8, 2004 order, as they have failed to demonstrate that defendants misrepresented anything to this court. **No more motions for reconsideration of this issue shall be filed by the parties.**

4.   Local Rule 15.1 requires that a party moving to amend a pleading attach the pleading as amended to the motion to amend. It also requires that the amended pleading indicate in what respect the amended version differs from the original version by

2

bracketing materials to be deleted and underlining materials to be added.

5. Plaintiffs' motion to amend does not comply with Local Rule 15.1. **On or before May 25, 2005**, plaintiffs shall file and serve their amended complaint and a version of the amended complaint indicating how it differs from the original complaint, in compliance with Local Rule 15.1. Failure to comply with this deadline will result in the motion to amend being denied. **On or before June 8, 2005**, defendants may file any responses to plaintiffs' motion to amend.

_____
United States District Judge