<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1177

ROBERT E. BROWN;
SHIRLEY H. BROWN,
h/w
Appellants
v.

INTERBAY FUNDING LLC;
LEGRECA & QUINN REAL ESTATE
SERVICES INC.

On appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 04-cv-00617)
District Judge: Honorable Sue L. Robinson

Submitted Under Third Circuit LAR 34.1(a)
August 17, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: August 18, 2006)

OPINION

PER CURIAM

     Appellants Robert and Shirley Brown ("the Browns") filed this suit <u>pro se</u> in the

United States District Court for the District of Delaware, asserting negligence, fraud, and

discrimination claims against Appellees, Interbay Funding LLC ("Interbay") and Lagreca and Quinn Real Estate Services, Inc. ("Lagreca"), in connection with the approval process for a mortgage loan.  Intending to expand their deli business, the Browns contracted to buy three parcels of property located at 2617, 2619, and 2625 Market Street in Wilmington, Delaware for $128,000.  Two parcels were paved parking lots and the third contained a two-story commercial building.  After abandoning their initial efforts to obtain financing elsewhere, the Browns applied for a loan from Interbay, a mortgage lender.  At that time, the Browns anticipated that the appraised value of the property would be approximately $200,000, making them eligible for 80% financing of the purchase price with a 20% down payment.[1]

Interbay approved the Browns' loan application subject to an appraisal, which it then hired Lagreca to perform.  Lagreca appraised the property at $140,000.  Based on this figure, Interbay notified the Browns that it would only be able to finance 65% of the purchase price and that the down payment would be 35%.  The Browns rejected this financing offer, and subsequent attempts to save the deal with Interbay proved unsuccessful.  The Browns then filed this suit in the District Court, alleging that Lagreca and Interbay discriminated against them on the basis of their race (African-American) by producing and relying on a flawed appraisal which altered the financing terms.  After discovery concluded, the parties filed cross-motions for summary judgment.  In an order

---

[1] The Browns' expectations were apparently based on an appraisal they had obtained prior to Interbay and Lagreca's involvement.

entered January 11, 2006, the District Court granted summary judgment to Interbay and Lagreca. The Browns timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The Browns argue that they were entitled to default judgment against Interbay, because Interbay did not answer the complaint within 20 days after service of the summons and complaint as required by Federal Rule of Civil Procedure 12(a)(1)(A). The Browns further contend that the District Court abused its discretion by ignoring evidence of Interbay's late answer, failing to rule on the motion for default judgment, and allowing Interbay to substitute a motion to dismiss for an answer. We observe at the outset that the District Court ruled on the motion for a default judgment, denying it on May 11, 2005. See Dkt. # 95. We review that denial for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). While the Browns correctly note that Rule 7(a) requires both a complaint and an answer, they overlook that the time period for filing an answer is altered when a defendant files a motion under Rule 12. See Fed. R. Civ. P. 12(a)(4). On July 19, 2004, exactly 20 days after service of the summons and complaint, Interbay timely filed a motion to dismiss pursuant to Rule 12(b)(6). See Dkt. # 8. Interbay's motion was not a "substitute" for an answer. Rather, the motion merely extended Interbay's time to file an answer until ten days after receiving notice of the District Court's action on its motion. See Fed. R. Civ. P. 12(a)(4)(A). The District Court disposed of the motion to dismiss on November 8, 2004. See Dkt. # 33. Interbay filed its

answer on November 22, 2004, in compliance with Rule 12(a)(4)(A).[2] See Dkt. # 36. As its answer was timely filed, Interbay did not "fail to plead or otherwise defend as provided by [the] rules." See Fed. R. Civ. P. 55(a). Thus, the District Court did not abuse its discretion by denying the Browns' motion for default judgment. The Browns' related arguments that the alleged abuse of discretion deprived the District Court of jurisdiction and violated the Browns' constitutional rights are unsupported and unpersuasive. Similarly, the Browns were not prejudiced by Lagreca's initial failure to respond adequately to their interrogatories. Indeed, the Browns acknowledge that the District Court remedied this problem by ordering Lagreca to provide substantive and meaningful responses. In light of Lagreca's prompt compliance with that order, the Browns have failed to demonstrate any prejudice.

Finally, the Browns repeat their contentions that the appraisal was flawed because it only accounted for one parcel rather than all three. In support of this argument, the Browns assert that Lagreca "impeached" itself in its interrogatory responses when it claimed to have included the two paved lots in the appraisal, yet asserted that the value of the lots themselves was unknown. The District Court addressed these allegations in connection with the Browns' negligence and fraud claims against Lagreca. We agree with the District Court that the negligence claim fails, because the Browns did not introduce any expert testimony to establish the standard of care owed to them by Lagreca. See Travelers Indem. Co. v. Ewing, Cole, Erdman & Eubank, 711 F.2d 14, 17 (3d Cir.

---

[2]Weekend days and legal holidays are excluded from the computation of any time period of less than 11 days. See Fed. R. Civ. P. 6(a).

1983); Seiler v. Levitz Furniture Co. of Eastern Region, Inc., 367 A.2d 999, 1008 (Del. 1976). The record evidence likewise does not support a fraud claim. Although the Browns obviously disagree with Lagreca's appraisal method, they have not presented any evidence tending to show that the appraisal constituted a knowingly false statement on Lagreca's part. See Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1074 (Del. 1983). Neither can the Browns show that Lagreca intended to use the appraisal to induce them to act or that they "justifiably relied" on the appraisal, as Lagreca prepared the appraisal solely for Interbay's use. See id.

As the Browns do not discuss, or even refer to, their discrimination claims in their brief, we consider those issues to be waived.[3] See Fed. R. App. P. 28(a)(2); Brown v. Sielaff, 474 F.2d 826, 828 (3d Cir. 1973) (issues not raised in a brief on appeal cannot be noticed by the court). The District Court's judgment is affirmed. The Browns' motion to strike Appellees' briefs is denied. To the extent Lagreca's motion for leave to file a supplemental appendix is construed as a request to attach the order appealed from, it is granted. To the extent that the motion is construed as a request to expand the record on appeal to include documentation related to Robert Lagreca's qualifications as an appraiser, it is denied. We note that, given the basis for our disposition, this

---

[3] We note that this omission appears to be intentional rather than inadvertent. In their motion to strike Appellees' response briefs, the Browns strenuously argue that Appellees' briefs did not address the issues raised in the opening brief, which concerned only jurisdiction, default judgment, Lagreca's self-impeachment, and "numerous statutory and constitutional issues." In light of this emphatic statement, we decline to read the Browns' opening brief as raising any additional issues. Moreover, had the Browns challenged the disposition of the discrimination claims, we would have affirmed the District Court's judgment as to those claims.

documentation would have had no impact on our disposition even had this motion been granted.